KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
Richard L. Wynne (RW 5630)
Bennett L. Spiegel (BS 7153)

-and-

777 South Figueroa Street
Los Angeles, California  90017
Telephone:     (213) 680-8400
Facsimile:      (213) 680-8500
Melissa D. Ingalls (*admitted pro hac vice*)
Erin Brady (*pro hac vice motion pending*)
Laura A. Thomas (*admitted pro hac vice*)

Attorneys for The Non-Agent Lenders

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADELPHIA RECOVERY TRUST,<br><br>                    Plaintiff,<br><br>          v.<br><br>BANK OF AMERICA, N.A., *et al*.,<br><br>                    Defendants. | No. 05-CV-9050 (LMM) |

**REQUEST FOR JUDICIAL NOTICE AND JOINT APPENDIX OF EXHIBITS
IN SUPPORT OF THE NON-AGENT LENDERS' MOTIONS TO DISMISS
THE AMENDED COMPLAINT**

In considering a motion to dismiss, a "court may take judicial notice of court documents[.]"  *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 n.6 (2d Cir. 2006) (citation omitted).  Indeed, courts routinely take judicial notice of bankruptcy court dockets, and pleadings filed therein, including plans of reorganization.  *See*, *e.g*., *Esoimeme v. United Airlines, Inc.*, 369 B.R. 531, 533 n.2 (N.D. Cal. 2007) (taking judicial notice of the bankruptcy petition and various bankruptcy court orders); *Colotone Liquidating Trust v. Bankers Trust N.Y. Corp.*, 243 B.R. 620, 622 n.2 (S.D.N.Y. 2000) (taking judicial notice of the confirmation order, plan of reorganization and the related trust instrument); *Rosenberg v. XO Commc'ns, Inc.* (*In re XO Commc'ns, Inc.*), 330 B.R. 394, 418 (Bankr. S.D.N.Y. 2005) (taking judicial notice of the

12299921_6.DOC

debtor's disclosure statement); *In re Forte*, 234 B.R. 607, 613 n.11 (Bankr. E.D.N.Y. 1999) (taking judicial notice of the schedules to determine who owned the relevant property); *Corporate Food Mgt., Inc. v. Suffolk Cmty. College (In re Corporate Food Mgt., Inc.)*, 223 B.R. 635, 646 (Bankr. E.D.N.Y. 1998) (taking judicial notice of the Debtor's bankruptcy schedules and concluding therefrom that the unsecured creditors "would have received less than a one hundred percent distribution at the time the Debtor converted the involuntary Chapter 7 bankruptcy proceeding to a case under Chapter 11"); *Buttes Gas & Oil Co. v. Cal. Reg'l Water Quality Control Bd. (In re Buttes Gas & Oil, Co.)*, 182 B.R. 493, 494 (Bankr. S.D. Tex. 1994) (taking judicial notice of the docket sheet and Bankruptcy Court file, and concluding therefrom that all of the debtor's creditors are being paid pursuant to the plan).

This Court may also take judicial notice of the contents of any document attached to the complaint or incorporated into the complaint by reference, the contents of any relevant public disclosure documents required to be filed with the SEC, and the contents of any other documents that are integral to a plaintiff's complaint (so long as a plaintiff has undisputed notice of their contents). *See*, *e.g.*, *Adelphia Commc'ns Corp. v. Bank of Am., N.A. (In re Adelphia Commc'ns Corp.)*, 365 B.R. 24, 34 (Bankr. S.D.N.Y. 2007) (taking judicial notice of documents incorporated in the complaint by reference); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of the contents of SEC filings); *Cortec Indus., Inc. v. Sum Holdings, L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992) (taking judicial notice of documents where "there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim").

Accordingly, the Non-Agent Lenders respectfully ask this Court to take judicial notice of the following documents, which are included as exhibits to the Joint Appendix attached to this Request, for purposes of assessing the Non-Agent Lenders' motions to dismiss Plaintiffs' Amended Complaint:

1. <u>Exhibit 1</u> attached hereto is a true and correct copy of the CCH Credit Agreement, dated as of April 14, 2000, which is referenced in Plaintiffs' Amended Complaint.

2. <u>Exhibit 2</u> attached hereto is a true and correct copy of the Century-TCI Credit Agreement, dated as of December 3, 1999, which is referenced in Plaintiffs' Amended Complaint.

3. <u>Exhibit 3</u> attached hereto is a true and correct copy of the FrontierVision Credit Agreement, dated as of December 19, 1997, and the subsequent three Amendments to that agreement, which are referenced in Plaintiffs' Amended Complaint.

4. <u>Exhibit 4</u> attached hereto is a true and correct copy of the Olympus Credit Agreement, dated as of September 28, 2001, which is referenced in Plaintiffs' Amended Complaint.

5. <u>Exhibit 5</u> attached hereto is a true and correct copy of the Parnassos Credit Agreement, dated as of December 30, 1998, which is referenced in Plaintiffs' Amended Complaint.

