Peter Feldman (PF-3271)
Anthony M. Piccione (AP-2195)
John Bougiamas (JB-7292)
OTTERBOURG, STEINDLER, HOUSTON
 & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100

Attorneys for Defendant Bank of Tokyo-Mitsubishi Trust Company

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X
:
ADELPHIA RECOVERY TRUST.,                :
:
              Plaintiff,      :    No. 05 CV 9050 (LMM)
:
              v.         :
:
BANK OF AMERICA, N.A., et al.,           :
:
              Defendants.     :
:
-----------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF MOTION AND JOINDER
OF DEFENDANT BANK OF TOKYO-MITSUBISHI TRUST
<u>COMPANY TO DISMISS THE AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................1

FACTUAL BACKGROUND......................................................................................................3

    A. The Filing of the Original and Amended Complaints .....................................................3

    B. The Claims Asserted Against BTMT in the Amended Complaint...................................4

ARGUMENT .................................................................................................................................5

    I. THE AVOIDANCE CLAIMS IN THE AMENDED COMPLAINT
       SHOULD BE DISMISSED AS TIME-BARRED .......................................................5

       A. A Two-Year Statute of limitations Applies to the Avoidance Claims.......................5

       B. The Time Period Provided by Section 546(a) Trumps Any
          State Law Statute of limitations..............................................................................7

    II. THE SUBORDINATION AND DECLARATORY JUDGMENT CLAIMS
        ARE LEGALLY INSUFFICIENT .................................................................................9

       A. The Subordination Claim..........................................................................................9

       B. The Declaratory Judgment Claim .............................................................................9

    III. THE CLAIMS SHOULD BE DISMISSED AS SET FORTH IN THE
         NON-AGENT LENDERS' AND NOMINAL AGENTS' MOTION..........................11

CONCLUSION............................................................................................................................12

## TABLE OF AUTHORITIES

Page

Cases

Adelphia Communications Corp. v. Bank of America, N.A., 365 B.R. 24
 (Bankr. S.D.N.Y. 2007) ...................................................................................... 3, 10

Compton v. Swanson, 2003 U.S. App. LEXIS 813 (9th Cir. 2003) ............................ 7

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991),
 cert. denied, Cortec Indus. Inc. v. Westinghouse Credit Corp.,
 503 U.S. 960 (1992) ................................................................................................. 3

D'Angelo-Fenton v. Town of Carmel Police Dep't,
 470 F.Supp.2d 387, 393 n. 5 (S.D.N.Y. 2007) ......................................................... 3

Fragoso v. Romano, 702 N.Y.S.2d 333 (App. Div. 2d Dep't 2000) ......................... 10

Global Crossing Estate Representative v. Winnick, 2006 U.S. Dist. LEXIS
 53785 (S.D.N.Y. 2006) ......................................................................................... 6, 8

In re American Pad & Paper Co., 478 F.3d 546 (3d Cir. 2007) ................................. 7

In re Bradlees Stores, Inc., 209 B.R. 36 (Bankr. S.D.N.Y. 1997) ............................... 7

In re Century Brass Prods., Inc.,
 22 F.3d 37 (2d Cir. 1994) ......................................................................................... 6

In re DeLaurentiis Entertainment Group, Inc., 87 F.3d 1061 (9th Cir. 1996) ............ 6

In re Everfresh Beverages, 238 B.R. 558 (Bankr. S.D.N.Y. 1999) .......................... 6, 8

In re Martin, 142 B.R. 260 (Bankr. N.D. Ill. 1992) .................................................... 7

In re Mediators, 105 F.3d 822 (2d Cir. 1997) ......................................................... 6-7

In re Princeton-New York Investors, Inc., 219 B.R. 55 (D. N.J. 1998) ...................... 8

In re Spatz, 222 B.R. 157 (N.D. Ill. 1998) .................................................................. 8

Jenkins v. Virgin Atl. Airways, Ltd., 46 F. Supp. 2d 271 (S.D.N.Y. 1999) ................ 3

Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000) ......................................................... 3

Sears Petroleum & Transport Corp. v. Burgess Construction Services, Inc.,
 417 F. Supp. 2d 212 (D. Mass. 2006) ....................................................................... 7

Case 1:05-cv-09050-LMM-RLE   Document 457   Filed 01/25/08   Page 4 of 16

Securities Investor Protection Corp. v. Stratton Oakmont, Inc., 234 B.R. 293
    (Bankr. S.D.N.Y. 1999) ..................................................................................................... 3

Starzynski v. Sequoia Forest Indus., 72 F.3d 816 (10th Cir. 1995) ..................................... 6

## Statutes and Rules

11 U.S.C. § 301 ..................................................................................................................... 6

11 U.S.C. § 544 ............................................................................................... 2, 4, 6, 7, 8, 10

11 U.S.C. § 546 ............................................................................................................ passim

11 U.S.C. § 547 ................................................................................................................ 4, 7

11 U.S.C. § 548 ....................................................................................................... 2, 4, 7, 10

28 U.S.C. § 2201 ................................................................................................................ 10

Fed. R. Evid. 201 ................................................................................................................. 3

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 1

## Treatises

5 Collier on Bankruptcy ¶ 546.02 (15th ed. Rev. 2007) ................................................. 6, 8

Defendant Bank of Tokyo-Mitsubishi Trust Company ("BTMT"),[1] submits this Memorandum of Law in support of BTMT's motion (the "Motion"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), to dismiss, in its entirety and with prejudice, as against BTMT, the amended complaint (the "Amended Complaint") filed in the above-captioned action (the "Action") on October 31, 2007, by the Adelphia Recovery Trust ("ART"), successor-in-interest to the Official Committee of Unsecured Creditors of Adelphia (the "Creditors' Committee" and together with ART, the "Plaintiff") of Adelphia Communications Corporation ("ACC") and its affiliated debtors (together with ACC, "Adelphia" or the "Debtors"),[2] and to join in certain other motions to dismiss pending before the Court. In further support of its Motion to Dismiss, BTMT respectfully states as follows:

## PRELIMINARY STATEMENT

The claims against BTMT in the Amended Complaint are time-barred and cannot otherwise withstand scrutiny. BTMT was not a defendant in the Original Complaint filed by the Creditors' Committee, the predecessor-in-interest to ART, on July 6, 2003 (the "Original Complaint"). BTMT was only added as a defendant recently, in the Amended Complaint, which was filed on October 31, 2007, more than five (5) years after the Debtors filed their voluntary petitions for relief on June 10, 2002 and June 25, 2002 (collectively, the "Petition Date") under Chapter 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). Bankruptcy Code § 546(a)(1)(A) requires that "avoidance" claims, such as those asserted against

---

[1]   Bank of Tokyo-Mitsubishi Trust Company is now known as Bank of Tokyo-Mitsubishi UFJ Trust Company.

[2]   This Action was initially brought by the Creditors' Committee as an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). By Decision dated August 30, 2005 (Adversary Proceeding Docket No. 326), the Bankruptcy Court (Gerber, B.J.) authorized the Creditors' Committee to pursue this Action on behalf of the Debtors' estate. Pursuant to the Order Confirming First Modified Fifth Amended Joint Chapter 11 Plan for the Debtors dated January 5, 2007 (the "Confirmation Order"), title to this action was transferred to ART. (Bankruptcy Court Docket No. 12952).

BTMT in the Amended Complaint under Bankruptcy Code §§ 544, 547 and 548, be commenced within two (2) years of the Petition Date, or in this instance no later than June 25, 2004. As such, Section 546(a) now bars ART's pursuit of these claims against BTMT. Dismissal of the avoidance claims also renders the remaining claims against BTMT for equitable and declaratory relief moot because these claims are predicated upon the success of the Avoidance Claims. Thus, the Amended Complaint should be dismissed with prejudice in its entirety as against BTMT.

