Mitchell A. Lowenthal
Deborah M. Buell
Lindsee P. Granfield
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY  10006
Telephone: (212) 225-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| ADELPHIA RECOVERY TRUST, | ) | No. 05 Civ. 9050 (LMM) |
| | ) | |
| Plaintiff, | ) | **ANSWER AND** |
| | ) | **COUNTERCLAIMS** |
| - against - | ) | |
| | ) | |
| BANK OF AMERICA, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## FIRST AMENDED ANSWER AND COUNTERCLAIMS OF MORGAN STANLEY & CO. INCORPORATED TO THE ADELPHIA RECOVERY TRUST AMENDED COMPLAINT

Defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley"), by its undersigned

counsel, answers the Adelphia Recovery Trust's Second Amended Complaint (the "Amended

Complaint") as follows:[1]

1.  Morgan Stanley denies the allegations in paragraph 1.

---

[1]  The service of this Answer shall not be deemed an admission that Morgan Stanley had the knowledge/information contained in the Answer contemporaneously with any of the transactions or events described in the Complaint.

2.    Morgan Stanley denies the allegations in paragraph 2, and avers that John and Timothy Rigas and James Brown were convicted of, or pled guilty to, various crimes, including bank fraud.

3.    Morgan Stanley denies the allegations in paragraph 3.

4.    Morgan Stanley denies the allegations in paragraph 4, except refers to the co-borrowing facilities referenced therein for a complete and accurate description of their structure and provisions.

5.    Morgan Stanley denies the allegations in paragraph 5, except refers to the co-borrowing facilities referenced therein for a complete and accurate description of their structure and provisions.

6.    Morgan Stanley denies the allegations in paragraph 6, except refers to the co-borrowing facilities referenced therein for a complete and accurate description of their structure and provisions.

7.    Morgan Stanley denies the allegations in paragraph 7.

8.    Morgan Stanley denies the allegations in paragraph 8, except refers to the co-borrowing facilities referenced therein for a complete and accurate description of their structure and provisions.

9.    Morgan Stanley denies the allegations in paragraph 9 insofar as they are directed to it, except admits that, at times, it provided certain investment banking services to ACC, and

otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

10. Morgan Stanley denies the allegations in paragraph 10 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11. Morgan Stanley denies the allegations in paragraph 11 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12. Morgan Stanley denies the allegations in paragraph 12 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

13. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Morgan Stanley denies the allegations in paragraph 14 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

15. Morgan Stanley denies the allegations in paragraph 15 insofar as they are directed to it, except admits that, at times, it provided certain investment banking services to ACC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16. Morgan Stanley denies the allegations in paragraph 16 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

17. Morgan Stanley denies the allegations in paragraph 17 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the Plan of Reorganization for a complete and accurate description of its contents.

18. Paragraph 18 purports to state legal conclusions, as to which no response is required.

19. Paragraph 19 purports to state legal conclusions, as to which no response is required.

20. Paragraph 20 purports to state legal conclusions, as to which no response is required.

21. Paragraph 21 purports to state legal conclusions, as to which no response is required, except Morgan Stanley refers to the stipulations, orders, and decision referenced therein for a complete and accurate description of their contents.

22. Paragraph 22 purports to state legal conclusions, as to which no response is required, except Morgan Stanley refers to the Adelphia Plan of Reorganization referenced therein for a complete and accurate description of its contents.

23. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, except admits that ACC is the debtor in Case No. 02-41729 (REG), which commenced on June 25, 2002, and that ACC is a corporation organized under the laws of the State of Delaware.

24. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, except admits that Morgan Stanley Senior Funding was a lender to credit facilities of various subsidiaries of ACC.

25. Morgan Stanley denies the allegations in paragraph 25 insofar as they are directed to it, except admits that, at times, it provided certain investment banking services to ACC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

26 – 59. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 26 – 59.

60. Morgan Stanley admits that Morgan Stanley Senior Funding, Inc. ("Morgan Stanley Senior Funding") is a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of New York, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and refers to the Amended Complaint for the contents thereof.

61. Morgan Stanley denies the allegations in paragraph 61, except admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York, that it is an affiliate of and under common ownership with Morgan Stanley Senior Funding, Inc., and that it provides investment banking services.

62-73. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 62 – 73.

74. Morgan Stanley denies the allegations in paragraph 74 that the Co-Borrowing Facilities were syndicated to a group that agreed to lend funds to ACC, and otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

75 - 140. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 75 –140.

141. Morgan Stanley denies the allegations in paragraph 141, except admits that the Van Kampen Senior Loan Fund is an investment company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the State of New York.

142- 303. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 142-303.

304. Morgan Stanley denies or information sufficient to form a belief as to the truth of the allegations in paragraph 304, except admits that Morgan Stanley Emerging Markets, Inc. is a corporation with its principal place of business located in State of New York.

305-402. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 305 – 402.

403. Morgan Stanley denies the allegations in the first sentence of paragraph 403, except avers that the Van Kampen Senior Loan Fund is an investment company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the

State of New York. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 403.

404. Morgan Stanley denies the allegations in the first sentence of paragraph 404, except avers that the Van Kampen Senior Loan Fund is an investment company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the State of New York. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 404.

405. Morgan Stanley denies the allegations in the first sentence of paragraph 405, except avers that the Van Kampen Senior Income Trust is an investment company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the State of New York. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 405.

406 - 668. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 406 – 668.

669. Morgan Stanley admits the allegations in the first sentence paragraph 669, except avers that the correct name of the entity listed is Morgan Stanley & Co. Incorporated. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence paragraph 669.

670. Morgan Stanley denies the allegations in paragraph 670.

671. Morgan Stanley denies the allegations in paragraph 671.

672. Morgan Stanley denies the allegations in paragraph 672.

673-774. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 673-774.

775. Morgan Stanley denies the allegations in paragraph 775.

776-799. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 776-799.

800.     Morgan Stanley admits, on information and belief, the allegations in paragraph 800.

801.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 801, except admits that the Rigases, Mulcahey, and Brown held senior positions within ACC, that the Rigases controlled the operations of ACC, ACC's subsidiaries and the RFEs, that the Rigases, together with ACC's Directors, made or approved the major business decisions of ACC and its subsidiaries, and that the Rigases, with the assistance of Brown, Mulcahey, and other senior executives, caused ACC and its subsidiaries to engage in all acts or omissions alleged herein, with the knowledge of the Directors. Morgan Stanley avers that John and Timothy Rigas and Brown were convicted of, or pled guilty to, various crimes, including bank fraud.

802.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 802, except admits that ACC stock and debt securities were publicly traded and listed on one or more exchanges, that ACC Class B stock carried

greater voting power per share, and that the Rigases maintained a majority of the voting power of ACC's voting shares.

803.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 803, except admits that the Rigases, Mulcahey, and Brown held senior positions within ACC, that the Rigas Family, with Peter Venetis, constituted a majority of ACC Directors at most times relevant hereto, that Patterson, Metros, Coyle, Kailbourne, and Gelber served as Directors of ACC, and that the Rigases resigned in 2002.

804.     Morgan Stanley denies the allegations in paragraph 804 insofar as they are directed to it, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents. To the extent that paragraph 804 purports to state legal conclusions, no response is required.

805.     Morgan Stanley denies the allegations in paragraph 805 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations except avers that ACC's Directors knew, or should have known, of the Rigases' misconduct complained of in the Amended Complaint.

806.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 806, except admits that Messrs. Coyle, Gelber, Kailbourne, and Metros were Directors of ACC in March 2002.

807.     Morgan Stanley denies the allegations in paragraph 807 insofar as they are directed at it and insofar as they allege that the Co-Borrowing Facilities provided no benefit to

ACC and its affiliated debtors, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

808.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 808, except admits that ACC issued certain debt securities in various public offerings in the years between 1993 and 2001.

809.     Morgan Stanley denies the allegations in paragraph 809 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent paragraph 809 purports to state legal conclusions, no response is required.

810.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 810, except refers to the document referenced therein for a complete and accurate statement of its terms.

811.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 811, except refers to the document referenced therein for a complete and accurate statement of its terms.

812.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 812, except refers to the document referenced therein for a complete and accurate statement of its terms.

813.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 813, except refers to the documents referenced therein for a complete and accurate description of their contents.

814.     Morgan Stanley denies the allegations in paragraph 814 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent paragraph 814 purports to state legal conclusions, no response is required.

815.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 815, except refers to the documents referenced therein for a complete and accurate description of their contents.

816.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 816, except refers to the documents referenced therein for a complete and accurate description of their contents.

817.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 817, except refers to the documents referenced therein for a complete and accurate description of their contents.

818.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 818.

819.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 819, except refers to the documents referenced therein for a complete and accurate description of their contents.

820.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 820, except refers to the documents referenced therein for a complete and accurate description of their contents.

821.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 821.

822.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 822, except refers to the documents referenced therein for a complete and accurate description of their contents.

823.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 823, except refers to the documents referenced therein for a complete and accurate description of their contents.

824.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 824.

825.     Morgan Stanley denies the allegations in paragraph 825 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that John and Timothy Rigas were convicted of, among other things, defrauding banks.

826.     Morgan Stanley denies the allegations in paragraph 826 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

827.     Morgan Stanley denies the allegations in paragraph 827 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

828.     Morgan Stanley denies the allegations in paragraph 828 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

829.     Morgan Stanley denies the allegations in paragraph 829 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

830.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 830, except refers to the documents referenced therein for a complete and accurate description of their contents.

831.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 831, except refers to the documents referenced therein for a complete and accurate description of their contents.

832.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 832, except refers to the documents referenced therein for a complete and accurate description of their contents.

833.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 833, except refers to the documents referenced therein for a complete and accurate description of their contents.

834.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 834, except refers to the documents referenced therein for a complete and accurate description of their contents.

835.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 835, except refers to the documents referenced therein for a complete and accurate description of their contents.

836.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 836, except refers to the documents referenced therein for a complete and accurate description of their contents.

837.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 837, except refers to the documents referenced therein for a complete and accurate description of their contents.

838.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 838, except refers to the documents referenced therein for a complete and accurate description of their contents.

839.     Morgan Stanley denies the allegations in paragraph 839 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

840.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 840, except refers to the documents referenced therein for a complete and accurate description of their contents.

841.     Morgan Stanley denies the allegations in paragraph 841 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

842.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 842, except refers to the documents referenced therein for a complete and accurate description of their contents.

843.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 843, except refers to the documents referenced therein for a complete and accurate description of their contents.

844.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 844, except refers to the documents referenced therein for a complete and accurate description of their contents.

845.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 845, except refers to the documents referenced therein for a complete and accurate description of their contents.

846.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 846, except refers to the documents referenced therein for a complete and accurate description of their terms.

847.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 847, except refers to the document referenced therein for a complete and accurate description of its contents.

848.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 848, except admits that the Directors approved the UCA/HHC Co-Borrowing Facility.

849.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 849, except refers to the documents referenced therein for a complete and accurate description of their contents.

850.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 850, except refers to the documents referenced therein for a complete and accurate description of their contents.

851.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 851.

852.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 852, except refers to the documents referenced therein for a complete and accurate description of their contents.

853.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 853, except refers to the documents referenced therein for a complete and accurate description of their contents.

854.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 854, except refers to the documents referenced therein for a complete and accurate description of their contents.

855.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 855, except refers to the documents referenced therein for a complete and accurate description of their contents.

856.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 856, except refers to the documents referenced therein for a complete and accurate description of their contents.

857.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 857, except refers to the documents referenced therein for a complete and accurate description of their contents.

858.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 858, except refers to the documents referenced therein for a complete and accurate description of their contents.

859.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 859, except refers to the documents referenced therein for a complete and accurate description of their contents.

