UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ADELPHIA RECOVERY TRUST,              :

                Plaintiff,       :     05 Civ. 9050 (LMM)
                                (related to 03 MDL 1529)
    - against -                     :
                                   MEMORANDUM AND ORDER
BANK OF AMERICA, N.A. et al.,         :

                Defendants.     :

------------------------------------x

McKENNA, D.J.,

**1.**

The Investment Banks move for reconsideration of part of this Court's Decision on Appeal from Bankruptcy Court, dated January 17, 2008 ("Decision"), specifically Section 7 of the Decision (at pp. 22-31), considering Bankruptcy Judge Gerber's determination not (with some exceptions) to dismiss Claim 37 of the Complaint on the in pari delicto ground urged by defendants.[1] This Court affirmed that determination, "although at some points for different or additional reasons" (Decision at 23) than those set forth by Judge Gerber. The movants argue that this Court overlooked binding Second Circuit precedent, principally Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147 (2d Cir. 2003), and also Hirsch v.

---

[1] The moving defendants are specifically identified in Plaintiff's Memorandum at 1 n.1. A number of a other defendants have joined in the motion.

Arthur Anderson & Co., 72 F.3d 1085 (2d Cir. 1995). (See Def. Mem. at 1-3.)

**2.**

Some background is necessary. This Court affirmed Judge Gerber's determination that the law of Pennsylvania governs Claim 37, alleging the Pennsylvania tort of aiding and abetting a breach of fiduciary duty to Adelphia on the part of members of the Rigas family and others. That is not at issue here. And (unlike Judge Gerber) this Court was persuaded that the determination of the Third Circuit in Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340 (3rd Cir. 2001), is an authoritative source of Pennsylvania law "on most of the issues surrounding the in pari delicto defense." (Decision at 25 (footnote omitted).) That is not in dispute.

In Lafferty, the Third Circuit, after considering the issue of the standing of the plaintiff creditor's committee to assert the claims at issue, turned to the defendant's "assertion of the doctrine of in pari delicto as an affirmative defense against those claims." 267 F.3d at 354. It considered in this context the question "whether post-petition events may be considered when evaluating a claim in bankruptcy." Id. at 355-56. The court's analysis on the issue turned on 11 U.S.C. § 541. "Under section 541," the court said, "the bankruptcy estate includes 'all legal or equitable interests of the debtor in property as of the

2

commencement' of bankruptcy." Id. at 356 (quoting 11 U.S.C. § 541(a)) (emphasis by Third Circuit) (other citation omitted). The court then reasoned:

> The Committee asks us to consider post-petition events, namely, the removal of the Shapiro family and their co-conspirators from the Debtors' management as well as the Committee's status as an innocent successor, when weighing the equities of the in pari delicto defense. The plain language of section 541, however, prevents courts from taking into account events that occur after the commencement of the bankruptcy case. As a result, we must evaluate the in pari delicto defense without regard to whether the Committee is an innocent successor.

Id. at 356-57 (citation omitted). As a consequence, the Lafferty court concluded that "[v]iewing the [Committee's] claim as of the commencement of bankruptcy, we find that the in pari delicto doctrine bars the Committee, standing in the shoes of the Debtors, from bringing its claims against Lafferty." Id. at 360.

Judge Gerber disagreed with the Lafferty court's reading of 11 U.S.C. § 541 (see Decision and Order on Motions to Dismiss, June 11, 2007, at 29-39), citing, inter alia, Matter of Educators Group Health Trust, 25 F.3d 1281 (5th Cir. 1994). (See Decision and Order on Motions to Dismiss, at 34).

This Court, on appeal from Judge Gerber, pointed out that, while Lafferty properly considered Pennsylvania law as applicable to the in pari delicto defense to the Committee's state law tort claim, the construction of 11 U.S.C. § 541, a federal statute, must be governed by federal law (Decision at 28-29.) In

3

that context, the Court pointed out that Educators, as read by Judge Gerber, would be as authoritative on the construction of Section 541 as Lafferty. (Decision at 29.) This Court said that "[i]n the absence of binding Second {C]ircuit authority on the point at issue, this Court finds Educators more persuasive than Lafferty." (Id.)

**3.**

The Investment Banks urge that there is Second Circuit authority (albeit on a different issue) -- Color Tile and Hirsch -- and that it requires dismissal of Claim 37. Color Tile is described as "binding authority on the federal law question of the consequence of pleading facts that, on their face, establish in pari delicto under governing state law." (Def. Mem. at 2.)[2]

The Investment Banks' arguments are not persuasive.

**4.**

Judge Gerber, and this Court, in citing Educators, were not considering a pleading issue but the issue of the construction of 11 U.S.C. § 541 in a manner that excluded from consideration any post-petition events in evaluating a state law tort claim. Color Tile and Hirsch, while they mention Section 541 in relation to a

---

[2] It is hornbook law that a complaint "is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy." 5B Wright & Miller, Federal Practice & Procedure, at 708 (3d ed. 2004) (footnote omitted). This rule is properly applied in cases involving the in pari delicto defense. Color Tile, 322 F.3d at 164.

4

creditors' committee's standing, do not consider the issue of whether that section does or does not preclude consideration of post-petition events, as the Lafferty court had done.

On this generally not unimportant point, Judge Gerber was, in this Court's view, correct. The point is not that important in the present case, however, because, in the case of Adelphia, the wrongdoers were removed from directorships and management positions in May of 2002, and the petition in bankruptcy was not filed until June 25, 2002. Thus, here, in the words of Lafferty, "the removal of the [Rigas} family and their co-conspirators from [Adelphia's} management, as well as the Committee's [now the Adelphia Recovery Trust's] status as an innocent successor" are not "post-petition events" not to be considered in "weighing the equities of the in pari delicto defense" by reason of Section 541 as construed in Lafferty, but, by clear implication, pre-petition events that the Court is to consider. 267 F.3d at 356-57. These pre-petition events adequately appear on the face of the Complaint. (See Complaint, ¶¶ 415, 527.) In these circumstances, a Rule 12(b)(6) dismissal is precluded.

**5.**

The Investment Banks' motion for reconsideration is granted; on reconsideration, the Court adheres to its original determination.

SO ORDERED.

Dated: May _ , 2008

```
                              _____
                                 Lawrence M. McKenna
                                      U.S.D.J.
```