KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
Richard L. Wynne (RW 5630)
Bennett L. Spiegel (BS 7153)

-and-

777 South Figueroa Street
Los Angeles, California  90017
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500
Melissa D. Ingalls (*admitted pro hac vice*)
Erin N. Brady (*admitted pro hac vice*)
Laura A. Thomas (*admitted pro hac vice*)

Attorneys for The Non-Agent Lenders

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADELPHIA RECOVERY TRUST,<br><br>                    Plaintiff,<br><br>          vs.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>                    Defendants. | Case No.:     05-CV-9050 (LMM) |

**MEMORANDUM OF LAW IN SUPPORT OF NON-AGENT LENDERS' MOTION**
**FOR ENTRY OF FINAL JUDGMENTS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

K&E 13048047.9

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 54(b), this Court should exercise its authority to enter a final judgment on Counts 1-16, 33, 41-44 and 49-52 of the Second Amended Complaint (the "Bankruptcy Claims") and also on Counts 34-35, 45-47, and 48 of the Second Amended Complaint (the "Non-Bankruptcy Claims") as against the Non-Agent Lenders.[1] Indeed, this is a textbook case for entry of judgment under Rule 54(b), as the Rule was enacted to permit parties in complex cases with multiple parties and claims — such as this lengthy, complicated bank litigation — to obtain timely review of orders adjudicating individual claims (although not disposing of the entire action).

Simply put, whether the Adelphia Recovery Trust (the "ART") can pursue the Bankruptcy Claims and the Non-Bankruptcy Claims against the hundreds of Non-Agent Lender Defendants is no longer a live issue in the case pending before this Court. In fact, because of this Court's June 17, 2008 decision dismissing the Bankruptcy Claims due to the ART's lack of standing and Judge Gerber's June 11, 2007 decision dismissing the Non-Bankruptcy Claims, there are *no remaining claims* against the Non-Agent Lenders. Together, these two decisions eliminated the Non-Agent Lenders from this now five year old case;  a case in which ultimately the Non-Agent Lenders never had a place. Under these circumstances, there are at least two reasons why there is no just reason to delay any appeal of the Bankruptcy Claims or the Non-Bankruptcy Claims.

---

[1] For purposes of this motion, the Non-Agent Lenders are those defendants represented by Kirkland & Ellis LLP and sued in their capacity as "Syndicate Banks" or "Assignees" in relation to the CCH, UCA/HHC, Olympus, Parnassos, FrontierVision and Century-TCI Facilities.  To the extent that any Kirkland & Ellis LLP represented defendant is alleged to be a "John Doe" lender in any of the six credit facilities, that defendant is also a moving party here.  Kirkland & Ellis LLP represents approximately 430 Non-Agent Lenders across all six credit facilities, who received payments of over $4.3 billion in relation to the Adelphia debt paper.

*First*, certifying the dismissal of the Bankruptcy Claims and the Non-Bankruptcy Claims as final judgments will promote the interests of efficiency and equity.  Final judgments will narrow the issues before the Court in this complex, lengthy case and therefore, allow the Court and the remaining parties to focus on the tort claims and the other claims still asserted only against other Defendants before this Court (the "Remaining Claims").  Moreover, final judgments will simultaneously alleviate the unnecessary uncertainty and expense that the Non-Agent Lenders would have to endure over the next months — if not years — sitting on the sidelines incurring additional litigation costs monitoring the progress of a case (in which the Non-Agent Lenders now have no place).  Such a result would be inefficient and inequitable.

*Second*, the issues surrounding the Bankruptcy Claims, as well as the Non-Bankruptcy Claims, are separate and distinct from the Remaining Claims.  The Non-Bankruptcy Claims of recharacterization of debt as equity, unjust enrichment and equitable estoppel are no longer before this Court, and will not be tried with the tort claims at issue because those claims were dismissed as to all Defendants against which they were alleged.  Moreover, this Court's dismissal of the Bankruptcy Claims focused on a legal determination — whether the Debtors in whose stead the ART brought the Bankruptcy Claims had standing to pursue those claims — which is entirely unrelated to, and separable from the ART's Remaining Claims.  The remaining central tort claims focus on the alleged actions and good faith and knowledge of the Defendants.

