ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/08

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
Richard L. Wynne (RW 5630)
Bennett L. Spiegel (BS 7153)

-and-

777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Melissa D. Ingalls (*admitted pro hac vice*)
Erin N. Brady (*admitted pro hac vice*)
Laura A. Thomas (*admitted pro hac vice*)

Attorneys for The Non-Agent Lenders

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADELPHIA RECOVERY TRUST,<br><br>                Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                Defendants. | No. 05-CV-9050 (LMM)<br><br>[Proposed Judgment Concurrently Lodged] |

SO ORDERED

**STIPULATION AND PROPOSED ORDER
REGARDING RULE 54(B) FINAL JUDGMENTS**

This Stipulation is made by and between, and the Proposed Order attached hereto as Exhibit A is submitted by, the Adelphia Recovery Trust (the "ART") and the Non-Agent Lenders,[1] by and through their counsel of record, with reference to the following facts:

---

[1] The Non-Agent Lenders are those defendants represented by Kirkland & Ellis LLP and sued in their capacity as "Syndicate Banks" or "Assignees" in relation to the CCH, UCA/HHC, Olympus, Parnassos, FrontierVision and Century-TCI Facilities.

K&E 13151779.9

WHEREAS on June 11, 2007, Judge Gerber dismissed, in pertinent part, Counts 34-35, and 45-48 of the Second Amended Complaint (the "Non-Bankruptcy Claims").[2]

WHEREAS on June 17, 2008, this Court dismissed, as to the Non-Agent Lenders and the Nominal Agent Lenders that moved for dismissal, Counts 1-16, 33, 41-44, and 49-52 of the Second Amended Complaint (the "Bankruptcy Claims").

WHEREAS on July 17, 2008, pursuant to Federal Rule of Civil Procedure 54(b), the Non-Agent Lenders filed a motion seeking final judgments, as to the Non-Agent Lenders, on the Bankruptcy and Non-Bankruptcy Claims (the "Final Judgment Motion"). *See* Docket Nos. 830, 831.

WHEREAS, thereafter, additional Defendants joined in or responded to the Final Judgment Motion, requesting that to the extent this Court grants the Final Judgment Motion as to the Non-Agent Lenders, it be granted as to all Defendants specified in such joinders or responses and any other Defendants named in any of the dismissed Bankruptcy Claims and the Non-Bankruptcy Claims (collectively, the "Affected Defendants")[3]. *See* Docket Nos. 834-839, 842-852, 855-857, 872, 875, 878, 880-882, 884.

IT IS HEREBY STIPULATED AND AGREED THAT:

1. The ART and the Non-Agent Lenders agree that, pursuant to Federal Rule of Civil Procedure 54(b), this Court has the authority to enter final judgments on the Bankruptcy

---

[2] Since Judge Gerber's June 11, 2007 decision, the ART has amended its complaint twice. The ART filed its Amended Complaint on October 31, 2007. *See* Docket No. 132. Thereafter, on March 4, 2008, the ART filed its Second Amended Complaint. *See* Docket No. 541. As the relevant count numbers have not changed, this Stipulation refers to the Second Amended Complaint.

[3] A list of Affected Defendants is attached as Exhibit B. Because dismissed Count 33 (Equitable Subordination or Disallowance) was pleaded against "All Defendants," Exhibit B lists all defendants named in the Second Amended Complaint.

2

Claims and on the Non-Bankruptcy Claims as against all Affected Defendants and agree that such determination is appropriate when based on the findings set forth herein and in the accompanying Rule 54(b) Judgment.

2. The ART and the Non-Agent Lenders agree that entry of final judgments and the pendency of any subsequent appeal that may follow shall not be used as a basis for any motion to stay the proceedings on the claims remaining before this Court, and that the stipulation is contingent upon entry of an order substantially in the form of the Proposed Order attached hereto as Exhibit A.

