UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADELPHIA RECOVERY TRUST, et al., :
:
                      Plaintiffs, :     OPINION AND
:         ORDER
     - against - :
:     05 Civ. 9050 (LMM) (RLE)
BANK OF AMERICA, N.A., et al., :
:
                      Defendants. :

**RONALD L. ELLIS, United States Magistrate Judge:**

Following a conference with the Court on January 29, 2009, where the undersigned ruled on various pending discovery motions, and subsequent review of the remaining outstanding discovery disputes presented to the Court,

**IT IS HEREBY ORDERED** that the record should reflect resolution of the following:

1) Defendants' Motion for Production of Materials from Prior Litigation (Docket No. 148) is **DENIED**;

2) Defendant Bank of America's Motion to Compel Plaintiffs' Responses to Interrogatories (Docket No. 807) is **DENIED**;

3) Bank Defendant's Motion to Compel the Production of Documents Related to PricewaterhouseCoopers's Restatement Audit Documents (Docket No. 810) is **GRANTED**;

4) Plaintiffs' Motion to Compel Production of Documents (Docket No. 814) is **DENIED, in part**, and **GRANTED, in part**, with certain requests returned to counsel for further deliberation,

    a) Production of communications between the Bank Defendants and Government agencies relating to Adelphia is **GRANTED, in part**. Bank Defendants assert that documents

exchanged with the Office of the Comptroller of the Currency ("OCC") cannot be produced as it would subject them to criminal liability. They fail, however, to demonstrate that all relevant documents are non-public within the definition of the regulations governing OCC documents. Thus, Bank Defendants must produce all public documents and provide a privilege log for all documents it asserts are non-public;

b) Production of documents in the possession of Bank Defendant's consultants. This issue is returned to the Parties for further discussion. Any outstanding dispute should be submitted to the undersigned on or before **February 20, 2009;**

c) Production of documents concerning compensation criteria or compensation received by employees in connection with Adelphia or the Rigas Family is **DENIED, without prejudice**;

d) Production of documents generated prior to January 1, 1996, and after June 25, 2002, is **DENIED, without prejudice**, provided that documents, regardless of date generated, may be requested if shown to be specifically relevant;

e) Production of documents in the possession, custody, or control of outside counsel. The undersigned returned this issue to the Parties for further discussion. Any outstanding dispute should be submitted to the undersigned on or before **February 20, 2009**;

5) Bank Defendants' Motion to Compel the Production of Documents and Preclude the Assertion of Privilege Pursuant to Rule 37 (Docket No. 806) is **GRANTED, in part**, and **DENIED, in part**:

a) Production of the Covington Log Documents is **DENIED**. The Court concludes the entries on this log are protected under the work product doctrine because they were created in

contemplation of litigation;

    b) Documents identified on the Directors' Log:

        i) Documents related to the Deloitte Action. The ART has conceded the attorney-client privilege as to these documents has been **WAIVED**;

        ii) Documents related to the Prestige Litigation. The Court concludes that the attorney-client privilege was **WAIVED** as to documents created during the time of the fraud because there was no express exception for privileged documents. The motion to compel these documents is **GRANTED**;

        iii) Communications with the U.S. Attorney. The Court finds there was no waiver of the attorney-client privilege because the ART expressly retained the privilege and produced no privileged documents. The motion to compel these documents is **DENIED**.

**SO ORDERED this 11th day of February 2009**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3