**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
ADELPHIA RECOVERY TRUST,                           )
                                                   )
                         Plaintiffs,               )  No. 05 Civ. 9050 (LMM)
                                                   )
              vs.                                  )
                                                   )
BANK OF AMERICA, N.A., et al.,                     )
                                                   )
                         Defendants.               )
                                                   )
                                                   )
------------------------------------------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF BANK DEFENDANTS'**
**MOTION FOR RECONSIDERATION OF ORDER OVERRULING THEIR**
**OBJECTION TO ORDER OF MAGISTRATE JUDGE DENYING THEIR**
**MOTION TO COMPEL PLAINTIFFS' PRODUCTION OF EXPERT MATERIALS**
**FROM RELATED ACTION**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT............................................................................................ 2

ARGUMENT .................................................................................................................... 4

      A.     The Order Overlooks the Critical Fact That Bank Defendants Do Not
             Seek to Depose the Deloitte Action Experts............................................ 4

      B.     Viewed In the Proper Factual Context, *Bank Brussels* Supports Bank
             Defendants' Motion to Compel Production of the Deloitte Materials ................... 5

CONCLUSION ................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adelphia Commc'ns Corp. v. Deloitte & Touche, LLP*,
   No. 000598 (Pa. Ct. Comm. Pl., Phil. Co. November
   Term 2002)…………………………………………………………………………..1

*Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*,
   175 F.R.D. 34 (S.D.N.Y. 1997) …………………………………………………..3, 5, 6

*Donahue v. Pendleton Woolen Mills, Inc.*, 719 F. Supp. 149
   (S.D.N.Y. 1988)…………………………………………………………………..1

*Eisemann v. Greene*, 204 F.3d 393 (2d Cir. 2000)………………………………………..2

*Poddar v. State Bank of India*, No. 98 Civ. 1691, 2006 WL
   2092469 (S.D.N.Y. July 26, 2006) ……………………………………………………1

*Shrader v. CSX Transportation, Inc.*, 70 F.3d 255 (2d Cir.
   1995)  …………………………………………………………………………..2

## Rules

FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1)……………………………………………2, 4

FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)…………………………………………4

FEDERAL RULE OF CIVIL PROCEDURE 26(b)(4)(B) ……………………………………..5

FEDERAL RULE OF CIVIL PROCEDURE 59(e) …………………………………………1

S.D.N.Y. Civ. R. 6.3 ………………………………………………………………1

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil

Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York,

Bank Defendants[1] respectfully submit this motion for reconsideration of this Court's April 21,

2009 memorandum and order (the "Order"). The Order overruled Bank Defendants' objection to

a February 11, 2009 order of Magistrate Judge Ellis, which denied Bank Defendants' motion to

compel (the "Motion to Compel") the Adelphia Recovery Trust ("ART" or "Plaintiffs") to

produce all testifying expert materials (the "Deloitte Materials") from the related action styled

*Adelphia Commc'ns Corp. v. Deloitte & Touche, LLP*, No. 000598 (Pa. Ct. Comm. Pl., Phil. Co.

November Term 2002) (the "Deloitte Action") that had been actually produced to a party

opponent in the Deloitte Action but which Plaintiffs were refusing to provide to the Bank

Defendants.[2]

---

[1]     The "Bank Defendants" are the following movants joining in this motion for reconsideration: Wachovia Bank, National Association and Wachovia Capital Markets, LLC (f/k/a Wachovia Securities, Inc.); Bank of America, N.A.; Bank of Montreal and BMO Capital Markets Corp. (f/k/a BMO Nesbitt Burns Corp.); Citibank, N.A. and Citicorp USA, Inc.; JPMorgan Chase Bank, N.A.; Credit Suisse, New York Branch (f/k/a Credit Suisse First Boston, New York Branch), Credit Suisse (USA), Inc. (f/k/a Credit Suisse First Boston (USA), Inc. and Donaldson, Lufkin & Jenrette, Inc.), Credit Suisse Capital Funding, Inc. (f/k/a DLJ Capital Funding, Inc.), and The Royal Bank of Scotland PLC; ABN AMRO Bank N.V.; Barclays Bank PLC; PNC Bank, N.A.; and ABN AMRO Inc., Banc of America Securities LLC, BNY Capital Markets, Inc., Barclays Capital Inc., Citigroup Global Markets Holdings Inc., CIBC World Markets Corp., Deutsche Bank Securities Inc. (f/k/a Deutsche Bank Alex. Brown, Inc.), Fleet Securities, Inc. (whose liabilities have been assumed by Bank of America, N.A.), Morgan Stanley & Co. Inc., PNC Capital Markets LLC, Scotia Capital (USA) Inc., SunTrust Capital Markets, Inc. (f/k/a SunTrust Equitable Securities), and TD Securities (USA) LLC (f/k/a TD Securities (USA) Inc.).

