UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
ADELPHIA RECOVERY TRUST,                )
                                        )
                Plaintiffs,   ) No. 05 Civ. 9050 (LMM)
                                        )
       vs.                              )
                                        )
BANK OF AMERICA, N.A., *et al.*,        )
                                        )
                Defendants.   )
                                        )
                                        )
---------------------------------------------------------------x


**BANK DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF ORDER OVERRULING THEIR OBJECTION TO ORDER OF MAGISTRATE JUDGE DENYING THEIR MOTION TO COMPEL PLAINTIFFS' PRODUCTION OF EXPERT MATERIALS FROM RELATED ACTION**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34 (S.D.N.Y. 1997) ("*Bank Brussels*") ................................................................................................ 5

*Mantolete v. Bolger*, 96 F.R.D. 179 (D. Ariz. 1982) ..................................................... 5

*Moore U.S.A. Inc. v. Standard Register Co.*, 206 F.R.D. 72 (W.D.N.Y. 2001) ............................. 4

*Plymovent Corp. v. Air Tech. Solutions, Inc.*, 243 F.R.D. 139 (D.N.J. 2007) ............................... 5

*Reino de Espana v. Am. Bureau of Shipping*, 03 Civ 3573 (LTS) (RLE), 2006 U.S. Dist. LEXIS 81415 (S.D.N.Y. Nov. 3, 2006) (Ellis, M.J.) ............................................... 4

**Rules**

FED. R. CIV. P. 26(b)(4) ................................................................................................ 4

The Bank Defendants[1] respectfully submit this reply memorandum of law in further support of their motion for reconsideration of this Court's April 21, 2009 memorandum and order (the "Order").[2]

**PRELIMINARY STATEMENT**

Plaintiffs' opposition brief misses – or intentionally seeks to obscure – the point that this is a motion for reconsideration of *Your Honor's* April 21 Order. Plaintiffs stress repeatedly that *Magistrate Judge Ellis* correctly understood the relief sought by Bank Defendants' underlying Motion to Compel[3] and that the parties' briefs on the Bank Defendants' Objection before Your Honor were sufficiently clear on this point, but that is not the issue presently before the Court on this motion for reconsideration. The issue on this motion is whether Your Honor overlooked matters which, had they been considered, might reasonably

---

[1] The "Bank Defendants" are the following movants joining in this motion for reconsideration: Wachovia Bank, National Association and Wachovia Capital Markets, LLC (f/k/a Wachovia Securities, Inc.); Bank of America, N.A.; Bank of Montreal and BMO Capital Markets Corp. (f/k/a BMO Nesbitt Burns Corp.); Citibank, N.A. and Citicorp USA, Inc.; JPMorgan Chase Bank, N.A.; Credit Suisse, New York Branch (f/k/a Credit Suisse First Boston, New York Branch), Credit Suisse (USA), Inc. (f/k/a Credit Suisse First Boston (USA), Inc. and Donaldson, Lufkin & Jenrette, Inc.), Credit Suisse Capital Funding, Inc. (f/k/a DLJ Capital Funding, Inc.), and The Royal Bank of Scotland PLC; ABN AMRO Bank N.V.; Barclays Bank PLC; PNC Bank, N.A.; and ABN AMRO Inc., Banc of America Securities LLC, BNY Capital Markets, Inc., Barclays Capital Inc., Citigroup Global Markets Holdings Inc., CIBC World Markets Corp., Deutsche Bank Securities Inc. (f/k/a Deutsche Bank Alex. Brown, Inc.), Fleet Securities, Inc. (whose liabilities have been assumed by Bank of America, N.A.), Morgan Stanley & Co. Inc., PNC Capital Markets LLC, Scotia Capital (USA) Inc., SunTrust Capital Markets, Inc. (f/k/a SunTrust Equitable Securities), and TD Securities (USA) LLC (f/k/a TD Securities (USA) Inc.).

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Bank Defendants' opening brief on this motion.

[3] *See* ART's Mem. of Law in Opp. to Defs.' Mot. for Recons., dated May 22, 2009 ("ART Opp. Br.") at 3 ("*Judge Ellis* made clear that he understood correctly what Defendants were after"; "*Judge Ellis* reiterated that he understood"; "*Judge Ellis* did not 'overlook' or misunderstand the specific materials sought in the motion") (emphases added).

