```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
ADELPHIA RECOVERY TRUST,           :
                                   :
                Plaintiff,         :
                                   :      05 Civ. 9050(LMM)
           v.                      :      MEMORANDUM AND ORDER
                                   :
BANK OF AMERICA, N.A., et al.,     :
                                   :
                Defendants.        :
                                   :
- - - - - - - - - - - - - - - - - X
```

McKENNA, D.J.

    This memorandum and order addresses Goldman, Sachs & Co. ("Goldman") and Cooperatieve Centrale Raiffeisen-Boerenleenbank B.A., "Rabobank Nederland", New York Branch ("Rabobank") motions for reconsideration.  Both parties move for reconsideration of this Court's May 6, 2009 memorandum and order pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 of the United States District Court for the Southern District of New York.  Adelphia Recovery Trust v. Bank of America, N.A., No. 05-CV-9050, 2009 WL 1249360 (S.D.N.Y. May 06, 2009).  Rabobank seeks dismissal of Claims 37, 38, and 55 of Adelphia Recovery Trust's ("ART") Amended Complaint.  Goldman seeks dismissal of Claim 31 of the Amended Complaint.  This Court requests ART to submit a revised

1

version of paragraph 1359 of the Amended Complaint within thirty days.  Rabobank's motion for reconsideration is DENIED.

**I.**

Defendants seek reconsideration of this Court's May 6, 2009 memorandum and order pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  Courts should not grant a motion for reconsideration in order to allow a party "[to] advance new facts, issues or arguments not previously presented to the Court."  Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999) (internal quotations and citations omitted).  Courts shall not grant a motion for reconsideration when the moving party seeks solely to relitigate an already decided issue.  Id.  Goldman and Rabobank raise discreet issues in their motions for reconsideration.  The motions are addressed separately.

2

**II.**

Goldman requests this court to reconsider its May 6, 2009 memorandum and order upholding Claim 31.  <u>Adelphia Recovery Trust v. Bank of America, N.A.</u>, No. 05-CV-9050, 2009 WL 1249360 (S.D.N.Y. May 06, 2009).  Claim 31 alleges Salomon Smith Barney, Bank of America, Goldman Sachs and Deutsche Bank (collectively, the "Margin Lenders") received payments in the months preceding the Adelphia Bankruptcy. ART seeks to have the monies paid to these banks avoided, recovered, or preserved for ART under 11 U.S.C. §§ 548 and 550.  (Am. Cmpl. ¶¶ 1357—362.)  Goldman puts forward two arguments in its motion for reconsideration.

First, Goldman alleges ART lacks standing to bring Claim 31 because ART is seeking to recover on behalf of the creditors of Adelphia subsidiaries ("Obligor Debtors"). This court in its June 17, 2008 memorandum and order held ART lacked Article III standing to bring claims on behalf of the creditors of the Obligor Debtors.  The creditors of the Obligor Debtors were deemed paid in full by the First Modified Fifth Amended Joint Chapter 11 Plan of Reorganization of Adelphia Communications Corporation and Certain Affiliated Debtors ("Joint Plan").  <u>Adelphia

Recovery Trust v. Bank of America, N.A., 390 B.R. 80 (S.D.N.Y. 2008).

Goldman alleges Claim 31 is factually analogous to the Claims dismissed by this Court in its June 17, 2008 memorandum and order.  Goldman contends the payments it received were from the Obligor Debtors and not from Adelphia Communication Corporation ("ACC") and ART has no standing to bring claims on behalf of the Obligor Debtors' creditors.

The Amended Complaint does not identify which fraudulent conveyances came from ACC and which came from the Obligor Debtors.  This omission is significant because ART lacks standing to pursue claims to recover for fraudulent conveyance on behalf of the Obligor Debtors. The Amended Complaint lists the alleged fraudulent conveyances as coming from 'Adelphia'.  The term Adelphia encompasses both the Obligor Debtors and ACC.  "'Adelphia' as defined in the Amended Complaint includes the parent company, Adelphia Communications Corp."  ART Reply Mem. of Law at 2.

