UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
IN RE ADELPHIA COMMUNICATIONS             :    03 MDL 1529 (LMM)
CORPORATION SECURITIES AND DERIVATIVE     :
LITIGATION                                :    MEMORANDUM AND ORDER
                                          :
------------------------------------------x
                                          :
This Document Relates to 05 Civ. 9050     :
                                          :
------------------------------------------x

McKENNA, D.J.,

**1.**

The Bank Defendants move for reconsideration by the undersigned of a Memorandum and Order dated April 21, 2009, overruling an objection to, and affirming, Magistrate Judge Ellis' decision denying their motion for an order compelling plaintiff to produce all withheld expert materials from <u>Adelphia Communications Corp. v. Deloitte & Touche, LLP</u>, an action previously pending in the Pennsylvania Court of Common Pleas, Philadelphia County, which was resolved prior to trial.[1]

Judge Ellis' decision was premised, essentially, on two propositions: that expert opinions given to a party are essentially attorney's work product (Transcript, Jan. 29, 2009, at

---

[1] Judge Ellis' decision appears in the transcript of proceedings before him on January 29, 2009, at 22-29, and his Opinion and Order of February 11, 2009, at 1.
The "Bank Defendants" are identified in their Objections, at 1, n.1.

22) and that the issue of the production of the materials sought is governed by Fed. R. Civ. P. 26(b)(4)(B). (Id.)

**2.**

In its decision, this Court analyzed the issue under Fed. R. Civ. P. 26(b)(4)(B), and did so in light of Judge Ellis' decision in Bank Brussels Lambert v. Chase Manhattan Bank, N.A., 175 F.R.D. 34 (S.D.N.Y. 1997).[2] The Court treated the experts from the Deloitte case as non-testifying witnesses, governed by Rule 26(b)(4)(B), although in the Deloitte case, they were testifying witnesses because they were designated as such even though they did not, in the event, testify due to settlement of the case. In reaching its decision, this Court assumed both the relevance of the materials sought and that they were not work product. The Court concluded that "[t]he Bank Defendants have no need to depose the experts whose materials they now seek, since they have not been identified as trial witnesses in the present case." (Mem. & Order, Apt. 21, 2009, at 2.)

The essence of the Bank Defendants' Objection is that this Court overlooked the fact that they did not seek to depose the experts from the Deloitte case, but only to have copies of their reports and the transcripts of their depositions. (Id. at 4.) They also argue that Fed. R. Civ. P. 26(b)(4) expressly applies

---

[2] That decision was accepted by this Court. Id.

2

only to depositions and interrogatories, not document discovery. (Def. Mem. at 4-5.)

**3.**

The Bank Defendants are correct in pointing out that this Court overlooked the fact that they are seeking no depositions but only existing written materials, principally at least expert reports and transcripts of depositions of the experts.

While the Court, in overruling the objections to Judge Ellis' ruling, "assumed" that the materials at issue were not attorney work product (thus eliminating that as an issue that needed to be reached), it is more correct to say that the reports of the experts were attorney work product, protection of which was necessarily waived when they were designated as trial witnesses.

The Court also assumed that the materials were relevant, and now determines that they are so, even if marginally.

For the foregoing reasons, the Court grants reconsideration of its April 21, 2009 Memorandum and Order, and overrules Judge Ellis' determination that the Deloitte expert materials do not have to be produced.[3]

---

[3] But not for the reason cited by the Bank Defendants in their Objections, at 3 (". . . Bank Brussels also held that all parties to that case were entitled to the expert materials actually produced in related litigations. . . ."). The multiple cases in Bank Brussels were included in a Reciprocal Discovery Order, see 175 F.R.D. at 41, 43, while there is (to the Court's knowledge) no such order covering the present case and the Deloitte case for which the materials at issue were prepared.

Dated: July **/** , 2009

SO ORDERED.[4]

_____
Lawrence M. McKenna
U.S.D.J.

---

[4] This order relates to discovery only and does not represent a determination of the admissibility of the materials at trial.