```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
ADELPHIA RECOVERY TRUST,           :
                                   :
                  Plaintiff,       :
                                   :    05 Civ. 9050(LMM)
             v.                    :    MEMORANDUM AND ORDER
                                   :
BANK OF AMERICA, N.A., et al.,     :
                                   :
                  Defendants.      :
                                   :
- - - - - - - - - - - - - - - - - X
```

McKENNA, D.J.

This Memorandum and Order responds to the parties' various letters seeking dismissal of the repled Claim 31 of the Second Amended Complaint submitted by the Adelphia Recovery Trust ("ART") on July 15, 2009.  This Court withholds judgment on the issues raised in the various parties' letters but will allow the parties to address the issues at summary judgment.

1.

Claim 31 alleges Salomon Smith Barney,[1] Bank of America, Goldman Sachs and Deutsche Bank ("Margin Loan Defendants") received payments in the months preceding Adelphia's Bankruptcy.  ART seeks to have the monies paid to these

---

[1] Citigroup Global Markets Holding, Inc. is the successor to Salmon Smith Barney.

1

banks avoided, recovered, or preserved under 11 U.S.C. §§ 548 and 550.  (Am. Cmpl. ¶¶ 1357-362.)  This Court in its June 16, 2009 Memorandum and Order requested ART clarify that Adelphia Communications Corp. ("ACC"), not subsidiaries of Adelphia ("Obligor Debtors"), made the margin loan payments set forth in Claim 31.  <u>Adelphia Recovery Trust v. Bank of America, N.A.</u>, No. 05-CV-9050, 2009 WL 1676077 (S.D.N.Y. June 16, 2009).  On July 15, 2009 Kasowitz, Benson, Torres & Friedman LLP on behalf of ART submitted a revised Claim 31 on behalf of ART.[2]

The Margin Loan Defendants submitted letters to this Court objecting to the revised Claim 31.  On July 17, 2009 Stroock & Stroock & Lavan LLP on behalf of Goldman Sachs & Co. submitted a letter requesting dismissal of the revised claim.  On July 21, 2009 Cleary Gottlieb Steen & Hamilton LLP on behalf of Citigroup Global Markets Holding, Inc. and Deutsche Bank Securities joined in the July 17, 2009 letter and sought dismissal of Claim 31.  On July 23, 2009 Haynes and Boone LLP on behalf of Bank of America, N.A. joined in the arguments set forth in the July 17 and 21, 2009 letters.  On July 27, 2009 Kasowitz, Benson responded to

---

[2] The revised claim was submitted as Exhibit A to ART's Notice of Revision of Claim 31 of the Second Amended Complaint.

2

the allegations set forth in the July 15 and 21, 2009 letters.  On July 29, 2009, Stroock replied to the July 27, 2009 letter.

The Margin Loan Defendants allege the revised Claim 31 is defective because Claim 31 fails to identify which payments came from ACC and instead identifies a compendium of sources.  Out-Going Wire Transfer Documentation attached to the letters show that in some cases payments identified in the revised Claim 31 as coming from ACC came from alleged Obligor Debtors such as Highland 2001 LP.

2.
This Court holds the issues raised in the various letters are best resolved at the summary judgment stage of these proceedings.  The parties have already at this point gone through extensive motions to dismiss covering the vast majority of claims in the Amended Complaint.  This Court has issued 6 substantive opinions on the Defendants' over three dozen motions to dismiss.  The issues raised by the Margin Loan Defendants are related to documents uncovered through discovery.  The source of the Margin Loan Payments is an issue for Summary Judgment as it relies on the outcome of discovery by the parties.  As discovery

continues the source of the payments and the role of the commingling of funds will become more apparent and the parties will be better served by addressing that issue at the summary judgment stage. <u>237 Park Investors LLC v. Royal and Son Alliance</u>, No. 03 Civ. 63024, 2004 WL 385067, *3 (S.D.N.Y. March 01, 2004) (factual issues which involve discovery would be more properly decided at summary judgment).

The parties in their summary judgment submissions should respond to the revised Claim 31 submitted by ART on July 15, 2009. This Memorandum and Order is not to be understood as passing judgment on any arguments raised in the letters submitted by ART or the Margin Loan Defendants. The summary judgment schedule set by this Court at its July 17, 2009 status conference remains in place.

SO ORDERED.

Dated: July 30, 2009

_____
Lawrence M. McKenna
U.S.D.J.

4