6. <u>Exhibit 6</u> attached hereto is a true and correct copy of the UCA/HHC Credit Agreement, dated as of May 6, 1999, which is referenced in Plaintiffs' Amended Complaint.

7. <u>Exhibit 7</u> attached hereto is a true and correct copy of the Bankruptcy Court's Order authorizing joint administration of the Debtors'[1] bankruptcy cases, entered in the Bankruptcy Case on February 26, 2002.

8. <u>Exhibit 8</u> attached hereto is a true and correct copy of the Second Disclosure Statement Supplement Relating to Fifth Amended Joint Chapter 11 Plan for Adelphia Communications Corporation and Certain Affiliated Debtors, which the Bankruptcy Court approved by Order dated October 17, 2006.

---

[1] "Debtors," as referred to herein, are the individual debtors whose bankruptcy cases are jointly administered in *In re Adelphia Commc'ns, Corp.*, Case No. 02-41729 (Bankr. S.D.N.Y.) (Gerber, J.) (the "Bankruptcy Case").

9. Exhibit 9 attached hereto is a true and correct copy of the Order confirming the Debtors' First Modified Fifth Amended Joint Chapter 11 Plan, as entered in the Bankruptcy Case on January 5, 2007.

10. Exhibit 10 attached hereto is a true and correct copy of the Debtors' First Modified Fifth Amended Joint Chapter 11 Plan, as confirmed by the Bankruptcy Court's January 5, 2007 Order in the Bankruptcy Case.  The Debtors did not file a clean, conformed copy of the First Modified Fifth Amended Joint Chapter 11 Plan, so the documents and blackline documents attached hereto constitute, together, what is understood to be the final Plan.

11. Exhibit 11 attached hereto is a true and correct copy of Adelphia Communications Corporation's Corporate Organizational Chart, which was referenced and made publicly available through Adelphia Communication Corporation's August 21, 2002 8K filing with the Securities and Exchange Commission.

12. Exhibit 12 attached hereto is a true and correct copy of the *Third Post-Confirmation Status Report*, which Adelphia Communications Corporation filed in the Bankruptcy Case on October 15, 2007.

13. Exhibit 13 attached hereto is a true and correct copy of the CCH Confidential Information Memorandum, dated March 2000, which is referenced in Plaintiffs' Amended Complaint.

14. Exhibit 14 attached hereto is a true and correct copy of the Adelphia Official Committee of Unsecured Creditors and Debtors' Joint Motion to Estimate Certain Bank Indemnifications Claims, filed in the Bankruptcy Case on November 21, 2006 (exhibits omitted).

15. Exhibit 15 attached hereto is a true and correct copy of the CCH Term Sheet, which is referenced in Plaintiffs' Amended Complaint.

16. Exhibit 16 attached hereto is a true and correct copy of the Olympus Term Sheet, which is referenced in Plaintiffs' Amended Complaint.

17.     <u>Exhibit 17</u> attached hereto is a true and correct copy of the *Joint Appellants' Brief of Certain Lenders*, filed in this case on September 28, 2007.

18.     <u>Exhibit 18</u> attached hereto is a true and correct copy of the *Joint Reply Brief of Certain Lender Appellants*, filed in this case on November 11, 2007.

19.     <u>Exhibit 19</u> attached hereto is a true and correct copy of the Stipulation and Order establishing an initial briefing schedule, entered in the Bankruptcy Case on July 29, 2003.

20.     <u>Exhibit 20</u> attached hereto is a true and correct copy of the UCA/HHC Term Sheet, which is referenced in Plaintiffs' Amended Complaint.

21.     <u>Exhibit 21</u> attached hereto is a true and correct copy of the Third Modified Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Century-TCI Debtors and Parnassos Debtors, As Confirmed, filed in the Bankruptcy Case on June 29, 2006.

Also, attached as exhibits to the Joint Appendix are two documents for which this Court need not take judicial notice:

22.     <u>Exhibit 22</u> attached hereto is a true and correct list of the defendants Kirkland & Ellis LLP represents in this lawsuit.

23.     <u>Exhibit 23</u> attached hereto is a true and correct list of the Adelphia entities who were authorized borrowers under the various credit agreements as compiled from the respective credit agreements themselves.

Dated: December 21, 2007

           <u>   /s/ Richard L. Wynne   </u>
           KIRKLAND & ELLIS LLP
           Citigroup Center
           153 East 53rd Street
           New York, New York 10022-4675
           Richard L. Wynne (RW 5630)

           -and-

           777 South Figueroa Street
           Los Angeles, California  90017
           Telephone: (213) 680-8400
           Facsimile: (213) 680-8500
           Melissa D. Ingalls (*admitted pro hac vice*)
           Erin Brady (*pro hac vice motion pending*)
           Laura Thomas (*admitted pro hac vice*)

           Attorneys for The Non-Agent Lenders