In addition to the statute of limitations, other grounds exist for dismissal with prejudice of the Amended Complaint against BTMT. The claims against BTMT suffer from the same legal infirmities as the claims asserted by the Plaintiff against hundreds of other Defendants in this Action and should be dismissed in their entirety for all the same reasons set forth in the Non-Agent Lenders' Motions to Dismiss Plaintiffs' Amended Complaint dated December 21, 2007 (the "Non-Agent Lenders' Motion to Dismiss")[3] and the Joint Motion of Various Lenders[4] to Dismiss the Avoidance and Subordination Claims dated December 21, 2007 (Docket No. 201) (the "Nominal Agents' Bankruptcy Claims Motion" and together with the Non-Agent Lenders' Motion to Dismiss, the "Lenders' Motions to Dismiss").

BTMT hereby joins in the Lenders' Motions to Dismiss and incorporates herein by reference the grounds for dismissal set forth therein, including the arguments raised in each of the Memoranda of Law filed by the Non-Agent Lenders in Support of their Motions to Dismiss,

---

[3]   The Non-Agent Lenders are a group of approximately 400 entities across all six credit facilities identified by Plaintiff in the Amended Complaint as either a "Syndicate Lender" or "Assignee." The Non-Agent Lenders' Motion to Dismiss is based upon six supporting Memoranda of Law, organized by the six credit facilities identified in the Amended Complaint, filed concurrently with the Non-Agent Lenders' Motion to Dismiss and which set forth in detail the bases for dismissing the Amended Complaint. (See Docket Nos. 177-82). The Amended Complaint alleges that BTMT was involved in the CCH Co-Borrowing Credit Facility and the UCA/HHC Co-Borrowing Credit Facility. However, due to potential pleading issues in the Amended Complaint (see footnote 7, infra) and ART's use of "John Doe" Defendants, in an abundance of caution, BTMT is joining in all six motions, and incorporates the arguments in each of the supporting memoranda of law.

[4]   The "Various Lenders" are lenders who refer to themselves as "Nominal Agents."

2

and the Memorandum of Law in Support of Joint Motion of Various Lenders to Dismiss the Avoidance and Subordination Claims dated December 21, 2007 (Docket No. 216). In addition, BTMT also incorporates herein by reference the documentary proof annexed to (i) the Joint Appendix of Exhibits filed in Support of the Non-Agent Lenders' Motion to Dismiss (the "Joint Appendix") (Docket No. 175); and (ii) the Declaration of Phil Anker dated December 21, 2007 in Support of the Nominal Agents' Bankruptcy Claims Motion. (Docket Nos. 222, 224).[5]

## FACTUAL BACKGROUND

The history of this litigation has been described exhaustively by various other parties, including the Non-Agent Lenders and Nominal Agents in the Lenders' Motions to Dismiss, which are incorporated herein. BTMT, therefore, will not repeat that background information here. Instead, the following will set forth the facts relevant to the additional grounds for dismissal that specifically pertain to BTMT.

### A.  The Filing of the Original and Amended Complaints

On July 6, 2003, ART's predecessor, the Creditors' Committee, filed the original complaint in this action (the "Original Complaint"). As a review thereof makes abundantly clear, BTMT was not named as a Defendant in the Original Complaint. (Adversary Proceeding Docket No. 1) Over four years later, on October 31, 2007, ART filed the Amended Complaint which added BTMT as a defendant. By Stipulation between ART and BTMT, and so ordered by