860.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 860, except refers to the documents referenced therein for a complete and accurate description of their contents.

861.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 861, except refers to the documents referenced therein for a complete and accurate description of their contents.

862.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 862, except refers to the documents referenced therein for a complete and accurate description of their contents and recipients.

863.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 863, except refers to the documents referenced therein for a complete and accurate statement of their contents.

864.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 864, except refers to the documents referenced therein for a complete and accurate description of their contents.

865.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 865, except refers to the documents referenced therein

for a complete and accurate description of their contents. To the extent paragraph 865 purports to state legal conclusions, no response is required.

866. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 866.

867. Morgan Stanley denies the allegations in paragraph 867.

868. Morgan Stanley denies the allegations in paragraph 868.

869. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 869, except refers to the documents referenced therein for a complete and accurate description of their contents and admits that the Directors approved the UCA/HHC Co-Borrowing Facility.

870. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 870.

871. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 871, except refers to the documents referenced therein for a complete and accurate description of their contents.

872. Morgan Stanley denies the allegation in paragraph 872 that the UCA/HHC Co-Borrowing Facility provided no benefit to ACC and its affiliated debtors and was not in their interests, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents and admits that the Directors had an

obligation to determine what was in ACC's best interests, including in connection with approving transactions. To the extent paragraph 872 purports to state legal conclusions, no response is required.

873. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 873, except admits that the Directors were required to approve the information set forth in SEC filings and proxy statements.

874. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 874, except refers to the documents referenced therein for a complete and accurate description of their contents.

875. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 875, except refers to ACC's public statements and filings for a complete and accurate description of their contents.

876. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 876.

877. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 877.

878. Morgan Stanley denies the allegations in paragraph 878 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

879. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 879, except refers to the documents referenced therein for a complete and accurate description of their contents.

880. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 880, except refers to the documents referenced therein for a complete and accurate description of their contents.

881. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 881, except admits that Morgan Stanley Senior Funding was a lender and Managing Agent under the CCH Co-Borrowing Facility, and otherwise refers to the documents referenced therein for a complete and accurate description of their contents.

882. Morgan Stanley denies the allegations in paragraph 882 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

883. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 883, except refers to the documents referenced therein for a complete and accurate description of their contents.

884. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 884, except refers to the documents referenced therein for a complete and accurate description of their contents.

885. Morgan Stanley denies the allegations in paragraph 885 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the document referenced therein for a complete and accurate description of its contents.

886. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 886, except admits that the Directors approved the CCH Co-Borrowing Facility.

887. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 887, except refers to the documents referenced therein for a complete and accurate description of their contents.

888. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 888, except refers to the documents referenced therein for a complete and accurate description of their contents.

889. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 889.

890. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 890, except refers to the documents referenced therein for a complete and accurate description of their contents.

891. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 891, except refers to the documents referenced therein for a complete and accurate description of their contents.

892.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 892, except refers to the documents referenced therein for a complete and accurate description of their contents.

893.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 893, except refers to the documents referenced therein for a complete and accurate description of their contents.

894.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 894, except refers to the documents referenced therein for a complete and accurate description of their contents.

895.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 895, except refers to the documents referenced therein for a complete and accurate description of their contents.

896.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 896, except refers to the term sheet and credit agreement referenced therein for a complete and accurate statement of their contents.

897.     Morgan Stanley denies the allegations in paragraph 897 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

898.     Morgan Stanley denies the allegations in paragraph 898 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the

truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

899. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 899, except refers to the documents referenced therein for a complete and accurate description of their contents. To the extent paragraph 899 purports to state legal conclusions, no response is required.

900. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 900, except refers to the documents referenced therein for a complete and accurate description of their contents.

901. Morgan Stanley denies the allegations in paragraph 901 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

902. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 902, except refers to the documents referenced therein for a complete and accurate description of their contents.

903. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 903, except refers to the documents referenced therein for a complete and accurate description of their contents.

904.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 904, except refers to the documents referenced therein for a complete and accurate description of their contents.

905.    Morgan Stanley denies the allegations in paragraph 905 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

906.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 906, except refers to the documents referenced therein for a complete and accurate description of their contents.

907.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 907, except refers to the documents referenced therein for a complete and accurate description of their contents. To the extent that paragraph 907 purports to state legal conclusions, no response is required.

908.    Morgan Stanley denies the allegations in paragraph 908 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent that paragraph 908 purports to state legal conclusions, no response is required.

909.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 909.

910. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 910, except refers to the documents referenced therein for a complete and accurate description of their contents. To the extent that paragraph 910 purports to state legal conclusions, no response is required.

911. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 911.

912. Morgan Stanley denies the allegations in paragraph 912.

913. Morgan Stanley denies the allegations in paragraph 913.

914. Morgan Stanley denies the allegations in paragraph 914 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

915. Morgan Stanley denies the allegations in paragraph 915 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

916. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 916, except refers to the documents referenced therein for a complete and accurate description of their contents.

917. Morgan Stanley denies the allegations in paragraph 917 insofar as they are directed at it, and denies the allegation that the CCH Co-Borrowing Facility provided no benefit

to ACC and its affiliated debtors and was not in their interests, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents and admits that the Directors had an obligation to determine what was in ACC's best interests, including in connection with approving transactions. To the extent paragraph 917 purports to state legal conclusions, no response is required.

918. Morgan Stanley denies the allegations in paragraph 918 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that the Directors were required to approve the information set forth in SEC filings and proxy statements. Morgan Stanley further avers that it relied, and was entitled to rely, on the representations of and financial statements prepared by ACC and its auditor, Deloitte.

919. Morgan Stanley denies the allegations in paragraph 919 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents. Morgan Stanley avers that it relied, and was entitled to rely, on the representations of and financial statements prepared by ACC and its auditor, Deloitte.

920. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 920, except refers to ACC's public statements and filings for a complete and accurate description of their contents.

921. Morgan Stanley denies the allegations in paragraph 921 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents. Morgan Stanley avers that it relied, and was entitled to rely, on the representations of and financial statements prepared by ACC and its auditor, Deloitte.

922. Morgan Stanley denies the allegations in paragraph 922 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

923. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 923.

924. Morgan Stanley denies the allegations in paragraph 924 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

925. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 925, except refers to the documents referenced therein for a complete and accurate description of their contents.

926. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 926, except refers to the documents referenced therein for a complete and accurate description of their contents.

927. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 927, except refers to the documents referenced therein for a complete and accurate description of their contents.

928. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 928, except refers to the documents referenced therein for a complete and accurate description of their contents.

929. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 929, except refers to the documents referenced therein for a complete and accurate description of their contents.

930. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 930, except refers to the documents referenced therein for a complete and accurate description of their contents.

931. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 931, except refers to the document referenced therein for a complete and accurate description of its contents.

932. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 932, except admits that the Directors approved the Olympus Co-Borrowing Facility.

933. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 933, except refers to the documents referenced therein for a complete and accurate description of their contents.

934.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 934, except refers to the documents referenced therein for a complete and accurate description of their contents.

935.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 935.

936.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 936, except refers to the documents referenced therein for a complete and accurate description of their contents.

937.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 937, except refers to the documents referenced therein for a complete and accurate description of their contents.

938.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 938, except refers to the documents referenced therein for a complete and accurate description of their contents.

939.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 939, except refers to the documents referenced therein for a complete and accurate description of their contents.

940.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 940, except refers to the documents referenced therein for a complete and accurate description of their contents.

941.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 941, except refers to the documents referenced therein for a complete and accurate description of their contents.

942.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 942, except refers to the documents referenced therein for a complete and accurate description of their contents.

943.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 943, except refers to the documents referenced therein for a complete and accurate description of their contents.

944.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 944, except refers to the documents referenced therein for a complete and accurate description of their contents.

945.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 945, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent paragraph 945 purports to state legal conclusions, no response is required.

946.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 946, except refers to the documents referenced therein for a complete and accurate description of their contents.

947.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 947, except refers to the documents referenced therein for a complete and accurate description of their contents.

948.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 948, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent paragraph 948 purports to state legal conclusions, no response is required.

949.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 949, except refers to the documents referenced therein for a complete and accurate description of their contents.

950.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 950, except refers to the documents referenced therein for a complete and accurate description of their contents.

951.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 951, except refers to the document referenced therein for a complete and accurate description of its contents.

952.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 952, except refers to the documents referenced therein for a complete and accurate description of their contents.

953. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 953, except refers to the documents referenced therein for a complete and accurate description of their contents.

954. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 954, except refers to the documents referenced therein for a complete and accurate description of their contents. To the extent that paragraph 954 purports to state legal conclusions, no response is required.

955. Morgan Stanley denies the allegations in paragraph 955 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 955, except refers to the documents referenced therein for a complete and accurate description of their contents.

956. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 956, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent that paragraph 956 purports to state legal conclusions, no response is required.

957. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 957.

958. Morgan Stanley denies the allegations in paragraph 958.

959. Morgan Stanley denies the allegations in paragraph 959.

960.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 960, except refers to the documents referenced therein for a complete and accurate description of their contents, and admits that the Directors approved the Olympus Co-Borrowing Facility.

961.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 961.

962.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 962, except refers to the documents referenced therein for a complete and accurate description of their contents.

963.     Morgan Stanley denies the allegation in paragraph 963 that the Olympus Co-Borrowing Facility provided no benefit to ACC and its affiliated debtors and was not in their interests, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents and admits that the Directors had an obligation to determine what was in ACC's best interests, including in connection with approving transactions.  To the extent paragraph 963 purports to state legal conclusions, no response is required.

964.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 964, except admits that the Directors were required to approve the information set forth in SEC filings and proxy statements.

965. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 965, except refers to the documents referenced therein for a complete and accurate description of their contents.

966. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 966, except refers to ACC's public statements and filings for a complete and accurate description of their contents.

967. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 967, except refers to the documents referenced therein for a complete and accurate description of their contents.

968. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 968.

969. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 969.

970. Morgan Stanley denies the allegations in paragraph 970 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except, to the extent that the alleged disclosure was in a document, refers to the unidentified document purportedly quoted therein for a complete and accurate statement of its contents.

971. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 971.

972.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 972.

973.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 973.

974.     Morgan Stanley denies the allegation in paragraph 974 that the UCA/HHC Facility did not benefit ACC and its affiliated debtors, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

975.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 975, except refers to the document referenced therein for a complete and accurate statement of its contents.

976.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 976.

977.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 977.

978.     Morgan Stanley denies the allegations in paragraph 978 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

979.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 979.

980.     Morgan Stanley denies the allegation in paragraph 980 that the CCH Facility did not benefit ACC and its affiliated debtors, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

981.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 981, except refers to the documents referenced therein for a complete and accurate statement of their contents.

982.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 982, except refers to the document referenced therein for a complete and accurate statement of its contents.

983.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 983.

984.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 984.

985.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 985.

986.     Morgan Stanley denies the allegation in paragraph 986 that the Olympus Facility did not benefit ACC and its affiliated debtors, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

987.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 987, except admits that the Rigases made certain purchases of ACC securities.

988.     Morgan Stanley denies the allegations in paragraph 988 insofar as they are directed at it, except refers to the documents referenced therein for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent paragraph 988 purports to state legal conclusions, no response is required.

989.     Morgan Stanley denies the allegations in paragraph 989.

990.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 990.

991.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 991.

992.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 992.

993.     Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 993.  To the extent paragraph 993 purports to state legal conclusions, no response is required.

994. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 994, except refers to the documents referenced therein for a complete and accurate description of their contents.

995. Morgan Stanley denies the allegations set forth in the first sentence of paragraph 995 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

996. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 996, except admits that ACC and the Rigases acquired Prestige Communications, Inc.

997. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 997, except admits that ACC and the Rigases acquired various cable systems from the Estate of Bill Daniels in July 2001.

998. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 998.

999. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 999, except admits that a Rigas Family controlled entity owned the Buffalo Sabres professional hockey team.

1000. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1000.

1001.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1001.

1002.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1002.

1003.   Morgan Stanley denies the allegations in paragraph 1003.

1004.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1004, and refers to the documents referenced therein for a complete and accurate description of their contents.

1005.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1005.

1006.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1006.

1007.   Morgan Stanley denies the allegations in paragraph 1007 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1008.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1008, except refers to the documents referenced therein for a complete and accurate description of their contents.

1009.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1009.

1010.   Morgan Stanley denies the allegations in paragraph 1010 insofar as they are directed at it, otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and avers that it relied, and was entitled to rely, on the representations of and financial statements prepared by ACC and its auditor, Deloitte.

1011.   Morgan Stanley denies the allegations in paragraph 1011 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1012.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1012.

1013.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1013.

1014.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1014.  To the extent that paragraph 1014 purports to state legal conclusions, no response is required.

1015.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1015, except avers that John and Timothy Rigas were convicted of bank fraud.

1016.   Morgan Stanley denies the allegations in paragraph 1016 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1017.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1017.

1018.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1018.

1019.   Morgan Stanley denies the allegations in paragraph 1019 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1020.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1020.

1021.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1021, except refers to the documents referenced therein for a complete and accurate description of their contents.

1022.   Morgan Stanley denies the allegations in paragraph 1022 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that between 1999 and 2001 it published a number of analyst reports relating to ACC, and refers to those reports for a complete and accurate statement of their contents.

1023.   Morgan Stanley denies the allegations in paragraph 1023 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1024.   Morgan Stanley denies the allegations in paragraph 1024 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1025.   Morgan Stanley denies the allegations in paragraph 1025 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1026.   Morgan Stanley denies the allegations in paragraph 1026 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits, on information and belief, that the lenders received compliance certificates, and refers to the documents referenced therein for a complete and accurate description of their contents.  Morgan Stanley avers that it relied, and was entitled to rely, on the representations of and financial statements prepared by ACC and its auditor, Deloitte.

1027.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1027.

1028.   Morgan Stanley denies the allegations in paragraph 1028 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.  Morgan Stanley avers that it relied, and was entitled to rely, on the representations of and financial statements prepared by ACC and its auditor, Deloitte.

1029.  Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1029.

1030.  Morgan Stanley denies the allegations in paragraph 1030 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.  Morgan Stanley avers that it relied, and was entitled to rely, on the representations of and financial statements prepared by ACC and its auditor, Deloitte.

1031.  Morgan Stanley denies the allegations in paragraph 1031 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that the last sentence of paragraph 1031 purports to state a legal conclusion, as to which no response is required.

1032.  Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1032.

1033.  Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1033.

1034.  Morgan Stanley denies the allegations in paragraph 1034 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1035.  Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1035.

1036.   Morgan Stanley denies the allegations in paragraph 1036 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1037.   Morgan Stanley denies the allegations in paragraph 1037 insofar as they are directed to it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that it is an affiliate of Morgan Stanley Senior Funding, and that it provided certain investment banking services to ACC, and otherwise denies any wrongdoing that plaintiff purports to imply as a result of the affiliation.

1038.   Morgan Stanley denies the allegations in paragraph 1038 insofar as they are directed at it, except admits that it underwrote certain offerings of ACC securities, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1039.   Morgan Stanley denies the allegations in paragraph 1039 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the document referenced therein for a complete and accurate statement of its contents.

1040.   Morgan Stanley denies the allegations in paragraph 1040, insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1041.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1041.

1042.   Morgan Stanley denies the allegations in paragraph 1042 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1043.   Morgan Stanley denies the allegations in paragraph 1043 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits, on information and belief, that ACC became a public company in or about 1986.

1044.   Morgan Stanley denies the allegations in paragraph 1044 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that it provided certain investment banking services to ACC.

1045.   Morgan Stanley denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1045, except refers to the documents relating to the transactions in which it participated for a complete and accurate description of their contents.

1046.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1046, except admits that it participated in the underwriting of ACC's October 1999 offering of Class A common stock, ACC's September 2000 offering of senior notes, ACC's January 2001 offering of Class A common stock, ACC's April 2001 offering of convertible subordinated notes, and ACC's November 2001 offering of

Class A common stock, and otherwise refers to the documents referenced therein for a complete and accurate description of their contents.

1047.   Morgan Stanley denies the allegations in paragraph 1047 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1048.   Morgan Stanley denies the allegations contained in paragraph 1048 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits providing certain investment banking services to ACC.

1049.   Morgan Stanley denies the allegations in paragraph 1049 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1050.   Morgan Stanley denies the allegations in paragraph 1050 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate statement of their contents.

1051.   Morgan Stanley denies the allegations in paragraph 1051 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1052.   Morgan Stanley denies the allegations in paragraph 1052 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the

truth of the remaining allegations except admits that it earned fees for legitimate investment banking services provided to ACC.

1053.   Morgan Stanley denies the allegations in paragraph 1053 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1054.   Morgan Stanley denies the allegations in paragraph 1054 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1055.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1055.

1056.   Morgan Stanley denies the allegations in paragraph 1056 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1057.   Morgan Stanley denies the allegations in paragraph 1057 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1058.   Morgan Stanley denies the allegations in paragraph 1058 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1059.  Morgan Stanley denies the allegations in paragraph 1059 insofar as they are directed at it, except admits that at various times Morgan Stanley had an affiliate that was a Co-Borrowing and/or a Non-Co-Borrowing Lender. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

1060.  Morgan Stanley admits the allegations in paragraph 1060 insofar as they are directed at it, otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1061.  Morgan Stanley denies the allegations in paragraph 1061 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that certain offering documents incorporated by reference certain of ACC's public filings.  Morgan Stanley avers that it relied, and was entitled to rely, on the representations of and financial statements prepared by ACC and its auditor, Deloitte.

1062.  Morgan Stanley denies the allegations in paragraph 1062 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1063.  Morgan Stanley denies the allegations in paragraph 1063 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents and securities referenced therein for a complete and accurate description of their contents.

1064. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1064, except admits that on March 27, 2002, the Rigases revealed the existence of previously undisclosed debt, that the amount was later increased, and that ACC failed to file its annual report on April 1, 2002, except refers to the announcements referenced therein for a complete and accurate description of their contents.

1065. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1065.

1066. Morgan Stanley denies the allegations in paragraph 1066 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and refers to the documents referenced therein for a complete and accurate description of their contents.

1067. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1067, except denies that the loans were intended to benefit only the Rigas Family and admits that ACC has filed petitions pursuant to Chapter 11 of the Bankruptcy Code.

1068. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1068, except refers to the documents referenced therein for a complete and accurate description of their contents.

1069. Morgan Stanley admits that the Rigases, Brown, and Mulcahey were arrested and charged with various criminal offenses in connection with their roles at ACC. Morgan Stanley avers that John and Timothy Rigas, Brown, and Mulcahey were convicted of, pled guilty to,

and/or found civilly liable for, among other things, bank fraud and securities fraud. Morgan Stanley refers to the documents referenced therein for a complete and accurate description of their contents.

1070.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1070, and otherwise refers to the documents referenced therein for a complete and accurate statement of their contents.

1071.   Morgan Stanley admits that the Rigases, Brown, and Werth were arrested and charged with various criminal offenses in connection with their roles at ACC. Morgan Stanley avers that John, Timothy, and Michael Rigas, Brown, and Werth were convicted of, pled guilty to, and/or found civilly liable for, among other things, bank fraud and securities fraud.

1072.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1072, except admits that ACC and the SEC have commenced civil proceedings against members of the Rigas Family, and refers to the documents referenced therein for a complete and accurate description of their contents.

1073.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1073, except admits the Rigas Family has entered into settlement agreements for the suits referenced therein, and refers to the documents referenced therein for a complete and accurate description of their contents.

1074.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1074, except admits the Rigas Family has entered into a

settlement agreement for the case referenced therein, and refers to the documents referenced therein for a complete and accurate description of their contents.

1075.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1075, except admits the Rigas Family has entered into a settlement agreement for the case referenced therein, and refers to the documents referenced therein for a complete and accurate description of their contents.

1076.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1076, except refers to the documents referenced therein for a complete and accurate description of their contents.

1077.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1077, except refers to the documents referenced therein for a complete and accurate description of their contents.

1078.    Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1078, except refers to the documents referenced therein for a complete and accurate description of their contents.

## RESPONSE TO FIRST CLAIM FOR RELIEF

1079-1089. Paragraphs 1079-1089 are directed at other defendants and thus no response is required.  To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO SECOND CLAIM FOR RELIEF

1090-1099. Paragraphs 1090-1099 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO THIRD CLAIM FOR RELIEF

1100-1112. Paragraphs 1100-1112 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FOURTH CLAIM FOR RELIEF

1113-1123. Paragraphs 1113-1123 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

1124-1134. Paragraphs 1124-1134 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the documents referenced therein for a complete and accurate description of their contents.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

1135-1144. Paragraphs 1135-1144 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the documents referenced therein for a complete and accurate description of their contents.

## RESPONSE TO SEVENTH CLAIM FOR RELIEF

1145-1157. Paragraphs 1145-1157 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the documents referenced therein for a complete and accurate description of their contents.

## RESPONSE TO EIGHTH CLAIM FOR RELIEF

1158-1168. Paragraphs 1158-1168 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the documents referenced therein for a complete and accurate description of their contents.

## RESPONSE TO NINTH CLAIM FOR RELIEF

1169-1179. Paragraphs 1169-1179 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TENTH CLAIM FOR RELIEF

1180-1189. Paragraphs 1180-1189 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO ELEVENTH CLAIM FOR RELIEF

1190-1202. Paragraphs 1190-1202 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWELFTH CLAIM FOR RELIEF

1203-1213. Paragraphs 1203-1213 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO THIRTEENTH CLAIM FOR RELIEF

1214-1221. Paragraphs 1214-1221 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FOURTEENTH CLAIM FOR RELIEF

1222-1230. Paragraphs 1222-1230 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FIFTEENTH CLAIM FOR RELIEF

1231-1240. Paragraphs 1231-1240 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO SIXTEENTH CLAIM FOR RELIEF

1241-1250. Paragraphs 1241-1250 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO SEVENTEENTH CLAIM FOR RELIEF

1251-1260. Paragraphs 1251-1260 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO EIGHTEENTH CLAIM FOR RELIEF

1261-1267. Paragraphs 1261-1267 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO NINETEENTH CLAIM FOR RELIEF

1268-1274. Paragraphs 1268-1274 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTIETH CLAIM FOR RELIEF

1275-1280. Paragraphs 1275-1280 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTY-FIRST CLAIM FOR RELIEF

1281-1290. Paragraphs 1281-1290 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTY-SECOND CLAIM FOR RELIEF

1291-1297. Paragraphs 1291-1297 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTY-THIRD CLAIM FOR RELIEF

1298-1307. Paragraphs 1298-1307 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTY-FOURTH CLAIM FOR RELIEF

1308-1314. Paragraphs 1308-1314 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTY-FIFTH CLAIM FOR RELIEF

1315-1322. Paragraphs 1315-1322 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTY-SIXTH CLAIM FOR RELIEF

1323-1329. Paragraphs 1323-1329 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTY-SEVENTH CLAIM FOR RELIEF

1330-1335. Paragraphs 1330-1335 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTY-EIGHTH CLAIM FOR RELIEF

1336-1341. Paragraphs 1336-1341 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO TWENTY-NINTH CLAIM FOR RELIEF

1342-1349. Paragraphs 1342-1349 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO THIRTIETH CLAIM FOR RELIEF

1350-1356. Paragraphs 1350-1356 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO THIRTY-FIRST CLAIM FOR RELIEF

1357-1362. Paragraphs 1357-1362 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO THIRTY-SECOND CLAIM FOR RELIEF

1363. Morgan Stanley repeats and incorporates each and every response to the allegations in paragraphs 1-1078, as if fully set forth herein.