Accordingly, as there are no claims pending against the Non-Agent Lenders and the facts compel the conclusion that there is no just reason to delay an appeal of these issues, this Court should exercise its authority to certify the dismissal of the Non-Bankruptcy Claims in the June 11, 2007 Order and the dismissal of the Bankruptcy Claims in the June 17, 2008 Order as final judgments pursuant to Rule 54(b).

**THE COURT SHOULD EXERCISE ITS AUTHORITY TO ENTER FINAL JUDGMENT ON THE BANKRUPTCY CLAIMS AND ON THE NON-BANKRUPTCY CLAIMS**

    **A.    Legal Standard Regarding Rule 54(b) of the Federal Rules of Civil Procedure**

A court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties" in an action involving multiple claims and/or parties if the court determines that there is "no just reason for delay." Fed. R. Civ. P. 54(b). "It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980) (citation and internal quotation marks omitted). "This discretion is to be exercised in the interest of sound judicial administration." *Id.* (citation and internal quotation marks omitted); *see also Bowne of New York City, Inc. v. AmBASE Corp.*, 161 F.R.D. 270, 272 (S.D.N.Y. 1995) ("Courts should not restrict the use of Rule 54(b) to cases which are unusual, exceptional, or extraordinary but should instead be guided by the interest of sound judicial administration.") (citation and internal quotation marks omitted).

Certification of a final judgment pursuant to Rule 54 may be appropriate where, as here: (1) there are either multiple claims for relief or multiple parties involved; (2) at least one claim, or the rights and liabilities of at least one party, has been finally decided; and, (3) there is no just reason for delaying an appeal. *See Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-165 (2d Cir. 2005). "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . ., a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8.

3

### B. This Bank Litigation Involves Multiple Claims and Multiple Parties.

"This is obviously a case with multiple claims against multiple parties." *Estate of Metzermacher v. Nat'l R.R. Passenger Corp.*, 487 F. Supp. 2d 24, 27 (D. Conn. 2007).  This Court is very familiar with the multiple parties and numerous claims involved in this case.  For example, in its Second Amended Complaint, the ART alleged claims against hundreds of defendants, including the Non-Agent Lenders, the Nominal Agents, the Agent Banks, the Investment Banks, and the Margin Lenders.[2]  Moreover, the ART alleged multiple claims including fraudulent transfer, preference, declaratory judgment, violation of the Bank Holding Company Act, and aiding and abetting fraud.[3]  It is accordingly beyond question that the first inquiry required for a Rule 54(b) certification is satisfied.

### C. The Courts' Decisions Have Finally Decided The Bankruptcy And Non-Bankruptcy Claims.

The Courts' decisions dismissing the Bankruptcy Claims and the Non-Bankruptcy Claims completely eliminated the Non-Agent Lenders from this case.  There are ***no remaining claims*** pending against the Non-Agent Lenders.  The Courts' decisions were "final in the sense that [they are] ultimate disposition[s]" of these claims.  *Estate of Metzermacher*, 487 F. Supp. 2d at 27 (reasoning that there was a final judgment within the meaning of Section 1291, sufficient to certify a final judgment pursuant to Rule 54(b), because all claims against a certain group of defendants had been finally determined and dismissed) (citation and internal quotation marks omitted);  *see also Daniel, M.D. v. Am. Bd. of Emergency Medicine*, 212 F.R.D. 134, 139

---

[2]  *See, e.g.,* Sec. Am. Compl. ¶¶ 1079-1099 (Non-Agent Lenders and the Nominal Agents), 1357-1362 (Margin Lenders), 1363-1369 (Agent Banks), 1404-1412 (Investment Banks).

[3]  *See, e.g.,* Sec. Am. Compl.  ¶¶ 1079-1089 (fraudulent transfer claim), 1514-1519 (preference), 1452-1457 (declaratory judgment), 1363-1369 (Bank Holding Company Act claim), 1421-1433 (aiding and abetting fraud claim).