3. This case involves multiple claims, thereby satisfying the first inquiry required for Rule 54(b) certification.

4. This Court's June 17, 2008 decision dismissing the Bankruptcy Claims due to the Court's finding that the ART lacks standing as to those claims and Judge Gerber's June 11, 2007 decision dismissing the Non-Bankruptcy Claims are both final within the meaning of Rule 54(b) and Section 1291 of Title 28. Accordingly, the second inquiry required for a final judgment certification is also satisfied.

5. There is no just reason for delaying an appeal of the Bankruptcy and Non-Bankruptcy Claims, inasmuch as (a) final judgments would promote the interests of judicial economy and fairness, (b) the issues to be considered on any appeal of the dismissal of the Bankruptcy Claims, as well as the Non-Bankruptcy Claims, are separable from the merits of the claims remaining before this Court, and (c) there is no sound basis to delay, alter, or stay the scheduling of pre-trial and trial proceedings on the remaining claims in this action based on the pendency of any appeal from the Rule 54(b) Judgment.

6. A Proposed Order substantially in the form attached hereto as Exhibit A entering the final judgments and precluding the possibility of a stay based on the pendency of any appeal of the Final Judgments shall be circulated to all parties, who shall have twenty (20) days to file any objection(s) to the Proposed Order.[4] If any party-in-interest objects, then, if the Court deems it appropriate, the Court shall schedule a hearing on this matter. In the event that the Court declines to enter an order substantially in the form attached hereto as Exhibit A, this stipulation shall be void and of no force or effect, and the Court shall set a briefing schedule on the Non-Agent Lenders' Motion For Entry of Final Judgments Pursuant to Federal Rule of Civil Procedure 54(b) [Docket Nos. 830, 831].

Dated: October 23, 2008

Respectfully submitted,

Richard L. Wynne

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4675
Richard L. Wynne (RW 5630)
Bennett L. Spiegel (BS7153)

-and-

777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
Melissa D. Ingalls (*admitted pro hac vice*)
Erin N. Brady (*admitted pro hac vice*)
Laura A. Thomas (*admitted pro hac vice*)

Attorneys for The Non-Agent Lenders

---

[4] On October 23, 2008, the effective date of this stipulation, the Non-Agent Lenders will electronically serve all parties with a copy of the stipulation, as well as a copy of the attached proposed order.

4

Dated: October 23, 2008

*(signature)*

Michael C. Harwood

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
David M. Friedman (DF-4278)
Michael C. Harwood (MH-4227)

Counsel for Adelphia Recovery Trust as to all claims except for claims against defendants CIBC, Inc.; CIBC World Markets Corp.; Rabobank Nederland, New York; Société Générale; Amaranth Fund, L.P.; Avenue Special Situations Fund II, LP; Bear, Stearns & Co., Inc.; Bear Stearns Credit Products; Bear Stearns Investment Products; Cedarview Opportunities Master Fund; Contrarian Funds, LLC; Gabriel Capital LP; Hartford Floating Rate Fund; Key Bank of New York; Latigo Master Fund, Ltd.; Longacre Capital Partners; Longacre Master Fund, Ltd.; MetLife Insurance Co. of Connecticut; New York Life Insurance Co.; New York Life Insurance and Annuity Corporation; Nomura Bond & Loan Fund; Cooperatieve Centrale Raiffeisen-Boerenleenbank B.A.; Royal Banko of Canada; SPCP Group; Satellite Senior Income Fund, LLC; Satellite Senior Income Fund II, LLC; and Cowen and Company, LLC

Dated : October 23, 2008

*Deirdre E. Connell* (signature)

Deirdre E. Connell

JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 891-1600
Richard F. Ziegler
Andrew Weissmann

330 N. Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
Jerold S. Solovy
Deirdre E. Connell

Counsel for Adelphia Recovery Trust as to all claims except for claims against defendants Deutsche Bank AG and affiliated defendants; HSBC Bank USA; Nuveen Floating Rate Income Fund; Nuveen Senior Income Fund; Nuveen Floating Rate Income Opportunity Fund; and National City Bank of Pennsylvania

SO ORDERED:

LSMJ  12/8/08

K&E 13151779.9