[2]     Pursuant to Local Civil Rule 6.3, a motion for reconsideration is appropriate if a court has "overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result." *Poddar v. State Bank of India*, No. 98 Civ. 1691, 2006 WL 2092469, at *1 (S.D.N.Y. July 26, 2006) (*quoting Donahue v. Pendleton Woolen Mills, Inc.*, 719 F. Supp. 149, 151 (S.D.N.Y. 1988)). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a motion for reconsideration may be granted where "the moving party can point to controlling decisions or data that the court overlooked—

## PRELIMINARY STATEMENT

This Court's Order assumed that the materials sought by the Bank Defendants are relevant and not attorney work product. Order at 1. The Court then proceeded to find that Bank Defendants have "no need to depose the experts whose materials they now seek," and overruled their Objection. *Id.* at 2. The Bank Defendants, however, do not seek to depose the Deloitte Action experts and apologize if their Objection was not sufficiently clear on this issue. The Bank Defendants' underlying Motion to Compel the Deloitte Materials seeks only the production of extant written materials: (a) the testifying expert reports that Plaintiffs and their litigation adversaries already exchanged in the Deloitte Action, and (b) the transcripts of the expert depositions that have already taken place in the Deloitte Action. Bank Defendants do not seek to depose those experts anew. Bank Defendants seek discovery of the relevant, non-privileged Deloitte Materials to cross-examine witnesses who do testify in *this* action, and as party admissions because Plaintiffs assert inconsistent positions in the Deloitte Action and in this action.[3]

Irrespective of the Bank Defendants' ultimate use of the Deloitte Materials, their right to discover these materials is plain under Rule 26(b)(1). Your Honor's Order correctly

---

matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

Bank Defendants also respectfully submit the Declaration of William T. Russell, Jr., sworn to on May 5, 2009 (the "Russell Decl."). All citations to "Ex. __" refer to the Russell Decl.

[3]    In both lawsuits, Plaintiffs claim that the discrete defendants in each lawsuit were themselves substantially responsible for bringing about the demise of Adelphia and are liable for the same resulting damages asserted in *both* cases.

assumed that the Deloitte Materials sought by the Bank Defendants are ***relevant*** and ***not***

***protected work product***. Order at 1 ("The Court further assumes that the materials are not

attorney work product.").[4] Because the principal basis of the Bank Defendants' objection to

Judge Ellis' decision denying their Motion to Compel was Judge Ellis' erroneous legal

conclusion that these relevant, non-privileged materials were protected work product, Your

Honor's agreement with Bank Defendants that the Deloitte Materials are ***not*** protected work

product should end the inquiry and require the ART to produce the Deloitte Materials.

      *Bank Brussels*[5] held that an expert may be protected from deposition in one action

while being subject to deposition in a related action, but that decision is irrelevant to the issue

before this Court because the Bank Defendants do not seek, in this Motion to Compel, to depose

the testifying experts from the Deloitte Action.[6] More important, *Bank Brussels* also held that all

parties to that case were entitled to the expert materials actually produced in related litigations,

and this is precisely what the Bank Defendants seek here through the Motion to Compel

production of the Deloitte Materials.

      Accordingly, Bank Defendants respectfully request that Your Honor reconsider

the Order, taking into account the crucial fact that the Court overlooked and which the Bank

Defendants previously may have failed to make clear: Bank Defendants seek only production of

the relevant and non-privileged materials that Plaintiffs have already produced to litigation

---

[4]     In what appears to be a typographical error, the Order states "[t]he Court assumes that the materials ***sought by ART*** [sic] are relevant." Order at 1 (emphasis added). Of course, it is the Bank Defendants who are seeking the materials.

[5]     *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34 (S.D.N.Y. 1997) ("*Bank Brussels*").

[6]     The only testifying experts the Bank Defendants plan to depose in this case are those the ART names in this case.

adversaries in a related action; Bank Defendants do not seek to depose anew any experts that have not been identified as testifying experts in this action.