1

have altered the result.  As demonstrated in the Bank Defendants' opening brief on this motion, Your Honor's Order correctly assumed facts which should have led the Court to sustain the Bank Defendants' Objection (Order at 1) (assuming that the written materials sought are relevant and not attorney work product), but the Court nevertheless overruled the Objection under the apparent impression that Bank Defendants were seeking to re-depose experts from the Deloitte Action as opposed to simply obtaining copies of written reports and transcripts that had been shared with the proponent's adversaries.  *See id.* at 2 (finding that the Bank Defendants have "no need to depose the experts whose materials they now seek").  Plaintiffs' inability to respond to this basic argument for why this Court should reconsider its Order underscores the futility of the opposition brief and the appropriateness of reconsideration in this instance.

## ARGUMENT

Bank Defendants demonstrated in their Objection that Magistrate Judge Ellis's decision to deny the Bank Defendants access to **highly relevant**, **non-privileged document discovery** was contrary to law because it erroneously concluded that these materials – which, by definition, were created with the intent that they be shared with adversaries and which, in fact, were shared with adversaries – constitute protected attorney work product.  That issue has already been briefed in the Objection and Bank Defendants' arguments concerning Magistrate Judge Ellis's errors will not be repeated here.  The issue on *this* motion is that Your Honor overlooked crucial matters that, we respectfully submit, would have altered the result of the Objection.  That is, while Your Honor correctly recognized that the materials sought by the Bank Defendants are relevant and not attorney work product (which, correctly, contradicts Magistrate Judge Ellis's Order and therefore should have led the Court to sustain the Objection), Your Honor nevertheless overruled the Objection based on an apparent misunderstanding of the scope of the discovery sought by Bank Defendants' underlying Motion to Compel.  *See* Order at 2

(finding that the Bank Defendants have "no need to depose the experts whose materials they now seek").

As explained in the opening brief on this motion, Bank Defendants do not seek to depose anew the experts who testified in the Deloitte Action. Rather, Bank Defendants seek only the production of written materials that Your Honor correctly recognized are relevant and non-privileged, but which Magistrate Judge Ellis erroneously concluded are protected attorney work product. Reconsideration is especially appropriate in this instance where Your Honor's Order assumed facts that fundamentally contradict Magistrate Judge Ellis's decision to deny Bank Defendants the requested discovery (and dispositively support the Bank Defendants' Objection to that decision), but adhered to Magistrate Judge Ellis's decision based on a misunderstanding of the scope of the requested discovery.

The ART does not even attempt to refute this argument. Instead, the ART contends that *Magistrate Judge Ellis* correctly understood the scope of the relief sought by the Bank Defendants' underlying Motion to Compel and that the parties' briefs on the Bank Defendants' Objection before this Court were sufficiently clear as well. But that is not the issue before the Court on this motion. The issue on this motion is whether Your Honor overlooked matters which, had they been considered, might reasonably have altered the result. Bank Defendants respectfully submit that with the clarification that they seek only the production of written materials that Your Honor considered relevant and non-privileged, but which Magistrate Judge Ellis denied them access to based on the erroneous conclusion that they are protected attorney work product, the result of the Objection would and should be different.

Implicitly conceding that they expect this Court to reconsider the Order, the ART attempts to put before the Court – in what should have been an opposition to the Bank