This court requires ART to submit a revised version of paragraph 1359 of the Amended Complaint.  The revised paragraph should identify which payments to the Margin Lenders came from ACC.

4

Second, Goldman contends the Amended Complaint fails to meet the pleading requirements of intentional fraudulent conveyance.  Goldman contends that the Amended Complaint by failing to identify if the source of the payments was ACC or the Obligor Debtors does not provide the particularized detail required by Fed. R. Civ. P. 9(b).  This Court's requirement for revision of paragraph 1359 of the Amended Complaint will provide the identity of the source of the payments with the needed particularity to meet the pleading requirements of Rule 9(b).

**III.**

Rabobank requests this Court to reconsider its May 6, 2009 order upholding Claims 37, 38, and 55 against Rabobank.  <u>Adelphia Recovery Trust</u>, 2009 WL 1249360.  Rabobank argues it was merely a managing agent under the CCH Co-Borrowing Facility lacking authority to affect the structure or management of the Co-Borrowing Facility.  Rabobank seeks dismissal of the tort claims owing to Rabobank's minimal role.  Rabobank Mem. of Law at 3.

Rabobank's motion for reconsideration is DENIED.  Rabobank failed to raise the arguments which it now calls the Court's attention to in its original motion for dismissal and joinder.  Joinder of Cooperative Centrale to

5

Several Motions to Dismiss ("Rabobank Joinder Motion") at 3.  "[A] motion for reconsideration is appropriate only where the movant demonstrates that 'the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 392 (S.D.N.Y. 2000) (quoting Yurman Design Inc. v. Chaindom Enterp., Inc., No. 99-CV-9307, 2000 WL 217480, at *1 (S.D.N.Y. Feb. 22, 2000)(internal citations omitted)).  "A motion to reconsider is not intended to give the losing party an opportunity to shift grounds from those advanced earlier, or introduce arguments or expert opinions that could have been presented, but were not, in opposing the original motion."  In re September 11 Litigation, No. 21 MC 101, 2009 WL 1181057, at *2 (S.D.N.Y. April 30, 2009).

Rabobank could have introduced an argument about its minimal role in structuring the CCH Co-Borrowing Facility in its motion for joinder and dismissal.  Rabobank chose not to.  The only argument which Rabobank put forward in its motion for joinder and dismissal reads:

> "Rabobank falls within the group of lenders denominated 'Nominal Agents' in connection with

>the CCH Co-Borrowing Facility, since it was allegedly a Managing Agent in this CCH Co-Borrowing Facility.  The arguments made in the Bankruptcy Motion and Tort Motion are therefore equally applicable to Rabobank with respect to Rabobank's role as Managing Agent in the CCH Co-Borrowing Facility"  Rabobank Joinder Motion at 3.

Nothing in the Joinder Motion alleges Rabobank was in a different position then the other Agent Banks.  A motion for reconsideration can not be used to introduce new arguments which could have been brought to this Court's attention in a motion to dismiss.

Were this Court to consider the arguments of Rabobank on a motion to dismiss, the argument presents issues of contested facts which cannot be resolved at this stage of the proceedings.  Rabobank argues that its role as an Agent Bank was limited and thus the tort claims against it should be dismissed.  Rabobank points to provisions in the CCH Credit Agreement which denote a limited role.  Rabobank Mem. of Law at 3.  ART counters that other language from the CCH Credit Agreement indicates Rabobank's role was not limited in scope.  ART Reply Mem. at 3-4.  The role of Rabobank is an issue of disputed fact.  Dismissal at this

7

stage of the proceedings is inappropriate because a court on a motion to dismiss is to construe all facts in favor of the nonmoving party. <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007).

### IV.

Goldman's motion for reconsideration is GRANTED in part. The court requires that ART submit a revised version of paragraph 1359 of the Amended Complaint within thirty days. The revised paragraph should label the source of the alleged fraudulent conveyances made to the four margin lenders. The source of the alleged fraudulent conveyances will be identified as coming from ACC or an Obligor Debtor. Rabobank's motion for reconsideration is DENIED.

SO ORDERED.

Dated: June 15, 2009

Lawrence M. McKenna
U.S.D.J.