---

[5]  On a Rule 12(b)(6) motion, this Court may consider documents: "(1) that have been incorporated by reference in the complaint; (2) of which judicial notice may be taken; or (3) of which plaintiff had knowledge of and relied upon in bringing the lawsuit." Jenkins v. Virgin Atl. Airways, Ltd., 46 F. Supp. 2d 271, 275 (S.D.N.Y. 1999) (internal citations omitted). See Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); Adelphia Communications Corp. v. Bank of America, N.A., 365 B.R. 24, 34 (Bankr. S.D.N.Y. 2007) (taking judicial notice of documents incorporated in the complaint by reference); Securities Investor Protection Corp. v. Stratton Oakmont, Inc., 234 B.R. 293, 309 (Bankr. S.D.N.Y. 1999). Public disclosure documents required by law to be, and that have been, filed with public agencies such as the Securities and Exchange Commission are among those documents of which judicial notice may be taken. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991), cert. denied, Cortec Indus. Inc. v. Westinghouse Credit Corp., 503 U.S. 960 (1992). Additional matters as to which judicial notice may be taken include documents "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" pursuant to Rule 201(b)(2) of the Federal Rules of Evidence. See D'Angelo-Fenton v. Town of Carmel Police Dep't, 470 F.Supp.2d 387, 393 n. 5 (S.D.N.Y. 2007).

this Court on December 20, 2007 (Docket No. 321) (the "December 2007 Stipulation"), BTMT, through counsel, accepted service of the Amended Complaint without prejudice to any of its defenses.

**B.     The Claims Asserted Against BTMT in the Amended Complaint**

In the Amended Complaint, ART sues BTMT as an "Assignee"[6] under two of the Co-Borrowing Facilities identified in the Amended Complaint: the UCA/HHC and CCH Co-Borrowing Facilities (collectively, the "Facilities").[7]

Based on its alleged status as an Assignee in the Facilities, the Amended Complaint asserts ten (10) claims against BTMT under Sections 544, 547 and 548 of the Bankruptcy Code, 11 U.S.C. §§ 544, 547 and 548 (the "Avoidance Claims"). BTMT is alleged to have been a recipient of (a) intentional fraudulent transfers with regard to the UCA/HHC Co-Borrowing Facility (Claims 1 and 3) and the CCH Co-Borrowing Facility (Claims 5 and 7); (b) constructive fraudulent transfers with regard to the UCA/HHC Co-Borrowing Facility (Claims 2 and 4) and the CCH Co-Borrowing Facility (Claims 6 and 8); and (c) preferential payments with respect to the CCH Co-Borrowing Credit Facility (Claim 50) and the UCA/HHC Co-Borrowing Facility (Claim 52).

ART also asserted several claims for equitable relief against BTMT arising from its alleged participation in the Facilities: (a) declaratory judgment with respect to the CCH Co-Borrowing Credit Facility (Claim 41) (the "Declaratory Judgment Claim"); and (b) equitable

---

[6]    Except as otherwise noted, capitalized terms herein have the meanings as ascribed to them in the Amended Complaint.

[7]    BTMT was an Assignee under the CCH Co-Borrowing Credit Facility. However, BTMT is not aware of any assignments to it of any debt or commitment in the UCA/HHC Co-Borrowing Facility. As is established by a review of the UCA/HHC Credit Agreement described in the Amended Complaint (at ¶ 841), BTMT was an original lender and "Syndicate Bank" in the UCA/HHC Co-Borrowing Facility. (UCA/HHC Credit Agreement, Joint Appendix at Ex. "6"). The claims against BTMT would be invalid regardless of whether or not the Amended Complaint is correct on this point. As such, this issue does not affect BTMT's right to have the Amended Complaint dismissed as to all of the claims asserted against it therein.

4

disallowance or subordination under all credit facilities (Claim 33) (the "Subordination Claim" and together with the Declaratory Judgment Claim and the Avoidance Claims, the "Claims").

As discussed below and in the Lenders' Motions to Dismiss, none of the Claims asserted against BTMT has any merit and the Amended Complaint should be dismissed.

## ARGUMENT

### I.

### THE AVOIDANCE CLAIMS IN THE AMENDED COMPLAINT SHOULD BE DISMISSED AS TIME-BARRED

The Avoidance Claims in the Amended Complaint as against BTMT should be dismissed with prejudice because all such claims are time barred. The Petition Date occurred in June 2002. The Amended Complaint was filed on October 31, 2007, more than five (5) years after the Petition Date. Section 546(a)(i)(A) of the Bankruptcy Code now bars the assertion of all of the Avoidance Claims as against BTMT.