1364. Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1364. To the extent that paragraph 1364 purports to state legal conclusions, no response is required.

1365. Paragraph 1365 purports to state legal conclusions, and thus no response is required.

1366.   Morgan Stanley denies the allegations in paragraph 1366 insofar as they are directed at it, except admits that it is affiliated with Morgan Stanley Senior Funding and that both Morgan Stanley and Morgan Stanley Senior Funding are, directly or indirectly, subsidiaries of the same ultimate parent company, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1367.   Morgan Stanley denies the allegations in paragraph 1367 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1368.   Morgan Stanley denies the allegations in paragraph 1368 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1369.   Paragraph 1369 purports to state a legal conclusion, to which no response is required.  To the extent any response is required, Morgan Stanley denies the allegations in paragraph 1369 insofar as they are directed at it.

## RESPONSE TO THIRTY-THIRD CLAIM FOR RELIEF

1370.   Morgan Stanley repeats and incorporates each and every response to the allegations in paragraphs 1-1078, as if fully set forth herein.

1371.   Morgan Stanley denies the allegations in paragraph 1371 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1372.    Morgan Stanley denies the allegations in paragraph 1372 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1373.    Morgan Stanley denies the allegations in paragraph 1373 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits, on information and belief, that the Agent Banks received false compliance certificates and John and Timothy Rigas were criminally convicted for doing so.  To the extent that paragraph 1373 purports to state legal conclusions, no response is required.

1374.    Morgan Stanley denies the allegations in paragraph 1374 insofar as they are directed at it, except admits that it earned fees for providing certain investment banking services to ACC.

1375.    Morgan Stanley denies the allegations in paragraph 1375 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent paragraph 1375 purports to state legal conclusions, no response is required.

1376.    Morgan Stanley denies the allegations in paragraph 1376 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1377.   Morgan Stanley denies the allegations in paragraph 1377 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1378.   Morgan Stanley denies the allegations in paragraph 1378 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1379.   Morgan Stanley denies the allegations in paragraph 1379 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1380.   Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1380, except refers to the documents referenced therein for a complete and accurate description of their contents.

1381.   Morgan Stanley denies the allegations in paragraph 1381 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1382.   Morgan Stanley denies the allegations in paragraph 1382 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and refers to the documents referenced therein for a complete and accurate description of their contents.

1383. Morgan Stanley denies the allegations in paragraph 1383 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and refers to the documents referenced therein for a complete and accurate description of their contents.

1384. Morgan Stanley denies the allegations in paragraph 1384 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1385. Morgan Stanley denies the allegations in paragraph 1385 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that if the Co-Borrowing Lenders claims were allowed they would comprise a portion of the debtors estates.

1386. Morgan Stanley denies the allegations in paragraph 1386 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1387. Morgan Stanley denies the allegations in paragraph 1387 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1388. Morgan Stanley denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1388.

1389. Morgan Stanley denies the allegations in paragraph 1389 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the

truth of the remaining allegations.  To the extent that paragraph 1389 purports to state a legal conclusion, no response is required.

1390.   Morgan Stanley denies the allegations contained in paragraph 1390 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## RESPONSE TO THIRTY-FOURTH CLAIM FOR RELIEF

1391-1396. No answer is required to allegations contained in paragraphs 1391-1396, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO THIRTY-FIFTH CLAIM FOR RELIEF

1397-1403. No answer is required to allegations contained in paragraphs 1397-1403, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO THIRTY-SIXTH CLAIM FOR RELIEF

1404.   Morgan Stanley repeats and incorporates each and every response to the allegations in paragraphs 1-1078, as if fully set forth herein.

1405.   Morgan Stanley denies the allegations in paragraph 1405 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1406.   Morgan Stanley denies the allegations in paragraph 1406 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1407.    Morgan Stanley denies the allegations in paragraph 1407 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1408.    Morgan Stanley denies the allegations in paragraph 1408 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1409.    Morgan Stanley denies the allegations in paragraph 1409 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1410.    Morgan Stanley denies the allegations in paragraph 1410 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1411.    Morgan Stanley denies the allegations in paragraph 1411 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1412.    Morgan Stanley denies the allegations in paragraph 1412 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## RESPONSE TO THIRTY-SEVENTH CLAIM FOR RELIEF

1413.   Morgan Stanley repeats and incorporates each and every response to the allegations in paragraphs 1-1078 as if fully set forth herein.

1414.   Morgan Stanley denies the remaining allegations in paragraph 1414 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that ACC's Directors either knew or should have known about the Rigases' misconduct complained of in the Amended Complaint, and that the conduct of the Rigas Family referenced was undertaken for the benefit of ACC and its affiliated debtors. To the extent that paragraph 1414 purports to state legal conclusions, no response is required.

1415.   Morgan Stanley denies the remaining allegations in paragraph 1415 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that ACC's Directors either knew or should have known about the Rigases' misconduct complained of in the Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.  To the extent that paragraph 1415 purports to state legal conclusions, no response is required.

1416.   Morgan Stanley denies the remaining allegations in paragraph 1416 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that paragraph 1416 purports to state legal conclusions, no response is required.

1417.   Morgan Stanley denies the remaining allegations in paragraph 1417 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.  To the extent that paragraph 1417 purports to state legal conclusions, no response is required.

1418.   Morgan Stanley denies the allegations in paragraph 1418 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1419.   Morgan Stanley denies the allegations in paragraph 1419 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1420.   Morgan Stanley denies the allegations in paragraph 1420 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**RESPONSE TO THIRTY-EIGHTH CLAIM FOR RELIEF**

1421.   Morgan Stanley repeats and incorporates each and every response to the allegations in paragraphs 1-1078 as if fully set forth herein.

1422.   Morgan Stanley denies the allegations in paragraph 1422 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the

truth of the remaining allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1423.   Morgan Stanley denies the allegations in paragraph 1423 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1424.   Morgan Stanley denies the allegations in paragraph 1424 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1425.   Morgan Stanley denies the allegations in paragraph 1425.

1426.   Morgan Stanley denies the allegations in paragraph 1426 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1427.  Morgan Stanley denies the allegations in paragraph 1427 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1428.  Morgan Stanley denies the allegations in paragraph 1428 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1429.  Morgan Stanley denies the allegations in paragraph 1429 insofar as they are directed at it, and avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1430.  Morgan Stanley denies the allegations in paragraph 1430 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1431.  Morgan Stanley denies the allegations in paragraph 1431 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1432.  Morgan Stanley denies the allegations in paragraph 1432 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1433.  Morgan Stanley denies the allegations in paragraph 1433 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## RESPONSE TO THIRTY-NINTH CLAIM FOR RELIEF

1434-1442. No answer is required to allegations contained in paragraphs 1434-1442, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO FORTIETH CLAIM FOR RELIEF

1443.  Morgan Stanley repeats and incorporates each and every response to the allegations in paragraphs 1-1078 as if fully set forth herein.

1444.  Morgan Stanley denies the allegations in paragraph 1444 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that paragraph 1444 purports to state legal conclusions, no response is required.

1445.  Morgan Stanley denies the allegations in paragraph 1445 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.  Morgan Stanley avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.  To the extent that paragraph 1445 purports to state legal conclusions, no response is required.

1446.    Morgan Stanley denies the allegations in paragraph 1446 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that paragraph 1446 purports to state legal conclusions, no response is required.

1447.    Morgan Stanley denies the allegations in paragraph 1447 insofar as they are directed at it, otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, and avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.  To the extent that paragraph 1447 purports to state legal conclusions, no response is required.

1448.    Morgan Stanley denies the allegations in paragraph 1448 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that paragraph 1448 purports to state legal conclusions, no response is required.

1449.    Morgan Stanley denies the allegations in paragraph 1449 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that paragraph 1449 purports to state legal conclusions, no response is required.

1450.    Morgan Stanley denies the allegations in paragraph 1450 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.  To the extent that paragraph 1450 purports to state legal conclusions, no response is required.

1451.   Morgan Stanley denies the allegations in paragraphs 1451 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## RESPONSE TO FORTY-FIRST CLAIM FOR RELIEF

1452-1457. Paragraphs 1452-1457 are directed at other defendants and thus no response is required.  To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the documents referenced therein for a complete and accurate description of their contents.

## RESPONSE TO FORTY-SECOND CLAIM FOR RELIEF

1458-1463. Paragraphs 1458-1463 are directed at other defendants and thus no response is required.  To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FORTY-THIRD CLAIM FOR RELIEF

1464-1469. Paragraphs 1464-1469 are directed at other defendants and thus no response is required.  To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FORTY-FOURTH CLAIM FOR RELIEF

1470-1475. Paragraphs 1470-1475 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FORTY-FIFTH CLAIM FOR RELIEF

1476-1481. No answer is required to allegations contained in paragraphs 1476-1481, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO FORTY-SIXTH CLAIM FOR RELIEF

1482-1487. No answer is required to allegations contained in paragraphs 1482-1487, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO FORTY-SEVENTH CLAIM FOR RELIEF

1488-1493. No answer is required to allegations contained in paragraphs 1488-1493, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO FORTY-EIGHTH CLAIM FOR RELIEF

1494-1505. No answer is required to allegations contained in paragraphs 1494-1505, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO FORTY-NINTH CLAIM FOR RELIEF

Paragraphs 1506-1513 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FIFTIETH CLAIM FOR RELIEF

1514-1519. Paragraphs 1514-1519 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, except refers to the documents referenced therein for a complete and accurate description of their contents.

## RESPONSE TO FIFTY-FIRST CLAIM FOR RELIEF

1520-1527. Paragraphs 1520-1527 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FIFTY-SECOND CLAIM FOR RELIEF

1528-1535. Paragraphs 1528-1535 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FIFTY-THIRD CLAIM FOR RELIEF

1536-1559. Paragraphs 1536-1559 are directed at other defendants and thus no response is required. To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FIFTY-FOURTH CLAIM FOR RELIEF

1560. Morgan Stanley repeats and incorporates each and every response to the allegations in paragraphs 1-1078 as if fully set forth herein.

1561. Morgan Stanley denies the allegations in paragraph 1561 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that it provided investment banking services to ACC.

1562. Morgan Stanley denies the allegations in paragraph 1562 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that it provided investment banking services to ACC, and avers that under its underwriting agreements with ACC, it was entitled to rely on ACC's representations concerning certain matters to be included in the offering documents.

1563. Morgan Stanley denies the allegations in paragraph 1563 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except admits that ACC's Directors had an obligation to determine what was in ACC's best interest, including in connection with approving transactions and to approve public disclosures and SEC filings. Morgan Stanley further avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.

1564.   Morgan Stanley denies the allegations in paragraph 1564 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.

1565.   Morgan Stanley denies the allegations in paragraph 1565 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.

1566.   Morgan Stanley denies the allegations in paragraph 1566 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.

1567.   Morgan Stanley denies the allegations in paragraph 1567 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.

1568.   Morgan Stanley denies the allegations in paragraph 1568 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.

1569.   Morgan Stanley denies the allegations in paragraph 1569 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.

1570.   Morgan Stanley denies the allegations in paragraph 1570 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## RESPONSE TO FIFTY-FIFTH CLAIM FOR RELIEF

1571.   Morgan Stanley repeats and incorporates each and every response to the allegations in paragraphs 1-1078 as if fully set forth herein.