K&E 13048047.9

(W.D.N.Y. 2002) ("Where defenses based on . . . lack of subject matter jurisdiction are involved, judgment under Rule 54(b) has been held to establish sufficient finality as required by 28 U.S.C. § 1291 and desirable to avoid unnecessary second trials.") (citations omitted).  Therefore, the second inquiry required for a final judgment certification is also satisfied.

> **D.     There Is No Just Reason For Delaying An Appeal Of The Bankruptcy And Non-Bankruptcy Claims.**

Because this Court's Order dismissed all of the previously outstanding claims against the Non-Agent Lenders, Rule 54(b) permits the entry of final judgment as to the Bankruptcy Claims and as to the Non-Bankruptcy Claims provided that there is "no just reason for delay."  As demonstrated below, there is simply no just reason for delay under these circumstances.

> 1.     Final Judgments Would Promote The Interests Of Judicial Economy And Fairness To The Dismissed Non-Agent Lenders.

According to the United States Supreme Court, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8. Here, it is in the interests of  "all parties to narrow the remaining pool of pending issues." *See Olin Corp. v. Ins. Co. of N.A.*, 771 F. Supp. 76, 80 (S.D.N.Y. 1991).  This case has been pending for over five years.  The central issues to be litigated regarding the alleged conduct, good-faith and knowledge of the remaining Defendants, as well as the few other remaining claims, will require many months — if not years — of extensive discovery.  Having ruled on the Bankruptcy Claims and the Non-Bankruptcy Claims against the Non-Agent Lenders, it is in the interests of the parties and the Court to enter final judgment on the Bankruptcy Claims and on the Non-Bankruptcy Claims and therefore, allow the Court and the parties to focus on the extensive upcoming litigation of the Remaining Claims.

Moreover, in the interests of equity, the Non-Agent Lenders should be granted final judgments.  After having endured a five-year litigation, it is in the interests of fairness to certify

5

the Bankruptcy Claims and the Non-Bankruptcy Claims as final judgments and allow the Non-Agent Lenders to achieve some closure to this lengthy case.  *See, e.g., Daniel, M.D.*, 212 F.R.D. at 137-139 (noting that where the dismissal was on jurisdictional grounds, considerations of judicial economy and fairness to the dismissed party support a Rule 54(b) final judgment certification).  To do otherwise would force the Non-Agent Lenders to watch and wait on the sidelines of a case which no longer involves them and to incur additional litigation costs monitoring the progress of the case.  *See id.* at 138 ("Dismissed Defendants have a clear and valid interest in having the cloud of legal uncertainty, which may create collateral burdens to them, definitively removed at an early point.").

In addition, the Courts' dismissal of all claims against the Non-Agent Lenders has not altered the Debtors' refusal to release the principal payments that, under the Plans, were escrowed for any Non-Agent Lenders who could not satisfy the adequate assurance standards of the Plans with respect to disgorging funds if a judgment was entered against that defendant in this case.  *See* Third Modified Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code for Century-TCI Debtors and Parnassos Debtors, As Confirmed § 6.16(b); *see also* Fifth Amended Joint Chapter 11 Plan for Adelphia Communications Corporation and Certain of Its Affiliated Debtors § 5.2(c)(v).  According to the Debtors, the funds of those lenders held in escrow[4] may not be released until there is a final, non-appealable order dismissing the Non-Agent Lenders.  Thus, in the absence of an entry of final judgments, which will compel Plaintiffs to appeal or allow the decisions to become final, Debtors will continue to refuse to release the money escrowed on behalf of some of the Non-Agent Lenders.

---

[4]   The Non-Agent Lenders have not received complete information concerning the amount of funds of Non-Agent Lenders being held in escrow by the Debtors, but believe it to be in the tens of millions of dollars, if not greater.

6

The Non-Agent Lenders have a clear interest in receiving, at the earliest time possible, the payments on their debt to which this Court has now held the Non-Agent Lenders are entitled.

Moreover, it is not in the Non-Agent Lenders' interest "to await the final outcome to find out if [they] should be returned to the case." *Daniel, M.D.*, 212 F.R.D. at 139. Such a result is inequitable and inefficient, and accordingly, should be avoided.

Therefore, assessing the judicial efficiency and equitable considerations alone demonstrates that there is simply no just reason to delay any appeal of the Bankruptcy Claims or the Non-Bankruptcy Claims.