**ARGUMENT**

A. **The Order Overlooks the Critical Fact That Bank Defendants Do Not Seek to Depose the Deloitte Action Experts**

The Order overlooks matters that would have altered the result of the Bank Defendants' Objection and actually decides an issue that the Bank Defendants did not raise. *See* Order at 2 ("The Bank Defendants have no need to depose the experts whose materials they now seek, since they have not been identified as trial witnesses in the present case."). To be clear, Bank Defendants do not seek to depose in this action the experts who testified in the Deloitte Action, but who have not been designated as testifying experts in this action. Rather, Bank Defendants seek production of the testifying expert reports that Plaintiffs and their litigation adversaries have already exchanged in the Deloitte Action, and the transcripts of the expert depositions that have already taken place in that action. Bank Defendants would use these relevant, non-privileged materials as they would use any other similar material—*i.e.*, to cross-examine witnesses who do testify in this action and as party admissions because Plaintiffs assert inconsistent positions in the Deloitte Action and in this action.

Your Honor's agreement with Bank Defendants that the Deloitte Materials are relevant and *not* protected work product should end the inquiry. Rule 26(b)(1) governs the discoverability of extant written materials such as those sought here by Bank Defendants. Putting aside issues of burden and expense (which can impact Rule 26(b)(1) discovery, but are not at issue here), the only issues under Rule 26(b)(1) are relevance and privilege. By contrast, Federal Rule Of Civil Procedure 26(b)(4) – upon which Your Honor relies – expressly applies to depositions and interrogatories, not document discovery. By its terms, Rule 26(b)(4) generally

4

precludes one party from obtaining discovery "by interrogatories or deposition" of a consulting expert for the other party. FED. R. CIV. P. 26(b)(4)(B). But it nowhere states that if an expert served as a testifying expert in a separate case for that other party, his written report and the transcript of his testimony from the prior case cannot be obtained in document discovery. The production of the report and transcript are governed by the same rules that govern the production of all documents: if they are relevant and non-privileged – and plainly that is the case here, as Your Honor assumed – they are discoverable.

Because Your Honor correctly assumed that the Deloitte Materials sought by the Bank Defendants are relevant and *not* protected work product, there is no basis for Plaintiffs to withhold these documents, Judge Ellis' decision finding that the materials are work product should be overruled and the Bank Defendants' Objection should be sustained.

B. **Viewed In the Proper Factual Context, *Bank Brussels* Supports Bank Defendants' Motion to Compel Production of the Deloitte Materials**

Your Honor concluded that Judge Ellis properly held that *Bank Brussels* prevents the Bank Defendants from obtaining the Deloitte Materials. Order at 3. However, because the Bank Defendants seek only extant *written* materials actually exchanged between adversaries and transcripts of depositions taken by adversaries in a prior, related litigation and which are relevant to the present case – and *not* new depositions of those experts – this Court's decision in *Bank Brussels* actually supports the Bank Defendants' Motion to Compel.

In *Bank Brussels*, this Court addressed at length the motion of defendant Bank Paribas (Suisse) S.A. ("BPS"), which sought to compel the ***depositions*** of representatives of non-party Arthur Andersen & Company ("Andersen"). 174 F.R.D. at 37. This Court found that Andersen was a consulting expert for purposes of the case at bar as a result of fact-specific circumstances that were painstakingly set forth in the first half of the decision. *Id*. at 44.

More to the point, however, *Bank Brussels* also addressed the status of Andersen materials ***already disclosed*** to opposing parties in related actions, including "copies of transcripts of deposition[]" testimony of Andersen personnel. *Id.* at 43. As Bank Defendants pointed out to Judge Ellis at the January 29, 2009 conference,[7] this latter question is more pertinent here, and with respect to such materials, this Court held as follows:

> At best, the Reciprocal Discovery Order requires the E&Y/Chase parties to share with the CLS/BPS parties any discovery materials that become available in the E&Y/Chase Cases. This means only that all parties are entitled to have copies of transcripts of depositions, not that all parties are entitled to depose a given witness simply because the parties in one case demonstrate that they are entitled to depose that witness.

*Id.* at 43.[8] Putting aside – because it is not the issue here – the holding in *Bank Brussels* concerning whether to permit the deposition of a non-testifying expert, this Court in *Bank Brussels* also quite clearly held that all litigants were entitled access to all expert materials disclosed to opposing parties in related litigation, which is precisely what Bank Defendants seek here through their Motion to Compel.

There was no question in *Bank Brussels* that existing documents relating to the expert, including deposition transcripts (which the ART is withholding here), should be produced. *See id.* at 43. Accordingly, *Bank Brussels* compels production of the Deloitte Materials in this case.

---

7    Transcript of January 29, 2009 Discovery Conference Before The Honorable Ronald L. Ellis at 24-28 (Ex. A).

8    This Court also noted that BPS already had received access to all "documents created by Andersen as part of its investigation, the transcript of [Andersen partner] Lynch's testimony at [the related] criminal trial, and the exhibits marked at the criminal trial." *Bank Brussels*, 175 F.R.D. at 41-42.