3

Defendants' motion for reconsideration – additional argument in opposition to the Bank Defendants' underlying Motion to Compel and Objection to the denial of that motion. The Court should not entertain this additional argument on earlier, fully-briefed motions. However, to the extent the Court does consider this additional argument, Bank Defendants note that the ART seeks to oppose the motion for reconsideration by invoking a broad, novel and unqualified *testifying* expert privilege, such that "the opinion of an expert designated as a testifying expert in one case is not discoverable in a second action unless and until the expert is designated as a testifying witness in the second case." ART Opp. Br. at 2. This topsy-turvy rule, singling out all expert *testimony* for permanent confidentiality, has no basis in law or policy. *See, e.g., Moore U.S.A. Inc. v. Standard Register Co.*, 206 F.R.D. 72, 74-76 (W.D.N.Y. 2001) (holding that the mere designation of party as a testifying expert in other actions "has no bearing" on the question of whether or not the party is a testifying expert in a related case – and that, in any case, all expert materials actually disclosed to adversaries in related actions are subject to discovery); *Reino de Espana v. Am. Bureau of Shipping*, 03 Civ 3573 (LTS) (RLE), 2006 U.S. Dist. LEXIS 81415, at *22 (S.D.N.Y. Nov. 3, 2006) (Ellis, M.J.) (rejecting the argument by Reino de Espana ("Spain") that an expert report was protected under Rule 26(b)(4) where Spain "failed to explain why the voluntary disclosure of the [report] . . . does not waive any privilege"). The expert reports the Bank Defendants seek here have already been created and shared among litigation adversaries in the ART's prior action against Deloitte. The ART's expert reports at issue were prepared by experts designated as "testifying" experts in the Deloitte Action. Whether or not the ART has designated any of those experts as "testifying" experts here (it has, in fact, designated one of them as a testifying expert in this case) is irrelevant to this motion because the Bank Defendants do not seek to *depose* those experts here simply because they were designated as

4

testifying experts by the ART in a prior case. To the contrary, the Bank Defendants are seeking solely the already created written expert materials (and transcripts of already taken expert depositions) that the ART and its adversaries produced to each other in the Deloitte Action, the relevance of which to this case is unassailable.

The ART cites *Bank Brussels*[4] for its novel position, but it can find no support in that decision—only the general observation that the disclosure of testifying expert materials promotes effective cross-examination. The ART does not even attempt to address the fact that, as noted in the Objection and this motion, the underlying expert reports themselves were actually produced to the movants in *Bank Brussels*. It was only the re-deposition of experts that was precluded in that case, something the Bank Defendants do not seek through their Motion to Compel. *See* ART Opp. Br. at 2 (citing *Bank Brussels*, 175 F.R.D. at 44).[5]

## CONCLUSION

For the foregoing reasons, Bank Defendants respectfully request that this Court reconsider its Order and grant the Bank Defendants' underlying Motion to Compel.

---

[4] *Bank Brussels Lambert v. Chase Manhattan Bank, N.A.*, 175 F.R.D. 34 (S.D.N.Y. 1997) ("*Bank Brussels*").

[5] The ART also cites *Plymovent Corp. v. Air Tech. Solutions, Inc.*, 243 F.R.D. 139, 143 (D.N.J. 2007) and *Mantolete v. Bolger*, 96 F.R.D. 179, 181 (D. Ariz. 1982). However, these cases in no way support the ART's contention and, in fact, concern an issue of no relevance here—i.e., how to treat a request for discovery relating to an expert who, after being initially presented as a testifying expert, is re-designated in that same action as a consulting expert.

Dated: June 5, 2009
New York, New York

| **HAYNES AND BOONE, LLP** | **SIMPSON THACHER & BARTLETT LLP** |
|---|---|
| By: */s/ Thomas E. Kurth*<br>Thomas E. Kurth<br>(*thomas.kurth@haynesboone.com*)<br>Richard D. Anigian<br>(*rick.anigian@haynesboone.com*)<br><br>2323 Victory Avenue, Suite 700<br>Dallas, TX 75219<br>(214) 651-5000<br><br>**Attorneys for Bank of America, N.A.** | By: */s/ William T. Russell, Jr.*<br>William T. Russell, Jr. (*wrussell@stblaw.com*)<br>Paul C. Gluckow (*pgluckow@stblaw.com*)<br>Jeffrey Coviello (*jcoviello@stblaw.com* )<br><br>425 Lexington Avenue<br>New York, New York 10017-3954<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502<br><br>**Attorneys for Wachovia Bank, National Association and Wachovia Capital Markets, LLC (f/k/a Wachovia Securities, Inc.)** |
| **MAYER BROWN LLP**<br><br>By: */s/ Jean-Marie L. Atamian*<br>Jean-Marie L. Atamian<br>(*jatamian@mayerbrown.com*)<br>John Conlon<br>(*jconlon@mayerbrown.com*)<br><br>1675 Broadway<br>New York, New York 10019<br>(212) 506-2500<br><br>**Attorneys for Bank of Montreal, BMO Capital Markets Corp. (f/k/a Harris Nesbitt Corp.)** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br><br>By: */s/ Deborah M. Buell*<br>Mitchell A. Lowenthal (*mlowenthal@cgsh.com*)<br>Deborah M. Buell (*dbuell@cgsh.com*)<br>Lindsee P. Granfield (*lgranfield@cgsh.com*)<br>Members of the Firm<br><br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>**Attorneys for ABN AMRO Inc., Banc of America Securities LLC, Bank of New York Capital Markets, Inc., Barclays Capital Inc., Citigroup Global Markets Holdings Inc., CIBC World Markets Corp., Deutsche Bank Securities, Inc., Fleet Securities Inc., Morgan Stanley & Co. Incorporated, PNC Capital Markets LLC, Scotia Capital (USA), Inc., SunTrust Capital Markets, Inc., and TD Securities (USA) LLC** |