**A.** **A Two-Year Statute of limitations Applies to the Avoidance Claims**

Under Section 546(a) of the Bankruptcy Code, the Avoidance Claims were required to be brought within two (2) years of the Petition Date:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> the later of—
>
> 2 years after the entry of the order for relief; or
>
> 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
> the time the case is closed or dismissed.

11 U.S.C. § 546(a)(i)(A).

5

In a voluntary case under Chapter 11 of the Bankruptcy Code, the date of "entry of the order for relief" as used in Section 546(a) is the date the petition is filed. 11 U.S.C. § 301(b). ACC and its affiliated Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on June 10, 2002, and June 25, 2002, respectively. (Disclosure Statement, Joint Appendix, Ex. 8.) No trustee was appointed in the Debtors' case. Further, appointment of an estate representative such as the Committee or ART to bring claims in the place and stead of a debtor does not extend the statute of limitations period under Section 546(a). See In re Century Brass Prods., Inc., 22 F.3d 37 (2d Cir. 1994) (administrator of debtor's chapter 11 plan was bound by debtor in possession's two-year limitations period); In re Everfresh Beverages, Inc., 238 B.R. 558, 573 (Bankr. S.D.N.Y. 1999) (Court applied the statute of limitations provided by Section 546(a) to trustees of a liquidating trust under a plan that sought recovery on claims for fraudulent transfer); Global Crossing Estate Representative v. Winnick, 2006 U.S. Dist. LEXIS 53785 (S.D.N.Y. 2006); Starzynski v. Sequoia Forest Indus., 72 F.3d 816, 820-21 (10th Cir. 1995) (Section 546(a)(1)(A) was applied as applicable time period for plan liquidation agent to commence actions); In re DeLaurentiis Entertainment Group, Inc., 87 F.3d 1061, 1063 (9th Cir. 1996) (two-year limitation period does not run anew for estate representative). See 5 Collier on Bankruptcy ¶ 546.02[1][c] (15th ed. Rev. 2007).

Accordingly, pursuant to Section 546(a) of the Bankruptcy Code, at the very latest, the two (2) year statute of limitations to assert the Avoidance Claims expired on June 25, 2004. The Amended Complaint was not filed, however, until October 31, 2007, almost three and one-half years after the expiration of the statute of limitations under Section 546(a). As such, the Avoidance Claims are time-barred. See In re Mediators, 105 F.3d 822, 827-28 (2d Cir. 1997) (dismissing fraudulent conveyance claims brought under Section 544(b) of the Bankruptcy Code because they were brought after the two year statute of limitations provided for in section 546(a)

expired); In re American Pad & Paper Co., 478 F.3d 546, 549-51 (3d Cir. 2007) (finding that the preference actions brought by a Chapter 7 trustee more than two years after the petition date were time-barred, as "[s]ection 546(a) of the Bankruptcy Code sets a two-year limit for the commencement of avoidance actions on behalf of the bankruptcy estate to recover money or property transfers"); Compton v. Swanson, 2003 U.S. App. LEXIS 813, *3 (9th Cir. 2003) (unpublished opinion); In re Bradlees Stores, Inc., 209 B.R. 36, 37 (Bankr. S.D.N.Y. 1997) (finding that pursuant to section 546(a) of the Bankruptcy Code, the statute of limitations expires two years from the date that the debtors filed for relief under Chapter 11).

**B.    The Time Period Provided by Section 546(a) Trumps Any State Law Statute of limitations**

The two (2) year limitations period of Section 546(a) applies not only to claims brought under Sections 547 and 548 of the Bankruptcy Code, but also to state law claims brought under Section 544. Although Section 544 allows for reliance on state law to pursue fraudulent conveyance claims,[8] Section 546(a) is the governing statute of limitations for such state law causes of action, notwithstanding that the applicable state statute of limitations may be longer than the Section 546(a) limitations period:

> There is a two-part analysis for determining whether an action brought under 11 U.S.C. § 544(b) is timely. The applicable state statute of limitations is only relevant to the first part of the test, which requires the action to be maintainable under the state statute of limitations as of the commencement of the bankruptcy proceeding. Once the bankruptcy petition is filed, 11 U.S.C. § 546 governs the time for bringing the action . . . . Under this analysis, it is immaterial if the state limitations period accrues during the pendency of the bankruptcy case.