1572.   Morgan Stanley denies the allegations in paragraph 1572 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.

1573.   Morgan Stanley denies the allegations in paragraph 1573 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Amended Complaint.

1574.   Morgan Stanley denies the allegations in paragraph 1574 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1575.  Morgan Stanley denies the allegations in paragraph 1575 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1576.  Morgan Stanley denies the allegations in paragraph 1576 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## RESPONSE TO FIFTY-SIXTH CLAIM FOR RELIEF

1577-1646. Paragraphs 1577-1646 are directed at other defendants and thus no response is required.  To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FIFTY-SEVENTH CLAIM FOR RELIEF

1647-1655. Paragraphs 1647-1655 are directed at other defendants and thus no response is required.  To the extent that any response is required, Morgan Stanley denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## GENERAL DENIAL

Except as otherwise expressly admitted above, Morgan Stanley denies each and every allegation contained in paragraphs 1 through 1655, including, without limitation, the footnotes, headings, and subheadings contained in the Amended Complaint.  Morgan Stanley expressly reserves the right to amend and/or supplement its Answer.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Morgan Stanley asserts the following affirmative defenses and reserves the right to amend this Answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters "defenses," Morgan Stanley does not intend to suggest either that plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of plaintiffs' *prima facie* case against Morgan Stanley.

### FIRST DEFENSE

The Amended Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE

Morgan Stanley is not liable because it did not know, and in the exercise of reasonable care could not have known, of any of the alleged misrepresentations, omissions, fraud, conspiracy, or breaches of fiduciary duty alleged in the Amended Complaint. Morgan Stanley thus lacked scienter and was not a culpable participant in the wrongful acts alleged in the Amended Complaint.

### THIRD DEFENSE

Morgan Stanley conducted adequate due diligence and did not discover, and could not in the exercise of reasonable care have discovered, the alleged misrepresentations or omissions upon which plaintiffs' claims are based.

### FOURTH DEFENSE

Morgan Stanley is not liable because it was entitled to, and did, reasonably and in good faith, rely upon the work, opinions, representations, advice, and conclusions of others,

including conclusions of and information provided by Deloitte and ACC and its subsidiaries' management, professionals, and experts, upon which Morgan Stanley was entitled to rely.

## FIFTH DEFENSE

Morgan Stanley is not liable because ACC and its subsidiaries knew of the alleged misrepresentations or omissions upon which their claims against Morgan Stanley are based.

## SIXTH DEFENSE

Morgan Stanley is not liable because the conduct of persons and/or entities other than Morgan Stanley was a superseding or intervening cause of any damage, loss, or injury sustained by plaintiffs. ACC and its subsidiaries' alleged damages were therefore not proximately caused by Morgan Stanley.

## SEVENTH DEFENSE

Morgan Stanley is not liable in whole or in part due to the fraud, contributory negligence, or comparative fault of ACC and its subsidiaries or others.

## EIGHTH DEFENSE

Pursuant to agreements between ACC and its subsidiaries and Morgan Stanley or its affiliates, Morgan Stanley is entitled to be indemnified or held harmless to the full extent of any losses, expenses, claims or proceedings related to or arising out of certain transactions, including those at issue in the Amended Complaint. Morgan Stanley hereby invokes all of its contractual and common law indemnity rights, and hereby provides notice to plaintiff thereof.

## NINTH DEFENSE

Plaintiffs lack standing to sue, among other reasons, under the doctrine of in pari delicto.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations and/or repose.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the misconduct of ACC and its subsidiaries' officers and senior management, which must be imputed to plaintiff as a matter of law.

## TWELFTH DEFENSE

Plaintiffs' state-law claims are pre-empted by federal law, including the Securities Litigation Uniform Standards Act.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because ACC and its subsidiaries obstructed and interfered with Morgan Stanley in the performance of any work it performed by withholding material information and/or misleading Morgan Stanley.

## FOURTEENTH DEFENSE

ACC and its subsidiaries expressly approved, authorized, participated in, and ratified the acts and transactions complained of and upon which recovery is sought; plaintiffs are accordingly precluded from recovery herein.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of "unclean hands," laches, waiver, and/or estoppel.

## SIXTEENTH DEFENSE

ACC and its subsidiaries' alleged damages were not the result of any reliance by the ACC and its subsidiaries on any statements or conduct of Morgan Stanley.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the failure of ACC and its subsidiaries to fulfill their obligations under their contracts with Morgan Stanley, which preceded and excused any alleged subsequent breach by Morgan Stanley.

## EIGHTEENTH DEFENSE

To the extent that the Amended Complaint purports to allege a claim resulting from any alleged breach of any standard of care allegedly owed by Morgan Stanley, Morgan Stanley specifically denies that it breached any such standard of care.

## NINETEENTH DEFENSE

Plaintiffs have not established that they are entitled to attorney's fees under any act or theory forming the basis of any of their claims.

## TWENTIETH DEFENSE

Plaintiffs failed to mitigate any damages that they may have suffered.

## TWENTY-FIRST DEFENSE

Plaintiffs have not established that Morgan Stanley is liable for any conduct for which punitive damages or treble damages could or should be awarded.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against Morgan Stanley are barred because they fail to allege, and have not suffered, any cognizable injury attributable to any conduct by Morgan Stanley.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against Morgan Stanley are barred by the doctrines of set-off and/or recoupment.

## TWENTY-FOURTH DEFENSE

Morgan Stanley is not liable in whole or in part based on its entitlement to set-off the amount of its Bank Lender Fee Claims (as such term is defined in the First Modified Fifth Amended Joint Chapter 11 Plan for Adelphia Communications Corporation and Certain of its Affiliated Debtors, dated as of January 3, 2007 (the "Plan")), against any liability, as contemplated by the Plan and that certain Stipulation and Agreement, so-ordered by the United States Bankruptcy Court for the Southern District of New York on November 13, 2007

## TWENTY-FIFTH DEFENSE

Any and all damages alleged were caused by the actions of ACC and its subsidiaries.

## TWENTY-SIXTH DEFENSE

The injuries plaintiff allegedly sustained were proximately and directly caused by the fraud, breaches of fiduciary duty, and conspiracy of ACC and its subsidiaries' officers, directors and employees.

## TWENTY-SEVENTH DEFENSE

To the extent that any unlawful activity alleged in the Amended Complaint occurred, ACC and its subsidiaries were central, knowing, voluntary participants in that unlawful activity. Further, ACC and its subsidiaries were active participants in unlawful activity not alleged in the Amended Complaint that caused, or contributed to, any losses or damages suffered by them.

## TWENTY-EIGHTH DEFENSE

All of the communications, negotiations, and representations by the employees, officers, and directors of ACC and its subsidiaries in connection with the transactions at issue in the complaint in which Morgan Stanley allegedly participated were within the scope of the employees', officers', and directors' employment for the benefit of ACC and its subsidiaries and were authorized, ratified, or adopted by ACC and its subsidiaries.

## TWENTY-NINTH DEFENSE

Morgan Stanley is not a "bank" under the Bank Holding Company Act and therefore is not subject to claims brought under the Act.

## THIRTIETH DEFENSE

The "Dismissed Bank Actions" provisions of the Plan constitute a release of indemnifiable claims.

## THIRTY-FIRST DEFENSE

Morgan Stanley did not owe a fiduciary duty or a duty of disclosure to ACC and its subsidiaries.

## THIRTY-SECOND DEFENSE

Morgan Stanley did not undertake to independently examine ACC and its subsidiaries' financial condition.

## THIRTY-THIRD DEFENSE

Plaintiffs' negligence claim is barred by the economic loss doctrine.

## THIRTY-FOURTH DEFENSE

Plaintiffs fail to plead claims sounding in fraud with the particularity required by law, including Rule 9(b). Due to the nature of the claims against it, Morgan Stanley has denied

the allegations put forth herein. However, such claims have not, and cannot, be answered in detail due to their vague and conclusory nature.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims, as pled herein, do not satisfy the requirements of Rule 8.

### THIRTY-SIXTH DEFENSE

For each joint tortfeasor that has paid damages to or entered into a settlement with ACC and its subsidiaries, Morgan Stanley's liability is reduced by the greater of the amount of damages paid by that joint tortfeasor, the amount of consideration paid by the joint tortfeasor in connection with any and all settlement agreements with ACC and its subsidiaries, or that joint tortfeasor's proportionate share of liability.

### THIRTY-SEVENTH DEFENSE

Morgan Stanley hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any of the other defendants to the extent that those defenses apply to Morgan Stanley.

### THIRTY-EIGHTH DEFENSE

Morgan Stanley reserves the right to raise any additional defenses, cross-claims, counterclaims, and/or third party claims not asserted herein of which it may become aware through discovery or other investigation.

### THIRTY-NINTH DEFENSE

To the extent that Morgan Stanley is named in any capacity other than as an Investment Bank, no cause of action exists.

## COUNTERCLAIMS

Morgan Stanley & Co. Incorporated ("Morgan Stanley"), by its undersigned attorneys, as and for its counterclaims, upon knowledge as to matters in which it was directly involved and upon information and belief as to all other matters, hereby alleges as follows:

## NATURE OF THE COUNTERCLAIMS

1.      These counterclaims are for fraud, negligent misrepresentation, breach of contract, and indemnity and contribution.

2.      During all times relevant to these counterclaims, John, Timothy, Michael, and James Rigas (the "Rigases") were members of the Board of Directors of Adelphia Communications Corp. ("Adelphia" or the "Company"), served in senior executive positions at Adelphia, and dominated and controlled other senior members of Adelphia management.

3.       At all times relevant to these counterclaims, the Rigases controlled Adelphia and dominated the Adelphia Board of Directors, and their actions, which were performed within the scope of their employment at Adelphia and for the benefit of Adelphia, are imputed to Adelphia and the Adelphia Recovery Trust as a matter of law.

4.      As Adelphia itself alleges, Adelphia issued false financials and public statements regarding its financial condition.  See Amended Complaint ¶ 11("[T]he Rigas Family caus[ed] Adelphia to fraudulently conceal from the public and other creditors up to $3.4 billion of their balance sheet liabilities under the Co-Borrowing Facilities.").

5.     During Morgan Stanley's engagement(s) with Adelphia, Adelphia concealed from Morgan Stanley certain alleged wrongful acts that Adelphia alleges were committed by Adelphia management.  Those acts are attributable to Adelphia.

6.     Morgan Stanley neither knew nor should have known of those wrongful acts. Had Morgan Stanley been told of the wrongful acts of Adelphia management, Morgan Stanley would have been unwilling to rely upon representations by Adelphia management, would have refused to provide investment banking services, including underwriting public offerings of Adelphia securities, and would have withdrawn from any and all Adelphia engagements.

7.     By concealing from Morgan Stanley such alleged wrongful acts of Adelphia management, Adelphia both omitted to state material facts and made material misrepresentations of fact to Morgan Stanley.  For example, for each underwriting of Adelphia securities which Morgan Stanley undertook for Adelphia, Adelphia represented that Adelphia would provide Morgan Stanley with all financial and other information concerning Adelphia that was necessary and appropriate for the engagement; that Morgan Stanley could rely, without independent verification, upon the accuracy and completeness of that information; that such information would be true and correct in all material respects; and that Morgan Stanley did not assume responsibility for any such information.

8.     By concealing from Morgan Stanley the wrongful acts of Adelphia management now alleged by Adelphia, Adelphia breached its contractual obligations to and defrauded Morgan Stanley, including its obligations to make accurate financial records and related information available to Morgan Stanley and to provide accurate representations to Morgan Stanley.