> 2. The Bankruptcy Claims, As Well As The Non-Bankruptcy Claims, Are Separable From The Claims Remaining Before This Court.

An additional reason supporting the conclusion that there is no just reason for delay is that the Bankruptcy Claims, and the Non-Bankruptcy Claims, are separable from the Remaining Claims in this case. *See Curtiss-Wright Corp.*, 446 U.S. at 8 (reasoning that a court may determine that there is no just reason to delay an appeal if the claims that were finally adjudicated are separable from the other remaining claims in the action).[5]

Here, the question of whether the Bankruptcy Claims should have been dismissed is an entirely separate and distinct question from the good faith and knowledge issues surrounding the central tort claims and the issues regarding the few remaining fraudulent transfer claims. In fact, this Court's dismissal of the Bankruptcy Claims "hinged on a legal determination [— standing —] that is entirely unrelated to, and separable from [the ART's] claims against the [remaining

---

5   *See also I.L.T.A., Inc. v. United Airlines, Inc.*, 739 F.2d 82, 85 (2d Cir. 1984) ("The bases of the remaining claims and the recovery sought are sufficiently separable from those dismissed for proper certification under Fed. R. Civ. P. 54(b)."); *see also Fletcher v. Marino*, 882 F.2d 605, 610 (2d Cir. 1989) (reasoning that Rule 54(b) certification was appropriate because "[t]he two severed causes of action [we]re independent from those left undecided"); *Northpark Nat'l Bank v. Bankers Trust Co.*, 572 F. Supp. 520, 523 (S.D.N.Y. 1983) ("[T]he question which the [jurisdictional] opinion addresses is wholly divorced form the rest of the case.").

defendants]." *Estate of Metzermacher*, 487 F. Supp. 2d at 27 (citing *Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy*, 891 F.2d 414, 418 (2d Cir. 1989)).  The Bankruptcy Claims on appeal will focus on whether the ART, standing in the shoes of the Bank Obligor Debtors, has standing.  In sharp contrast, the remaining tort claims before this Court will, unless dismissed as a matter of law, require factual inquiries into the actions of the Debtors, their management and directors, their independent auditors, and their other professional advisors, as well as of the remaining Defendants.

Moreover, the question of whether the Non-Bankruptcy Claims should have been dismissed is also an entirely separate issue from the issues surrounding the Remaining Claims.  The Non-Bankruptcy Claims were dismissed as to all defendants and so ***none*** of these claims remain pending against any other Defendant before this Court.  *See, e.g., Hudson River Sloop Clearwater, Inc.*, 891 F.2d at 418 (reasoning that the separate and distinct test is satisfied because "[n]one of the causes of action remaining in the district court are concerned with [the issues which will be subject to the final judgment certification]"); *see also Fletcher*, 882 F.2d at 610 (reasoning that one of the obvious reasons for a final judgment was that "[t]he two severed causes of action [we]re independent from those left undecided").  By definition, the claims are distinct and entirely separable from the Remaining Claims, which are completely different claims.

Therefore, for this additional reason, there is no just reason to delay any appeal of the Bankruptcy Claims or the Non-Bankruptcy Claims.

**CONCLUSION**

Pursuant to the Courts' June 11, 2007 and June 17, 2008 Orders, all of the claims pending against the Non-Agent Lenders were dismissed.  In fact, these decisions eliminated the Non-Agent Lenders from this case.  Accordingly, as there are no just reasons to delay any appeal on the Bankruptcy Claims or on the Non-Bankruptcy Claims, this Court should exercise its discretion to enter final judgments pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


Dated:  July 17, 2008
/s/ Richard L. Wynne
Richard L. Wynne (S.B.N. 120349)

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
Richard L. Wynne (RW 5630)
Bennett L. Spiegel (BS 7153)

-and-

777 South Figueroa Street
Los Angeles, California  90017
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500
Melissa D. Ingalls (*admitted pro hac vice*)
Erin N. Brady (*admitted pro hac vice*)
Laura A. Thomas (*admitted pro hac vice*)

Attorneys for The Non-Agent Lenders

K&E 13048047.9