## **CONCLUSION**

For the foregoing reasons, Bank Defendants respectfully request that this Court

reconsider its Order and grant the Bank Defendants' underlying Motion to Compel.

Dated: New York, New York
May 5, 2009

| | |
|---|---|
| **HAYNES AND BOONE, LLP** | **SIMPSON THACHER & BARTLETT LLP** |

By: */s/ Thomas E. Kurth*
Thomas E. Kurth
(*thomas.kurth@haynesboone.com*)
Richard D. Anigian
(*rick.anigian@haynesboone.com*)

2323 Victory Avenue, Suite 700
Dallas, TX 75219
(214) 651-5000

**Attorneys for Bank of America, N.A.**

By: */s/ William T. Russell, Jr.*
William T. Russell, Jr. (*wrussell@stblaw.com*)
Paul C. Gluckow (*pgluckow@stblaw.com*)
Jeffrey Coviello (*jcoviello@stblaw.com* )

425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

**Attorneys for Wachovia Bank, National Association and Wachovia Capital Markets, LLC (f/k/a Wachovia Securities, Inc.)**

**MAYER BROWN LLP**

By: */s/ Jean-Marie L. Atamian*
Jean-Marie L. Atamian
(*jatamian@mayerbrown.com*)
John Conlon
(*jconlon@mayerbrown.com*)

1675 Broadway
New York, New York 10019
(212) 506-2500

**Attorneys for Bank of Montreal, BMO Capital Markets Corp. (f/k/a Harris Nesbitt Corp.)**

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

By: */s/ Deborah M. Buell*
Mitchell A. Lowenthal (*mlowenthal@cgsh.com*)
Deborah M. Buell (*dbuell@cgsh.com*)
Lindsee P. Granfield (*lgranfield@cgsh.com*)
Members of the Firm

One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

**Attorneys for ABN AMRO Inc., Banc of America Securities LLC, Bank of New York Capital Markets, Inc., Barclays Capital Inc., Citigroup Global Markets Holdings Inc., CIBC World Markets Corp., Deutsche Bank Securities, Inc., Fleet Securities Inc., Morgan Stanley & Co. Incorporated, PNC Capital Markets LLC, Scotia Capital (USA), Inc., SunTrust Capital Markets, Inc., and TD Securities (USA) LLC**

**MILBANK, TWEED, HADLEY& McCLOY LLP**

By: */s/ James G. Cavoli*
Scott A. Edelman (*SEdelman@milbank.com*)
James G. Cavoli (*JCavoli@milbank.com*)
L. Anthony Pellegrino (*APellegrino@milbank.com*)

One Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

**Attorneys for Citibank, N.A., Citicorp USA, Inc., and Citigroup Financial Products, Inc.**


**MILBANK, TWEED, HADLEY& McCLOY LLP**

By: */s/ Thomas A. Arena*
Thomas A. Arena (TA 4613)
Tawfiq S. Rangwala (TR 1621)

1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000
(*tarena@milbank.com*)

**Attorneys for JPMorgan Chase Bank, N.A.**


**WILLIAMS & CONNOLLY, LLP**

By: */s/ F. Whitten Peters*
F. Whitten Peters (*wpeters@wc.com*)
J. Andrew Keyes (*akeyes@wc.com*)
Thomas M. Craig (*tcraig@wc.com*)

725 12th Street, NW
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (fax)

**Attorneys for PNC Bank, NA**


**WILMER CUTLER PICKERING HALE AND DORR LLP**

By: */s/ Philip D. Anker*
Philip D. Anker (*philip.anker@wilmerhale.com*)

399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

**Attorneys for Credit Suisse, New York Branch (f/k/a Credit Suisse First Boston, New York Branch), Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston (USA), Inc.), Credit Suisse Capital Funding, Inc. (f/k/a DLJ Capital Funding, Inc), and The Royal Bank of Scotland PLC**

**WHITE & CASE LLP**

By: */s/ Heather K. McDevitt*
Heather K. McDevitt (*hmcdevitt@whitecase.com*)
1155 Avenue of the Americas
New York, New York 10036-2787
Tel: 212-819-8200
Fax: 212-354-8113


**Attorneys for ABN AMRO Bank, N.V.**

**K&L GATES LLP**

By: */s/ Michael R. Gordon*
Richard S. Miller (*richard.miller@klgates.com*)
Michael R. Gordon (*michael.gordon@klgates.com*)
599 Lexington Avenue
New York, NY 10022-6030
Telephone:  (212) 536-3900
Facsimile:  (212) 536-3901


**Attorneys for Barclays Bank PLC**