| | |
|---|---|
| **MILBANK, TWEED, HADLEY & McCLOY LLP**<br><br>By: */s/ James G. Cavoli*<br>Scott A. Edelman (*SEdelman@milbank.com*)<br>James G. Cavoli (*JCavoli@milbank.com*)<br>L. Anthony Pellegrino (*APellegrino@milbank.com*)<br><br>One Chase Manhattan Plaza<br>New York, New York 10005<br>(212) 530-5000<br><br>**Attorneys for Citibank, N.A., Citicorp USA, Inc., and Citigroup Financial Products, Inc.** | **WILLIAMS & CONNOLLY, LLP**<br><br>By: */s/ F. Whitten Peters*<br>F. Whitten Peters (*wpeters@wc.com*)<br>J. Andrew Keyes (*akeyes@wc.com*)<br>Thomas M. Craig (*tcraig@wc.com*)<br><br>725 12th Street, NW<br>Washington, D.C. 20005<br>(202) 434-5000<br>(202) 434-5029 (fax)<br><br>**Attorneys for PNC Bank, NA** |
| **MILBANK, TWEED, HADLEY & McCLOY LLP**<br><br>By: */s/ Thomas A. Arena*<br>Thomas A. Arena (TA 4613)<br>Tawfiq S. Rangwala (TR 1621)<br><br>1 Chase Manhattan Plaza<br>New York, New York 10005-1413<br>(212) 530-5000<br>(*tarena@milbank.com*)<br><br>**Attorneys for JPMorgan Chase Bank, N.A.** | **WILMER CUTLER PICKERING HALE AND DORR LLP**<br><br>By: */s/ Philip D. Anker*<br>Philip D. Anker (*philip.anker@wilmerhale.com*)<br><br>399 Park Avenue<br>New York, NY 10022<br>Telephone: (212) 230-8800<br>Facsimile: (212) 230-8888<br><br>**Attorneys for Credit Suisse, New York Branch (f/k/a Credit Suisse First Boston, New York Branch), Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston (USA), Inc.), Credit Suisse Capital Funding, Inc. (f/k/a DLJ Capital Funding, Inc), and The Royal Bank of Scotland PLC** |

| | |
|---|---|
| **WHITE & CASE LLP** | **K&L GATES LLP** |
| By: */s/ Heather K. McDevitt* | By: */s/ Michael R. Gordon* |
| Heather K. McDevitt (*hmcdevitt@whitecase.com*) | Richard S. Miller (*richard.miller@klgates.com*) |
| 1155 Avenue of the Americas | Michael R. Gordon (*michael.gordon@klgates.com*) |
| New York, New York 10036-2787 | 599 Lexington Avenue |
| Tel: 212-819-8200 | New York, NY 10022-6030 |
| Fax: 212-354-8113 | Telephone: (212) 536-3900 |
| | Facsimile: (212) 536-3901 |
| **Attorneys for ABN AMRO Bank, N.V.** | **Attorneys for Barclays Bank PLC** |