Sears Petroleum & Transport Corp. v. Burgess Construction Services, Inc., 417 F. Supp. 2d 212, 225 (D. Mass. 2006) (citing In re Martin, 142 B.R. 260, 265 (Bankr. N.D. Ill. 1992)).

---

[8]    Section 544(b) of the Bankruptcy Code provides in relevant part that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim . . . ." 11 U.S.C. § 544(b); Everfresh Beverages, 238 B.R. at 571 ("Section 544(b) allows a trustee to stand in the shoes of a creditor and avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable state or federal law.").

7

See Global Crossing, 2006 U.S. Dist. LEXIS 53785 at *18-19 ("Section 546(a), by its very terms, applies to any 'action or proceeding under section 544' and it specifically states that any such action 'may not be commenced' after, at the very latest, two years after the entry of the order of relief. There is no room in this language for the importation of state statutes of limitations . . . ."); Everfresh Beverages, 238 B.R. at 572 (finding that "§ 546 provides the controlling time period" for a cause of action brought under state fraudulent conveyance law pursuant to Section 544, instead of the statute of limitations under state law); In re Spatz, 222 B.R. 157, 164 (N.D. Ill. 1998) ("In determining whether an action is timely under § 544(b), we look to § 546 of the Bankruptcy Code. Pursuant to § 546 of the Bankruptcy Code, the Trustee may bring a state law action under the Bankruptcy Code's strong arm provision within two years after his appointment."); In the Matter of Princeton-New York Investors, Inc., 219 B.R. 55, 66 (D. N.J. 1998) (finding that a fraudulent transfer action brought under Section 544 is governed by Section 546, as "Section 546(a)'s wording is clear. It applies to those actions brought under § 544"). See also 5 Collier on Bankruptcy, ¶ 546.02[1][b] (15th ed. 2007) ("Section 546(a) applies to fraudulent transfer actions commenced by a trustee under section 544(b) of the Bankruptcy Code and applicable state law. If the state law limitations period governing a fraudulent transfer action has not expired at the commencement of a bankruptcy case, the trustee may bring the action pursuant to section 544(b), provided that it is commenced within the section 546(a) limitations period.").

Since Section 546 trumps any state law statute of limitations with respect to the claims asserted under Section 544, the claims asserted under Section 544 are time barred.[9]

---

[9] BTMT does not concede that any such state law statute of limitations that otherwise might have been applicable in the absence of Section 546(a) also had not expired. Rather, BTMT is asserting that state law statutes of limitations are irrelevant because the two-year period under Bankruptcy Code Section 546(a) is controlling.

## II.

## THE SUBORDINATION AND DECLARATORY JUDGMENT CLAIMS ARE LEGALLY INSUFFICIENT

The very predicate of the Subordination and Declaratory Judgment Claims against BTMT is that Plaintiff is successful on the Avoidance Claims. With the dismissal of the Avoidance Claims, the Subordination Claim and Declaratory Judgment Claim cannot stand.

### A.   The Subordination Claim

The lapse of the statute of limitations under Section 546(a) also impacts the Subordination Claim (Claim 33) as well. Any alleged transfers from the Debtors to BTMT are no longer subject to avoidance and, accordingly, to the extent that Plaintiff's Subordination Claim is predicated on successfully avoiding such alleged transfers, the Subordination Claim is moot.

Even if the Subordination Claim (Claim 33) were not to such extent moot, the Plaintiff has failed to plead facts sufficient to sustain such claims against BTMT. Claims for equitable subordination (and disallowance) require the Plaintiff to allege facts that BTMT engaged in inequitable conduct -- that is -- gross and egregious conduct that is tantamount to fraud, misrepresentation and which shocks one's good conscience. ART has not alleged any inequitable conduct as it relates to BTMT and, therefore, the Subordination Claim should be dismissed in its entirety on this ground.