87

## PARTIES

9.     Defendant and Counterclaim-Plaintiff Morgan Stanley is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York.

10.     Plaintiff and Counterclaim-Defendant Adelphia was at all relevant times a corporation organized under the laws of the State of Delaware, with its principal place of business in Coudersport, Pennsylvania.

11.     Plaintiff and Counterclaim-Defendant the Adelphia Recovery Trust, formerly the Adelphia Contingent Value Vehicle (the "CVV"), is the entity to which the claims asserted in the Complaints of Adelphia and its affiliated debtors in possession and the Official Committee of Unsecured Creditors of Adelphia and its affiliated debtors, dated July 6, 2004 (the "Creditors' Committee Complaint"), and the Intervenor Complaint of the Official Committee of Equity Security Holders of Adelphia, on its own behalf and on behalf of Adelphia and its affiliated debtors, dated July 31, 2004 (the "Equity Committee Complaint"), were transferred pursuant to the Plan.  As of March 15, 2007, the CVV changed its name to the Adelphia Recovery Trust (the "ART"),[2] but for all purposes relevant to this litigation the ART stands in the shoes of Adelphia and each of its affiliated debtors whose cases were jointly administered under Case No. 02-41729 in the United States Bankruptcy Court for the Southern District of New York.

---

[2]     Sections 9.2(b) and 16.4(b) of The First Modified Fifth Amended Joint Chapter 11 Plan of Reorganization of Adelphia Communications Corporation and Certain Affiliated Debtors (the "Plan"), which became effective February 13, 2007, preserved the rights of the Investment Banks to assert Defensive Claims, as defined in the Plan, to reduce, limit, offer, or defeat the Investment Banks' liability, if any, to the Debtors, the Committees, or the ART.

**JURISDICTION AND VENUE**

12.     This Court has jurisdiction over Morgan Stanley's counterclaims against Adelphia and its affiliated debtors (and, therefore, the ART) under 28 U.S.C. § 1334(b), and supplemental jurisdiction under 28 U.S.C. § 1367(a) because Morgan Stanley's counterclaims arise out of the subject matter of the original action and are brought under Rule 14(a) of the Federal Rules of Civil Procedure.Venue is proper in this jurisdiction under 28 U.S.C. § 1409(a).

13.     Venue is proper in this jurisdiction under 28 U.S.C. § 1409(a).


**FACTUAL BACKGROUND**

A.      The Rigases' Domination and Control of Adelphia.

14.     At all times relevant to these counterclaims, John Rigas served as Chairman of Adelphia's Board of Directors and as Adelphia's President and Chief Executive Officer.

15.     At all times relevant to these counterclaims, Timothy Rigas, son of John Rigas, served as Adelphia's Chief Financial Officer, Chief Accounting Officer, Executive Vice President and Treasurer and as a director of Adelphia.

16.     At all times relevant to these counterclaims, Michael Rigas, son of John Rigas, served as Adelphia's Executive Vice President of Operations and as a director of Adelphia.

17.     At all times relevant to these counterclaims, James Rigas, son of John Rigas, served as Adelphia's Executive Vice President of Strategic Planning and as a director of Adelphia.

18.     At all times relevant to these counterclaims, Peter Venetis, the son-in-law of John Rigas, served as a director of Adelphia.

19.     At all times relevant to these counterclaims, James Brown held senior executive positions at Adelphia, including Vice President for Finance.

20.     At all times relevant to these counterclaims, Michael Mulcahey held senior executive positions at Adelphia, including Assistant Treasurer.

21.     At all times relevant to these counterclaims, through a special series of Class B voting stock (that had ten times the voting power of the publicly traded Class A stock), the Rigases held voting control of Adelphia. The Rigases, through their voting control, installed themselves as a majority of Adelphia's Board of Directors. The Rigases dominated and controlled Adelphia through their majority voting position, their majority position on Adelphia's Board of Directors, and their control of senior executive positions at Adelphia.  Indeed, Adelphia itself concedes these facts.  <u>See</u> Amended Complaint at ¶ 801 ("At all relevant times, members of the Rigas family…held all of the most senior executive positions of Adelphia….Subject to the oversight of Adelphia's Board of Directors, the Rigas Family…made, or approved of, the major business decisions on behalf of Adelphia."); ¶ 802 ("The Rigas Family also maintained a majority of the voting power of [Adelphia's] shares through its ownership of nearly all of [Adelphia's] issued and outstanding Class B shares of common stock, each share of which carried ten times the voting power of an [Adelphia] Class A share."); ¶ 803 ("[M]embers of the Rigas Family had a majority of the seats on [Adelphia's] Board of Directors (except for six months from November 1999 to May 2000 when they held five of the Board's ten seats)….").

B.     Disclosure of the Rigases' and Adelphia's Wrongdoing

22.     On March 27, 2002, Adelphia disclosed to the public, including Morgan Stanley, that it had at least $2,284,000,000 in off-balance sheet debt as of December 31, 2001.

23.     On April 1, 2002, Adelphia issued a press release announcing that it would not timely file its annual report on Form 10-K with the Securities and Exchange Commission ("SEC").  The Company said it needed more time to "review certain accounting matters relating to co-borrowing credit facilities which Adelphia is a party to."  The Company also announced that it was "conducting a review aimed at providing additional clarification of certain of the Company's co-borrowing credit facilities and related matters."

24.     On April 3, 2002, the Company issued a press release stating the SEC was "conducting an informal inquiry into its previously disclosed co-borrowing arrangements and has asked the Company to provide clarification and documentation."

25.     On April 17, 2002, Adelphia announced that the SEC had issued a formal order of investigation "in connection with the matters that are the subject of Adelphia's previously disclosed SEC inquiry."

26.     On May 2, 2002, Adelphia announced that it would "likely" restate its financial statements.  Its press release stated in part:

> [Adelphia] has reached a tentative conclusion with respect to the accounting treatment for certain matters related to its co-borrowing agreements, which it expects will result in a restatement of its previously issued annual financial statements for 1999 and 2000 and interim financial statements for 2001.  .  .  .
>
> The Company has tentatively concluded that is should reflect borrowings and related interest expense under certain co-borrowing arrangements associated with amounts payable directly or indirectly by certain Rigas family owned entities, primarily incurred

91

in connection with other Rigas entities which purchased Adelphia securities, as liabilities in its consolidated financial statements, with a corresponding decrease in shareholders' equity. These borrowings approximated $1.6 billion as of December 31, 2001. They were approximately $1.2 billion as of December 31, 2000 and $700 million as of December 31, 1999.

27.     The May 2, 2002 press release also indicated that Adelphia was in default of lending agreements with banks. It stated in part:

> As previously announced, the Company has been delayed in issuing its Annual Report on Form 10-K. As a result of this delay, the Company has received notices of default on its parent company public indentures. The notices of default, received April 25, 2002, have at least a 60 day period within which to cure by issuance of the Company's compliance certificates for 2001 and related financial statements. The Company intends to issue a press release indicating its anticipated timing for filing its Form 10-K as soon as practicable.

> In addition, under certain of the Company's subsidiary credit agreements with various financial institutions and which subsidiary credit agreements are the principal source for borrowings by the Company, the Company was required to provide to those institutions 2001 audited financial statements and related compliance certificates for the borrowing groups by April 30, 2002. Because of the continuing review, the Company has not yet been able to provide such borrowing group financial statements and certificates and as a result is in potential default on certain of its credit agreements. As a result of these potential defaults, and although the Company has a cure period of 30 days, the Company's subsidiaries may not be able to borrow funds under these subsidiary credit agreements unless the deficiencies are cured, or waivers are obtained from the required lenders, within the cure periods. If these deficiencies are not timely cured or waived, then the relevant lenders would be entitled to exercise other creditors' remedies. . . .

28.     On May 15, 2002, Adelphia issued a press release announcing that John Rigas had resigned as Chairman, President, and Chief Executive Officer. The press release further announced that the Company was "conducting an investigation of issues raised in connection with the preparation of its 10-K statement" and that "[t]he ongoing audit of the Company by the Company's long time auditor, Deloitte & Touche, LLP, will be suspended pending completion of the Company's investigation."

29. On May 16, 2002, the Company announced that Timothy Rigas had resigned as Executive Vice President, Chief Financial Officer, Chief Accounting Officer, and Treasurer.

30. On May 17, 2002, Adelphia issued a press release entitled "Developments Related To Issues Facing The Company." It stated that the NASD had held a hearing regarding the potential delisting of Adelphia stock, and that the Company had missed more than $31 million in interest and dividend payments owed to its debt holders. In addition, the press release acknowledged that grand juries in the Southern District of New York and the Middle District of Pennsylvania were investigating "certain matters related to the Company."

31. On May 19, 2002, Adelphia issued a press release announcing that James Brown, Vice President of Finance, was leaving "effective immediately."

32. On May 23, 2002, Adelphia issued a press release stating that the Rigases would transfer assets valued at more than $1 billion to Adelphia, and that John Rigas, Timothy Rigas, Michael Rigas and James Rigas would resign as directors of the Company, thereby relinquishing control. The press release further stated that Board of Directors and a Special Committee of the Board of Directors had passed resolutions requiring Peter Venetis to resign from the Board, and that Michael Rigas and James Rigas would resign as officers of the Company.

33. The May 23, 2002 press release also addressed the amount of off balance sheet debt omitted from Adelphia's financial statements:

[A]s a result of discussions with the Securities and Exchange Commission, the Company has tentatively concluded that it should increase to approximately $2.5 billion the amount of indebtedness to be included in its consolidated financial statements, as of December 31, 2001, to reflect the full amount of principal borrowings and interest expense by entities affiliated with the Rigas family under certain co-borrowing arrangements for which the Company is jointly and severally liable. This higher amount now includes co-

borrowing debt associated with Rigas family entities that are valued at approximately $1 billion.

Based on information currently available, the Company believes that at April 30, 2002, the total amount of co-borrowings by entities affiliated with the Rigas family for which Adelphia is jointly and severally liable was approximately $3.1 billion.

Adelphia had previously announced that it had tentatively concluded that the amount of such indebtedness to be included in its consolidated financial statements as of December 31, 2001, to reflect these borrowings was approximately $1.6 billion with a corresponding decrease in shareholders' equity. The proper accounting treatment for the increased indebtedness to be included in the Company's financial statements as of December 31, 2001 and at April 30, 2002 has not yet been determined.

34.     On May 31, 2002, Adelphia issued a press release stating that it was in further default under certain of its credit agreements: "These events of default entitle the lenders under those agreements to accelerate the maturity of their debt and exercise other remedies." The press release also stated that NASDAQ had decided to delist Adelphia common stock effective June 3, 2002 "based on the Company's filing delinquencies and other public interest concerns."

35.     On June 14, 2002, the Company filed an amended Form 8-K with the Securities and Exchange Commission (the "SEC") stating, *inter alia*, that Deloitte & Touche, LLP, had been dismissed and replaced by PricewaterhouseCoopers LLP, that Century Communications, an indirect, wholly-owned subsidiary of Adelphia, had filed for Chapter 11 bankruptcy protection, and that Peter Venetis had resigned from the Board of Directors.

36.     On June 25, 2002, Adelphia and certain affiliated debtorsfiled for protection under Chapter 11 of the United States Bankruptcy Code.

37.     On July 24, 2002, the SEC filed a civil complaint against John, Timothy, Michael, and James Rigas, James Brown, Michael Mulcahey, and Adelphia.

38.     Also on July 24, 2002, the United States Attorney for the Southern District of New York caused John, Timothy, and Michael Rigas, Michael Mulcahey, and James Brown to be arrested on criminal charges including bank fraud, securities fraud, wire fraud, and conspiracy to commit fraud.

39.     On September 23, 2002, John, Timothy and Michael Rigas, Michael Mulcahey and James Brown were indicted on the above-mentioned criminal charges.