### B.   The Declaratory Judgment Claim

The Declaratory Judgment Claim should also be dismissed as moot. That Claim is predicated upon Section 9.6 of the CCH Credit Agreement (AC ¶ 1453), which allegedly limited the amount of the Borrower's Obligations to the lenders under this agreement to those amounts that are not "subject to avoidance." The Amended Complaint alleges (¶ 1455) that, as a result of

9

the purported conduct of the defendants, "all or a significant portion of the Obligations" under the CCH Credit Agreement "are subject to avoidance" under Sections 544 and 548. As demonstrated above, however, in accordance with Section 546(a), transfers, if any, to BTMT are no longer subject to avoidance, and there is no "bona fide dispute" as alleged (AC ¶ 1456). As the Bankruptcy Court noted in describing the Declaratory Judgment Claim asserted in the Original Complaint (which is repeated in the Amended Complaint), this Claim "will rise or fall with the fraudulent transfer claims themselves." Adelphia Communications Corp., 365 B.R. at 80. Since the Avoidance Claims fall as a result of being time-barred, the Declaratory Judgment Claim must fall with them. Accordingly, the Declaratory Judgment Claim should be dismissed on this ground alone.

In any event, even if not moot, the Declaratory Judgment Claim should be dismissed on other grounds. Under both New York and Federal law, in order to maintain an action for declaratory judgment, a party must present a concrete, actual controversy for adjudication. Fragoso v. Romano, 702 N.Y.S.2d 333, (App. Div. 2d Dep't 2000); see also 28 U.S.C. § 2201. In the Amended Complaint (¶ 1457), ART seeks a declaration that, as successor in interest to CCH, it is not liable for any of the Obligations under the CCH Credit Agreement in excess of those permitted under Section 9.6 thereof. However, under Adelphia's two plans of reorganization (the "Plans"), ART acquired title to the claims underlying this Action, and not the liabilities of the Debtors. See Plan at ¶ 9.2(a) (Joint Appendix, Ex. 10). In short, no case or controversy exists.

## III.

## THE CLAIMS SHOULD BE DISMISSED AS SET FORTH IN THE NON-AGENT LENDERS' AND NOMINAL AGENTS' MOTION

The Claims must be dismissed as to BTMT for the reasons described in the Lenders' Motions to Dismiss. Among other reasons, Adelphia's Plans contain indemnification provisions that would effectively bar ART from pursuing the claims against the lenders, including BTMT. The Plans require ART to dismiss any claim for which the lenders would be entitled to indemnification from the Debtors under the terms of the relevant facility. In turn, the credit agreements underlying the facilities require Adelphia to indemnify the lenders under such facilities with respect to any claim except to the extent that the lender's liability on that claim is from the lender's "gross negligence" or "willful misconduct". See, e.g. CCH Credit Agreement § 11.12 and UCA/HHC Credit Agreement § 10.4. (Joint Appendix, Exs. "1" and "6"). As matter of law, no showing of gross negligence or willful misconduct on the part of any of the lenders, including BTMT, is an element of ART's Avoidance Claims and, in any event, the Amended Complaint contains no specific allegations of wrongdoing against BTMT whatsoever, let alone any allegations that would constitute gross negligence or willful misconduct. Therefore, all of the Claims must be dismissed on this ground alone, since ART's pursuit of such Claim would be futile.

## CONCLUSION

For the foregoing reasons, the Amended Complaint in its entirety should be dismissed with prejudice as against BTMT.

Dated:  New York, New York
        January 25, 2008

        Respectfully submitted,

        OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.

        By:  /s/  Peter Feldman
            Peter Feldman (PF- 3271)
            Anthony M. Piccione (AP-2195)
            John Bougiamas (JB-7292)
        230 Park Avenue
        New York, New York 10169
        Phone:  (212) 661-9100
        Attorneys for Defendant-
        Bank of Tokyo-Mitsubishi Trust Company

955712