40.     On November 14, 2002, James Brown pleaded guilty to criminal charges of securities fraud, bank fraud and conspiracy to commit securities fraud.  Brown admitted that he had misrepresented Adelphia's finances, the amount of growth in the Company's earnings, and the number of its cable subscribers.

41.     On January 13, 2003, Timothy Werth, Adelphia's former Director of Accounting who had worked under James Brown, pleaded guilty to criminal charges of securities fraud.

42.     On July 8, 2004, John Rigas and Timothy Rigas were convicted of conspiracy, securities fraud, and bank fraud.  The United States Court of Appeals for the Second Circuit affirmed the convictions for conspiracy and securities fraud on May 24, 2007.

43.     On June 20, 2005, John Rigas and Timothy Rigas were sentenced, respectively, to 15 years and 20 years in prison.

C.     <u>Material Facts that Adelphia Misrepresented To or Concealed From Morgan Stanley</u>

44.     The SEC's civil complaint and the U.S. Attorney's criminal indictment charged the Rigases with having committed a series of wrongful acts during the time they dominated and

controlled Adelphia. Adelphia's Amended Complaint also alleges such wrongful conduct by the Rigases during their control of Adelphia. Those wrongful acts were undertaken by the Rigases on behalf of and for the benefit of Adelphia, are attributable to Adelphia and are, therefore, considered to be the acts of Adelphia. All such wrongful acts alleged were improperly concealed from Morgan Stanley.

45.    Among other things, Adelphia was required to (a) file with the SEC annual financial statements audited by an independent accountant; (b) file with the SEC quarterly updates of its financial statements that disclosed its financial condition and the results of its business operations for each three-month period; (c) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that the Company's transactions were recorded as necessary to permit preparation of financial statements in conformity with Generally Accepted Accounting Principles ("GAAP") and other applicable criteria; and (d) make and keep books, records, and accounts that accurately and fairly reflected the Company's business transactions.

46.    From in or about 1999 through in or about May 2002, John Rigas, Timothy Rigas, James Brown, and other Adelphia employees, participated in preparing, reviewing and certifying consolidated financial statements for Adelphia that purported to conform with applicable regulatory requirements (hereinafter, the "Financial Statements"). The Financial Statements were filed with the SEC in Washington, D.C., and directly disseminated to the public, through press releases, quarterly reports on SEC Forms 10-Q and annual reports on SEC Forms 10-K, and in other communications with investors, credit rating agencies, financial institutions, bank lenders, and securities analysts.

47.     Beginning at least sometime in 1997 through on or about March 27, 2002, John Rigas, Timothy Rigas, James Brown, and other Adelphia employees prepared, issued, reviewed, and approved a press release after the end of each quarter, which purported to outline Adelphia's operating results for the preceding quarter.  These quarterly press releases purported to disclose, among other things, Adelphia's (1) EBITDA for the quarter; (2) EBITDA growth for the quarter; (3) number of "basic cable subscribers;" (4) growth of "basic cable subscribers;" (5) number of digital cable subscribers; and (6) number of high speed data subscribers.

48.     To conceal Adelphia's failure to perform and its large and growing debt burden, John Rigas, Timothy Rigas, James Brown, and other Adelphia employees were alleged in the criminal indictment and by the SEC to have created the false appearance in its Financial Statements, press releases, and in other statements that Adelphia's operating performance was consistently in line with the expectations of investors, credit rating agencies, financial institutions, bank lenders, and securities analysts and other market participants, and that Adelphia was systematically deleveraging through, among other means, sales of equity securities to the Rigas Family.

49.     From in or about 1999 through in or about May 2002, John Rigas, Timothy Rigas, James Brown, and other Adelphia employees were alleged in the criminal indictment and by the SEC to have defrauded, *inter alia*, Adelphia's creditors, investors, lenders, and financial institutions, including Morgan Stanley by, among other things, engaging in certain conduct and making false and misleading statements, including misrepresentations and omissions, concerning the following:

      a.      Adelphia's "off-balance-sheet" debt, including its joint and several liabilities under the Co-Borrowing Agreements, and the extent and

circumstances of reductions in Adelphia's debt through, among other things, sales of securities to the Rigas Family and the public;

b.    Adelphia's operating performance, including, among other things, its earnings, revenues, expenses, and other financial results;

c.    The number and growth of Adelphia's basic cable subscribers, high-speed internet subscribers and other statistics;

d.    Adelphia's compliance with certain debt covenants under the Co-Borrowing Agreements and Adelphia's bond indentures; and

e.    The unreimbursed use of Adelphia's funds and assets by the Rigas Family.

50.    According to the criminal indictment and the SEC's civil complaint, the means and methods by which John Rigas, Timothy Rigas, James Brown, and other Adelphia employees carried out the foregoing acts, misrepresentations and omissions included, but were not limited to, the following:

a.    Improper "marketing support" agreements.

Adelphia is alleged to have entered into certain "marketing support" agreements with suppliers of digital converter boxes that in fact constituted "kickbacks" to reimburse Adelphia for price increases that Adelphia had agreed to pay to the suppliers.

b.    Manipulation of digital converter box inventory.

Adelphia is alleged to have manipulated its inventory of digital converter boxes by improperly moving inventory from Adelphia's books to those of Rigas entities.

c.    Manipulation of debt covenant compliance.

i.    Adelphia is alleged to have failed to comply with debt covenants in certain of its credit agreements and to have manipulated certain debt covenant calculations so as falsely to appear to be in compliance with various covenants.

ii.    Adelphia is alleged to have created improper journal entries in order to meet certain debt covenants, including, but not limited to, improper expense accruals, improper recording of affiliate interest, improper reversals of management fees, and improper recording of regional expenses.

d. Manipulation of EBITDA.

Adelphia is alleged to have manipulated its EBITDA in a variety of ways, including, but not limited to, the following:

i. Excessive Management Fees. Adelphia is alleged to have improperly charged management fees to Rigas entities that were higher than the 5% management fee that Adelphia was contractually entitled to charge those entities. At the same time, Adelphia is alleged to have improperly decreased the interest expense that it charged to Rigas entities under certain co-borrowing credit facilities.

ii. Bad Debt Expense. Adelphia is alleged to have improperly adjusted its bad debt expense in order to manipulate EBITDA.

iii. Allocation of Costs. Adelphia is alleged to have improperly allocated significant Adelphia costs to Adelphia Business Solutions, Inc. ("ABIZ") and other Adelphia joint ventures.

iv. Artificially Inflated Rebuild Percentages. Adelphia is alleged to have improperly inflated its rebuild percentages.

v. Inflated Subscriber Numbers. Adelphia is alleged to have improperly inflated its subscriber numbers.

e. Fabrication of documents.

i. In connection with a January 2000 direct placement with the Rigases of Adelphia Class B common stock, Adelphia is alleged to have fabricated a cross receipt document in which it falsely represented that it had received $375 million of "immediately available funds."

ii. In connection with an October 2001 direct placement with the Rigases of Class B common stock and 6% convertible subordinated notes, Adelphia is alleged to have fabricated a variety of documents, including a draw-down notice, a pay-down notice and a cross receipt, in which Adelphia falsely represented that it has received approximately $428 million "immediately available funds."

f. Reclassification of debt.

Adelphia is alleged, on a quarterly basis, to have improperly reclassified co-borrowed debt from the books of Adelphia subsidiaries to the books of Rigas entities.

g. Use of co-borrowings to buy Adelphia securities.

The Rigases are alleged to have improperly used funds borrowed from the co-borrowing facilities to purchase Adelphia securities.

h.  Other wrongful conduct.

> Adelphia is alleged to have made sweetheart deals with certain service providers owned and controlled by the Rigases, including, but not limited to, Dobaire Designs, Eleni Interiors, Inc., and Preston Motors.

51.     As an example of the alleged wrongful acts, misrepresentations and omissions of Adelphia, James Brown testified at the criminal trial of the Rigases about hybrid financial statements – two sets of financial statements, one that was shown only to Adelphia insiders that accurately reported information, and a second set of books shown to Morgan Stanley and the public that was false – that he was responsible for creating.  (Tr. 6247:17-22).  He created the hybrid financial statements so the "people in the accounting department and the people in the operations department could understand how those numbers related to each other and how to bridge from one set of the number --- from the results and operations we're reviewing to the way we were reporting them so people [within Adelphia] could understand how we were generating what was going out to the public."  (Tr. 6248:1-12).  Using a 1997 report as an example, Brown explained that the $50 million difference between the operations number and the publicly disclosed number resulted from adding in artificial revenue.  (Tr. 6252:9-6253:6).  Adelphia insiders looking at the hybrid report could understand the difference between the growth rates that were reported to the public (and to Morgan Stanley) and growth rates calculated from the actual numbers in the internal reports.  (Tr. 6253:17-23).  John, Michael, and Timothy Rigas all read the hybrid financial reports; the reports were "never distributed outside of internally Adelphia."  (Tr. 6254:4-10).

52.    As another example of Adelphia's wrongful acts, misrepresentations, and omissions, Brown testified that Adelphia kept "two different sets of books of its bank debt compliance reports."  One set of books was labeled "Internal Reports" and the other was labeled "External Reports" (e.g., Govt. Exs. 6410 and 6411, respectively, both for the quarter ended September 30, 2000).  (Tr. 6355:2-7).  The external reports were those that were provided to the banks, while the internal reports "had all those documents plus supporting documents" which contained "specific details about the things that had been manipulated."  (Tr. 6355:10-17).  Brown testified that Timothy Rigas told him that the reason why they kept two sets of books was because "[they] didn't want to fool [them]selves."  (Tr. 6355:18-23).  Brown testified that he was "pretty certain" that the two sets of books were prepared "every single quarter" and he was "quite certain" that Adelphia never sent the internal set of records to the banks.  (Tr. 6357:2-8).

53.    Brown further testified at the Rigas criminal trial about Adelphia's preparation of SEC filings.  He testified that he reviewed the filings and discussed their substance with John and Timothy Rigas, Timothy Werth, Karen Chrosniak, and Dean Marshall, among others.  (Tr. 6516:24-6517:9).  Brown explained that the SEC required Adelphia to disclose how much money the Rigas family and its entities owed to Adelphia.  (6517:10-14).  He testified that he "worked on a number of fraudulent adjustments" to the 10-K for the period ended December 31, 2000 (Gov't Ex. 4029) (Tr. 6517:15-6518:6), that the balance sheet information in the 10-K did not accurately reflect the magnitude of the debts that the Rigas family owed to Adelphia, because it "artificially understate[d] amounts that were owed by the Rigas family and [omitted] amounts owed by Adelphia to Rigas family entities" (Tr. 6518:9-6520:12), that he knew the information was misleading when it was filed (Tr. 6521:5-16), and that Adelphia did not publicly disclose the debt reclassification process.  (Tr. 6544:19-25).  Brown also testified that Adelphia had added

together the balance sheet debt of Olympus and the managed entities as early as 1989 "to make it very hard to understand who owed what to whom." (Tr. 6522:1-11).

54.     The Rigases and other members of Adelphia management concealed from Morgan Stanley the conduct alleged in Paragraphs 48 through 53 above. If the conduct alleged in the criminal charges and the SEC complaint and as testified to by James Brown, as set forth in Paragraphs 50 through 53, is true, then Adelphia's financial and other business information, which Adelphia represented to Morgan Stanley was accurate and truthful, and upon which Morgan Stanley was entitled to rely and did rely in the course of providing investment banking services to Adelphia, was in fact inaccurate, false and misleading.

D.     Effect of Adelphia's Failure To Provide Morgan Stanley with the Above Information.

55.     Had Morgan Stanley been told of the alleged wrongful acts described in paragraphs 48 through 53, Morgan Stanley would have been unwilling to rely upon representations by Adelphia and its management, would have refused to provide investment banking services to Adelphia, and would not have underwritten any securities issued by Adelphia.

E.     Adelphia's Representations and Contractual Obligations to Morgan Stanley.

56.     In connection with its underwriting of Adelphia securities, Morgan Stanley relied upon representations and warranties made by Adelphia.

57.     For example, in connection with the underwriting of Adelphia Class A common stock in 1999, Adelphia represented and warranted in an underwriting agreement with certain underwriters dated April 23, 1999, *inter alia*, that:

a. "The Registration Statement … and Prospectus … will comply in all material respects with the requirements of the [1933] Act and … will not … contain an untrue statement of material fact or omit to state a material fact required to be stated therein or necessary to make the statements therein not misleading …."

b. "The historical financial statements of the Company and each of the Subsidiaries comply as to form in all material respects with the requirements … under the Act and present fairly in all material respects the financial position and results of operations of the Company, and each of its Subsidiaries, at the respective dates and for the respective periods indicated. Such financial statements have been prepared in accordance with generally accepted accounting principles applied on a consistent basis throughout the periods presented. The other financial information and data included in the Registration Statement and Prospectus, historical and *pro forma*, are accurately presented in all material respects…."

c. "The financial statements, together with related schedules and notes, included in the Registration Statement and Prospectus, present fairly the consolidated financial position, results of operations and changes in financial position of the Company and the Subsidiaries on the basis stated in the Registration Statement …."

d. "Each of the Company and the Subsidiaries maintain a system of internal accounting controls sufficient to provide reasonable assurance that … transactions are recorded as necessary to permit preparation of financial statements in conformance with generally accepted accounting principles and to maintain accountability for assets …."

58. Substantially similar representations, *inter alia*, were made to Morgan Stanley by Adelphia in other underwriting agreements dated October 1, 1999, September 15, 2000, January 17, 2001, and April 19, 2001.

59. Morgan Stanley was entitled to and did rely on Adelphia's representations and warranties, and Adelphia intended that Morgan Stanley would so rely. The underwriting agreements provided that Adelphia acknowledged that the underwriters would rely upon the accuracy and truth of the representations contained therein.

60.     The aforementioned underwriting agreements also provided that Adelphia would indemnify and hold harmless the underwriters against any and all losses, claims, damages or liabilities to which they might become subject to the extent that such losses, claims, damages or liabilities arose out of or were based upon any untrue statement or omission of material fact contained in the registration statement or the prospectus.

61.     The only potential liability in connection with statements or omissions in registration statements or prospectuses for which Adelphia did not agree to indemnify Morgan Stanley was any that arose out of or was based upon any statement or omission made in reliance on information furnished to Adelphia by or on behalf of the underwriters specifically for inclusion in a registration statement or prospectus.  The underwriters furnished limited information for inclusion in the registration statements and prospectuses.  The sections of the registration statements and prospectuses based on information furnished by or on behalf of the underwriters contained no misstatements or omissions.

62.     Morgan Stanley is an affiliate of a lender under that certain Credit Agreement, dated as of April 14, 2000 (the "<u>Century Co-Borrowing Agreement</u>") (collectively, together with related guaranty agreements, the "<u>Fee Claim Co-Borrowing Agreements</u>").

63.     Under the Century Co-Borrowing Agreement, the borrowers thereunder and their subsidiaries (which included Adelphia's affiliated debtors) agreed, jointly and severally "to indemnify and hold harmless each Agent, Arranger, and each Lender and each of their respective affiliates and their respective officers, directors, employees, agents, attorneys, and advisors (each, an 'Indemnified Party') from and against any and all claims, damages, losses, liabilities . . . , costs, and expenses (including, without limitation, reasonable attorneys' fees) that may be

incurred by or asserted or awarded against any Indemnified Party, in each case arising out of or in connection with or by reason of (including, without limitation, in connection with any investigation, litigation, or proceeding or preparation of defense in connection therewith) the [relevant Co-Borrowing Agreement], any of the transactions contemplated herein or the actual or proposed use of the proceeds of the Borrowings (including any of the foregoing arising from the negligence of the Indemnified Party), except to the extent such claim, damage, loss, liability, cost, or expense is found in a final, non-appealable judgment by a court of competent jurisdiction to have resulted from such Indemnified Party's gross negligence or willful misconduct."

64.     In light of the wrongful conduct by Adelphia described in paragraphs 48 through 53, the representations described in paragraphs 57 through 59 were false and misleading. In light of that wrongful conduct, Adelphia misrepresented material facts to Morgan Stanley and omitted to provide material information to Morgan Stanley.

65.     Adelphia acted with an intent to induce Morgan Stanley to act in reliance upon those material misrepresentations and omissions, and Morgan Stanley did act in reliance thereon. For example, Adelphia deceived Morgan Stanley so that it could raise hundreds of millions of dollars in capital through, among other things, public offerings of securities.  In fact, through its April 1999 offering of class A common stock, its October 1999 offering of class A common stock, its September 2000 offering of senior notes, its November 2001 offering of class A common stock, its April 2001 offering convertible subordinated notes, and its November 2001 offering of class A common stock Adelphia raised at least $1,250,000,000.

66.     Adelphia had a duty to provide Morgan Stanley with accurate and complete information, which duty was breached by Adelphia.

105

67.     In light of the wrongful conduct by Adelphia described in paragraphs 48 through 53, Adelphia violated its contractual obligations to Morgan Stanley described above.

## COUNT I

### Fraud

68.     Morgan Stanley repeats and realleges paragraphs 1 through 67 of the counterclaims as though fully set forth herein.

69.     Adelphia supplied information to Morgan Stanley in connection with each of Morgan Stanley's underwritings of Adelphia securities.

70.     In light of the wrongful conduct by Adelphia described herein, Adelphia supplied false information to Morgan Stanley by (a) misrepresenting material facts, including, but not limited to, the representations set forth in paragraphs 57 through 59, supra, with knowledge of the falsity of those representations or recklessness as to whether the representations were true or false, with an intent to induce Morgan Stanley to act in reliance upon the representations and/or (b) knowingly or recklessly omitting material information and thereby causing the representations made by Adelphia to Morgan Stanley to be false.

71.     In underwriting Adelphia securities, Morgan Stanley justifiably relied upon Adelphia's representations and omissions

72.     As a direct and proximate result of Adelphia's fraudulent acts, misrepresentations and omissions, Morgan Stanley has suffered significant damages.

## COUNT II

### Negligent Misrepresentation

73.     Morgan Stanley repeats and realleges paragraphs 1 through 67 of the counterclaims as if fully set forth herein.

74.     Adelphia, in the course of its business, supplied information to Morgan Stanley in connection with Morgan Stanley's provision of underwriting services.  It was necessary for Adelphia to supply that information to Morgan Stanley in order for Morgan Stanley to perform its investment banking services, and Adelphia was aware of that fact.

75.     In light of the alleged wrongful conduct by Adelphia described herein, Adelphia negligently supplied false information to Morgan Stanley by (a) misrepresenting material facts, including, but not limited, to the representations set forth in paragraphs 57 through 59, supra, and/or (b) negligently omitting material information and thereby causing representations made by Adelphia to be false.

76.     In providing underwriting services, Morgan Stanley justifiably relied upon Adelphia's representations and omissions.

77.     As a direct and proximate result of Adelphia's negligent misrepresentations and omissions, Morgan Stanley has suffered significant damages.

## COUNT III

### Breach of Contract

78.     Morgan Stanley repeats and realleges paragraphs 1 through 67 of the counterclaims as if fully set forth herein.

79.     Adelphia contracted with Morgan Stanley for its provision of underwriting services. By contracting with Morgan Stanley, Adelphia undertook certain obligations, including to establish and maintain effective internal control over financial reporting, to make all financial records and related information available to Morgan Stanley, and to provide accurate representations that Morgan Stanley could and did rely upon in providing investment banking services.

80.     In light of the alleged wrongful conduct by Adelphia described herein, Adelphia breached its contractual obligations to Morgan Stanley.

81.     Morgan Stanley completely performed each and every one of its obligations under the terms of the agreements described above.

82.     As a direct and foreseeable consequence of the breaches of express and implied terms, representations and warranties by Adelphia in its performance of the agreements as described above, Morgan Stanley has suffered significant damages.

## COUNT IV

### Indemnity Under the Underwriting Agreements

83.     Morgan Stanley repeats and realleges paragraphs 1 through 67 of the counterclaims as if fully set forth herein.

84.     As a result of Adelphia's misconduct described above, Morgan Stanley has been sued in numerous lawsuits, including the instant proceeding, in connection with Morgan Stanley's provision of investment banking services to Adelphia, including allegedly making

material misstatements and omissions in offering documents in connection with its underwriting of Adelphia securities.

85.     Any liability on Morgan Stanley's part is the direct result of Adelphia's fraudulent misrepresentations and omissions, and breaches of its contractual duties and representations to Morgan Stanley.  Accordingly, Morgan Stanley is entitled to judgment against Adelphia for the full amount of any judgment or settlement recovered by any plaintiff, including Adelphia and the ART, or class of plaintiffs against Morgan Stanley.

## COUNT V

### Indemnity Under the Fee Claim Co-Borrowing Agreements

86.     Morgan Stanley repeats and realleges paragraphs 1 through 67 of the counterclaims as if fully set forth herein.

87.     Under the terms of the Fee Claim Co-Borrowing Agreements, Morgan Stanley is an "Indemnified Party."  As an "Indemnified Party," Morgan Stanley is entitled to indemnification from and against any and all claims, damages, losses, liabilities, costs, and expenses (including, without limitation, reasonable attorneys' fees) that may be incurred, asserted or awarded in connection with or by reason of the Co-Borrowing Agreements, the transactions contemplated therein, or the actual or proposed use of the proceeds of the amounts disbursed thereunder.

88.     Morgan Stanley has been sued in numerous lawsuits, including the instant proceeding, in connection with or by reason of the Fee Claim Co-Borrowing Agreements, the transactions contemplated therein, and the actual or proposed use of the proceeds of the amounts disbursed thereunder.

89.     Accordingly, Morgan Stanley is entitled to judgment against Adelphia and/or its affiliated debtors for the full amount of any judgment or settlement recovered by any plaintiff or class of plaintiffs, including Adelphia and/or its affiliated debtors, and the ART, against Morgan Stanley.

## REQUEST FOR RELIEF

WHEREFORE, Morgan Stanley requests that judgment be entered in its favor as follows:

a.      Dismissing the Amended Complaint as against it;

b.      On Counts I through III of the Counterclaims, awarding Morgan Stanley compensatory, consequential and punitive damages, reasonable attorney's fees and interest thereon in an amount to be proven at trial;

c.      On Count IV of the Counterclaims, awarding Morgan Stanley indemnity, to the extent permitted by law, with respect to Morgan Stanley's liability and expenses occasioned by Adelphia's wrongful conduct;

d.      On Count V of the Counterclaims, awarding Morgan Stanley indemnity, to the extent permitted by law, with respect to Morgan Stanley's liability and expenses occasioned by its being named in various lawsuits in connection with or by reason of the Fee Claim Co-Borrowing Agreements, the transactions contemplated therein, and the actual or proposed use of the proceeds of the amounts disbursed thereunder;

e.       Awarding costs, disbursements, and attorneys fees to Morgan Stanley; and

f.    Awarding Morgan Stanley such other relief as this Court deems just and

proper.

Dated: New York, New York
       March 26, 2008

Respectfully submitted,

By:_____

Mitchell A. Lowenthal
Deborah M. Buell
Lindsee P. Granfield
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000

Attorneys for Defendant and Counterclaim
Plaintiff Morgan Stanley & Co. Incorporated