UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :

ADELPHIA RECOVERY TRUST,      :

                Plaintiff,      :

                            :      No. 05 Civ. 9050 (LMM)

          v.               :

                            :      **ANSWER AND COUNTERCLAIMS**

BANK OF AMERICA, N.A., *et al.*,  :

              Defendants.      :

                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ANSWER AND COUNTERCLAIMS OF MORGAN STANLEY SENIOR FUNDING, INC. TO THE SECOND AMENDED COMPLAINT

Defendant Morgan Stanley Senior Funding, Inc. ("MSSF"), by its undersigned counsel, answers the Adelphia Recovery Trust's Second Amended Complaint (the "Second Amended Complaint") as follows:[1]

1.      Paragraph 1 purports to state legal conclusions, as to which no response is required. To the extent that an answer is required, MSSF denies the allegations in paragraph 1 insofar as they are directed at it.

2.      MSSF denies the allegations in paragraph 2, and avers that John and Timothy Rigas and James Brown were convicted of, or pled guilty to, various crimes, including bank fraud.

3.      MSSF denies the allegations in paragraph 3.

---

[1] The service of this Answer shall not be deemed an admission that MSSF had any knowledge/information contained in the Answer at the time of any of the transactions or events described in the Second Amended Complaint. Capitalized terms not defined in this Answer are defined in the Second Amended Complaint.

4.     MSSF denies the allegations in paragraph 4, except refers to the documents governing the co-borrowing facilities referenced therein for a complete and accurate description of their structure and provisions.

5.     MSSF denies the allegations in paragraph 5, except refers to the documents governing the co-borrowing facilities referenced therein for a complete and accurate description of their structure and provisions.

6.     MSSF denies the allegations in paragraph 6, except refers to the documents governing the co-borrowing facilities referenced therein for a complete and accurate description of their structure and provisions.

7.     MSSF denies the allegations in paragraph 7.

8.     MSSF denies the allegations in paragraph 8, except refers to the documents governing the co-borrowing facilities referenced therein for a complete and accurate description of their structure and provisions.

9.     MSSF denies the allegations in paragraph 9 insofar as they are directed at it, except admits that, at times, its affiliate Morgan Stanley & Co. Incorporated ("Morgan Stanley") provided certain investment banking services to ACC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

10.     MSSF denies the allegations in paragraph 10 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

11.     MSSF denies the allegations in paragraph 11 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12.     MSSF denies the allegations in paragraph 12 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

13.     MSSF denies the allegations in paragraph 13 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

14.     MSSF denies the allegations in paragraph 14 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

15.     MSSF denies the allegations in paragraph 15 insofar as they are directed at it, except admits that, at times, its affiliate Morgan Stanley provided certain investment banking services to ACC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16.     MSSF denies the allegations in paragraph 16 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

17.     MSSF denies the allegations in paragraph 17 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the Plan of Reorganization for a complete and accurate description of its contents.

18.     Paragraph 18 purports to state legal conclusions, as to which no response is required.

19.     Paragraph 19 purports to state legal conclusions, as to which no response is required.

20.     Paragraph 20 purports to state legal conclusions, as to which no response is required.

21.     Paragraph 21 purports to state legal conclusions, as to which no response is required, except MSSF refers to the stipulations, orders, and decision referenced therein for a complete and accurate description of their contents.

22.     Paragraph 22 purports to state legal conclusions, as to which no response is required, except MSSF refers to the Plan of Reorganization referenced therein for a complete and accurate description of its contents.

23.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, except admits that ACC is the debtor in Case No. 02-41729 (REG), which commenced on June 25, 2002, and that ACC is a corporation organized under the laws of the State of Delaware.

24.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, except admits that MSSF was a lender in a credit facility involving various affiliates of ACC.

25.     MSSF denies the allegations in paragraph 25 insofar as they are directed at it, except admits that, at times, its affiliate Morgan Stanley provided certain investment banking services to ACC, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

26-59.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 26-59.

60.     MSSF admits that Morgan Stanley Senior Funding, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located in the State of New York, and refers to the Second Amended Complaint for the contents thereof.

61.     MSSF denies the allegations in paragraph 61, except admits that Morgan Stanley & Co. Incorporated is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York, that it is an affiliate of and under common ownership with MSSF, and that Morgan Stanley provides investment banking services.

62-140.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 62-73.

141.     MSSF denies the allegations in paragraph 141, except admits that the Van Kampen Senior Loan Fund is an investment company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the State of New York.

142-303.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 142-303.

304.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304, except admits that Morgan Stanley Emerging Markets, Inc. is a corporation with its principal place of business located in State of New York.

305.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305, except admits that Morgan Stanley Prime Income Trust is a corporation with its principal place of business located in the State of New York.

306-402.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 306-402.

403.     MSSF denies the allegations in the first sentence of paragraph 403, except avers that the Van Kampen Senior Loan Fund is an investment company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the State of New York.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 403.

404.     MSSF denies the allegations in the first sentence of paragraph 404, except avers that the Van Kampen Senior Loan Fund is an investment company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the State of New York.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 404.

405.     MSSF denies the allegations in the first sentence of paragraph 405, except avers that the Van Kampen Senior Income Trust is an investment company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the State of New York.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 405.

406-668. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 406-668.

669.     MSSF admits the allegations in the first sentence of paragraph 669, except avers that the correct name of the entity listed is Morgan Stanley & Co. Incorporated.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 669.

670.    MSSF denies the allegations in the first sentence of paragraph 670, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 670.

671.    No answer is required to allegations contained in paragraph 671 because this paragraph was deleted.

672.    MSSF denies the allegations in paragraph 672.

673-774. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 673-774. No response is needed to paragraphs 675, 677, and 699 because these paragraphs were deleted.

775.    MSSF denies the allegations in paragraph 775.

776-799. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 776-799.

800.    MSSF admits, on information and belief, the allegations in paragraph 800.

801.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 801, except admits that the Rigases, Mulcahey, and Brown held senior positions within ACC, that the Rigases controlled the operations of ACC, ACC's subsidiaries and the RFEs, that the Rigases, together with ACC's Directors, made or approved the major business decisions of ACC and its subsidiaries, and that the Rigases, with the assistance of Brown, Mulcahey, and other senior executives, caused ACC and its subsidiaries to engage in all acts or omissions alleged herein, with the knowledge of the Directors. MSSF avers that John and Timothy Rigas and Brown were convicted of, or pled guilty to, various crimes, including bank fraud.

802. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 802, except admits that ACC stock and debt securities were publicly traded and listed on one or more exchanges.

803. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 803, except admits that the Rigases, Mulcahey, and Brown held senior positions within ACC, that the Rigas Family, with Peter Venetis, constituted a majority of ACC Directors at most times relevant hereto, that Patterson, Metros, Coyle, Kailbourne, and Gelber served as Directors of ACC, and that the Rigases resigned in 2002.

804. MSSF denies the allegations in paragraph 804 insofar as they are directed at it, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents. To the extent that paragraph 804 purports to state legal conclusions, no response is required.

805. MSSF denies the allegations in paragraph 805 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations except avers that ACC's Directors knew, or should have known, of the Rigases' misconduct complained of in the Second Amended Complaint.

806. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 806, except admits that Messrs. Coyle, Gelber, Kailbourne, and Metros were Directors of ACC in March 2002.

807. MSSF denies the allegations in paragraph 807 insofar as they are directed at it and insofar as they allege that the Co-Borrowing Facilities provided no benefit to ACC and its

affiliated debtors, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

808.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 808, except admits that ACC issued certain debt securities in various public offerings.

809.    MSSF denies the allegations in paragraph 809 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.   To the extent paragraph 809 purports to state legal conclusions, no response is required.

810.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 810, except refers to the document referenced therein for a complete and accurate statement of its terms.

811.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 811, except refers to the document referenced therein for a complete and accurate statement of its terms.

812.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 812, except refers to the document referenced therein for a complete and accurate statement of its terms.

813.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 813, except refers to the documents referenced therein for a complete and accurate description of their contents.

814.    MSSF denies the allegations in paragraph 814 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.   To the extent paragraph 814 purports to state legal conclusions, no response is required.

815.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 815.

816.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 816, except refers to the documents referenced therein for a complete and accurate description of their contents.

817.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 817.

818.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 818.

819.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 819, except refers to the documents referenced therein for a complete and accurate description of their contents.

820.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 820.

821.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 821.

822. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 822, except refers to the documents referenced therein for a complete and accurate description of their contents.

823. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 823.

824. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 824.

825. MSSF denies the allegations in paragraph 825 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that John and Timothy Rigas were convicted of, among other things, defrauding banks.

826. MSSF denies the allegations in paragraph 826 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

827. MSSF denies the allegations in paragraph 827 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

828. MSSF denies the allegations in paragraph 828 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

829. MSSF denies the allegations in paragraph 829 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

830. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 830.

831. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 831.

832. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 832.

833. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 833.

834. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 834.

835. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 835, except refers to the documents referenced therein for a complete and accurate description of their contents.

836. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 836, except refers to the documents referenced therein for a complete and accurate description of their contents.

837. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 837.

838. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 838.

839. MSSF denies the allegations in paragraph 839 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

840.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 840.

841.     MSSF denies the allegations in paragraph 841 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

842.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 842, except refers to the documents referenced therein for a complete and accurate description of their contents.

843.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 843.

844.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 844, except refers to the documents referenced therein for a complete and accurate description of their contents.

845.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 845.

846.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 846, except refers to the documents referenced therein for a complete and accurate description of their terms.

847.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 847, except refers to the document referenced therein for a complete and accurate description of its contents.

848.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 848.

849.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 849, except refers to the documents referenced therein for a complete and accurate description of their contents.

850.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 850, except refers to the documents referenced therein for a complete and accurate description of their contents.

851.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 851.

852.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 852, except refers to the documents referenced therein for a complete and accurate description of their contents.

853.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 853, except refers to the documents referenced therein for a complete and accurate description of their contents.

854.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 854, except refers to the documents referenced therein for a complete and accurate description of their contents.

855.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 855, except refers to the documents referenced therein for a complete and accurate description of their contents.

856.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 856, except refers to the documents referenced therein for a complete and accurate description of their contents.

857. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 857, except refers to the documents referenced therein for a complete and accurate description of their contents.

858. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 858, except refers to the documents referenced therein for a complete and accurate description of their contents.

859. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 859, except refers to the documents referenced therein for a complete and accurate description of their contents.

860. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 860, except refers to the documents referenced therein for a complete and accurate description of their contents.

861. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 861, except refers to the documents referenced therein for a complete and accurate description of their contents.

862. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 862, except refers to the documents referenced therein for a complete and accurate description of their contents and recipients.

863. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 863, except refers to the documents referenced therein for a complete and accurate statement of their contents.

864. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 864, except refers to the documents referenced therein for a complete and accurate description of their contents.

865. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 865. To the extent paragraph 865 purports to state legal conclusions, no response is required.

866. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 866.

867. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 867.

868. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 868.

869. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 869, except refers to the document referenced therein for a complete and accurate description of its contents.

870. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 870.

871. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 871, except refers to the documents referenced therein for a complete and accurate description of their contents.

872. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 872. To the extent paragraph 872 purports to state legal conclusions, no response is required.

873. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 873, except admits that the Directors were required to approve the information set forth in SEC filings and proxy statements.

874. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 874, except refers to the documents referenced therein for a complete and accurate description of their contents.

875. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 875, except refers to ACC's public statements and filings for a complete and accurate description of their contents.

876. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 876.

877. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 877.

878. MSSF denies the allegations in paragraph 878 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

879. Paragraph 879 purports to state legal conclusions, as to which no response is required. To the extent that an answer is required, MSSF refers to the documents referenced therein for a complete and accurate description of their contents.

880. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 880, except refers to the documents referenced therein for a complete and accurate description of their contents.

881.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 881, except admits that MSSF participated as a lender in the CCH facility and held the title of Managing Agent.

882.     MSSF denies the allegations in paragraph 882 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that MSSF met all of its obligations under the CCH Credit Agreement.

883.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 883.

884.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 884.

885.     MSSF denies the allegations in paragraph 885 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the document referenced therein for a complete and accurate description of its contents.

886.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 886, except admits that the Directors approved the CCH Co-Borrowing Facility.

887.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 887, except refers to the documents referenced therein for a complete and accurate description of their contents.

888.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 888, except avers that the Independent Directors approved the

CCH Co-Borrowing Facility and refers to the document referenced therein for a complete and accurate description of its contents.

889. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 889.

890. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 890, except refers to the documents referenced therein for a complete and accurate description of their contents.

891. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 891, except refers to the documents referenced therein for a complete and accurate description of their contents.

892. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 892, except refers to the documents referenced therein for a complete and accurate description of their contents.

893. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 893, except refers to the documents referenced therein for a complete and accurate description of their contents.

894. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 894, except refers to the documents referenced therein for a complete and accurate description of their contents.

895. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 895, except refers to the documents referenced therein for a complete and accurate description of their contents.

896.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 896, except refers to the term sheet and credit agreement referenced therein for a complete and accurate statement of their contents.

897.     MSSF denies the allegations in paragraph 897 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

898.     MSSF denies the allegations in paragraph 898 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

899.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 899, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent paragraph 899 purports to state legal conclusions, no response is required.

900.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 900, except refers to the documents referenced therein for a complete and accurate description of their contents.

901.     MSSF denies the allegations in paragraph 901 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

902.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 902, except refers to the documents referenced therein for a complete and accurate description of their contents.

903.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 903, except refers to the documents referenced therein for a complete and accurate description of their contents.

904.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 904, except refers to the documents referenced therein for a complete and accurate description of their contents.

905.     MSSF denies the allegations in paragraph 905 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

906.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 906, except refers to the documents referenced therein for a complete and accurate description of their contents.

907.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 907, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent that paragraph 907 purports to state legal conclusions, no response is required.

908.     MSSF denies the allegations in paragraph 908 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and

accurate description of their contents. To the extent that paragraph 908 purports to state legal conclusions, no response is required.

909. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 909.

910. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 910, except refers to the documents referenced therein for a complete and accurate description of their contents. To the extent that paragraph 910 purports to state legal conclusions, no response is required.

911. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 911.

912. MSSF denies the allegations in paragraph 912.

913. MSSF denies the allegations in paragraph 913.

914. MSSF denies the allegations in paragraph 914 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

915. MSSF denies the allegations in paragraph 915 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

916. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 916, except refers to the documents referenced therein for a complete and accurate description of their contents.

917.     MSSF denies the allegations in paragraph 917 insofar as they are directed at it, and denies the allegation that the CCH Co-Borrowing Facility provided no benefit to ACC and its affiliated debtors and was not in their interests, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that the Directors had an obligation to determine what was in ACC's best interests, including in connection with approving transactions.  To the extent paragraph 917 purports to state legal conclusions, no response is required.

918.     MSSF denies the allegations in paragraph 918 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that the Directors were required to approve the information set forth in SEC filings and proxy statements.

919.     MSSF denies the allegations in paragraph 919 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

920.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 920, except refers to ACC's public statements and filings for a complete and accurate description of their contents.

921.     MSSF denies the allegations in paragraph 921 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

922. MSSF denies the allegations in paragraph 922 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

923. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 923.

924. MSSF denies the allegations in paragraph 924 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

925. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 925, except refers to the documents referenced therein for a complete and accurate description of their contents.

926. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 926, except refers to the documents referenced therein for a complete and accurate description of their contents.

927. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 927.

928. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 928, except refers to the documents referenced therein for a complete and accurate description of their contents.

929. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 929.

930.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 930, except refers to the documents referenced therein for a complete and accurate description of their contents.

931.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 931, except refers to the document referenced therein for a complete and accurate description of its contents.

932.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 932.

933.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 933, except refers to the documents referenced therein for a complete and accurate description of their contents.

934.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 934, except refers to the documents referenced therein for a complete and accurate description of their contents.

935.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 935.

936.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 936, except refers to the documents referenced therein for a complete and accurate description of their contents.

937.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 937, except refers to the documents referenced therein for a complete and accurate description of their contents.

938.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 938, except refers to the documents referenced therein for a complete and accurate description of their contents.

939.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 939, except refers to the documents referenced therein for a complete and accurate description of their contents.

940.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 940, except refers to the documents referenced therein for a complete and accurate description of their contents.

941.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 941, except refers to the documents referenced therein for a complete and accurate description of their contents.

942.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 942, except refers to the documents referenced therein for a complete and accurate description of their contents.

943.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 943, except refers to the documents referenced therein for a complete and accurate description of their contents.

944.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 944, except refers to the documents referenced therein for a complete and accurate description of their contents.

945.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 945, except refers to the documents referenced therein for a

complete and accurate description of their contents.  To the extent paragraph 945 purports to state legal conclusions, no response is required.

946.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 946, except refers to the documents referenced therein for a complete and accurate description of their contents.

947.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 947, except refers to the documents referenced therein for a complete and accurate description of their contents.

948.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 948, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent paragraph 948 purports to state legal conclusions, no response is required.

949.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 949, except refers to the documents referenced therein for a complete and accurate description of their contents.

950.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 950, except refers to the documents referenced therein for a complete and accurate description of their contents.

951.    MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 951, except refers to the document referenced therein for a complete and accurate description of its contents.

952.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 952, except refers to the documents referenced therein for a complete and accurate description of their contents.

953.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 953, except refers to the documents referenced therein for a complete and accurate description of their contents.

954.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 954, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent that paragraph 954 purports to state legal conclusions, no response is required.

955.     MSSF denies the allegations in paragraph 955 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 955, except refers to the documents referenced therein for a complete and accurate description of their contents.

956.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 956, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent that paragraph 956 purports to state legal conclusions, no response is required.

957.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 957.

958.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 958.

959.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 959.

960.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 960, except refers to the documents referenced therein for a complete and accurate description of their contents.

961.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 961.

962.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 962, except refers to the documents referenced therein for a complete and accurate description of their contents.

963.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 963, except refers to the documents referenced therein for a complete and accurate description of their contents.  To the extent paragraph 963 purports to state legal conclusions, no response is required.

964.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 964, except admits that the Directors were required to approve the information set forth in SEC filings and proxy statements.

965.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 965, except refers to the documents referenced therein for a complete and accurate description of their contents.

966.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 966.

967.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 967, except refers to the documents referenced therein for a complete and accurate description of their contents.

968.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 968.

969.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 969.

970.     MSSF denies the allegations in paragraph 970 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except, to the extent that the alleged disclosure was in a document, refers to the unidentified document purportedly quoted therein for a complete and accurate statement of its contents.

971.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 971.

972.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 972.

973.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 973.

974.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 974.

975.     MSSF denies the allegations in paragraph 975 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations, except refers to the document quoted therein for a complete and accurate statement of its contents.

976. MSSF denies the allegations in paragraph 976 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

977. MSSF denies the allegations in paragraph 977 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

978. MSSF denies the allegations in paragraph 978 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

979. MSSF denies the allegations in paragraph 979 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

980. MSSF denies the allegation in paragraph 980 that the CCH Facility did not benefit ACC and its affiliated debtors, denies the allegations insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

981. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 981, except refers to the documents referenced therein for a complete and accurate statement of their contents.

982.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 982, except refers to the document referenced therein for a complete and accurate statement of its contents.

983.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 983.

984.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 984.

985.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 985.

986.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 986.

987.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 987.

988.     MSSF denies the allegations in paragraph 988 insofar as they are directed at it, except refers to the documents referenced therein for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.   To the extent paragraph 988 purports to state legal conclusions, no response is required.

989.     MSSF denies the allegations in paragraph 989.

990.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 990.

991.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 991.

992.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 992.

993.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 993.   To the extent paragraph 993 purports to state legal conclusions, no response is required.

994.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 994, except refers to the documents referenced therein for a complete and accurate description of their contents.

995.     MSSF denies the allegations set forth in the first sentence of paragraph 995 and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

996.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 996, except admits that ACC and the Rigases acquired Prestige Communications, Inc.

997.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 997, except admits that ACC and the Rigases acquired various cable systems from the Estate of Bill Daniels in July 2001.

998.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 998.

999.     MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 999.

1000.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1000.

1001.　MSSF denies the allegations in paragraph 1001 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1002.　MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1002.

1003.　MSSF denies the allegations in paragraph 1003 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1004.　MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1004.

1005.　MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1005.

1006.　MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1006.

1007.　MSSF denies the allegations in paragraph 1007 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1008.　MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1008, except refers to the documents referenced therein for a complete and accurate description of their contents.

1009.　MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1009.

1010.  MSSF denies the allegations in paragraph 1010 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1011.  MSSF denies the allegations in paragraph 1011 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1012.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1012.

1013.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1013.

1014.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1014.  To the extent that paragraph 1014 purports to state legal conclusions, no response is required.

1015.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1015, except avers that John and Timothy Rigas were convicted of bank fraud.

1016.  MSSF denies the allegations in paragraph 1016 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1017.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1017.

1018.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1018.

1019.   MSSF denies the allegations in paragraph 1019 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1020.   MSSF denies the allegations in paragraph 1020 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1021.   MSSF denies the allegations in paragraph 1021 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1022.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1022.

1023.   MSSF denies the allegations in paragraph 1023 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1024.   MSSF denies the allegations in paragraph 1024 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1025.   MSSF denies the allegations in paragraph 1025 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1026.   MSSF denies the allegations in paragraph 1026 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1027.   MSSF denies the allegations in paragraph 1027 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1028.   MSSF denies the allegations in paragraph 1028 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1029.   MSSF denies the allegations in paragraph 1029 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1030.   MSSF denies the allegations in paragraph 1030 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1031.   MSSF denies the allegations in paragraph 1031 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.  To the extent that paragraph 1031 purports to state a legal conclusion, no response is required.

1032.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1032.

1033.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1033.

1034.  MSSF denies the allegations in paragraph 1034 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1035.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1035.

1036.  MSSF denies the allegations in paragraph 1036 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1037.  MSSF admits that Morgan Stanley provided certain investment banking services to ACC, but otherwise denies any wrongdoing that plaintiff purports to imply as a result of the affiliation between Morgan Stanley and MSSF.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1037.

1038.  MSSF denies the allegations in paragraph 1038 insofar as they are directed at it, except admits that its affiliate Morgan Stanley underwrote certain offerings of ACC securities, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1039.  MSSF denies the allegations in paragraph 1039 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the document referenced therein for a complete and accurate statement of its contents.

1040.  MSSF denies the allegations in paragraph 1040, insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1041.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1041.

1042.  MSSF denies the allegations in paragraph 1042 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1043.  MSSF denies the allegations in paragraph 1043 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits, on information and belief, that ACC became a public company in or about 1986.

1044.  MSSF denies the allegations in paragraph 1044 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that it provided certain lending services to ACC and its affiliate Morgan Stanley provided certain investment banking services to ACC.

1045.  MSSF denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1045.

1046.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1046, except admits that its affiliate Morgan Stanley participated in the underwriting of ACC's October 1999 offering of Class A common stock, ACC's September 2000 offering of senior notes, ACC's January 2001 offering of Class A common

stock, ACC's April 2001 offering of convertible subordinated notes, and ACC's November 2001 offering of Class A common stock.

1047. MSSF denies the allegations in paragraph 1047 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1048. MSSF denies the allegations contained in paragraph 1048 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits its affiliate Morgan Stanley provided certain investment banking services to ACC.

1049. MSSF denies the allegations in paragraph 1049 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1050. MSSF denies the allegations in paragraph 1050 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate statement of their contents.

1051. MSSF denies the allegations in paragraph 1051 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1052. MSSF denies the allegations in paragraph 1052 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1053.   MSSF denies the allegations in paragraph 1053 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1054.   MSSF denies the allegations in paragraph 1054 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1055.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1055.

1056.   MSSF denies the allegations in paragraph 1056 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except refers to the documents referenced therein for a complete and accurate description of their contents.

1057.   MSSF denies the allegations in paragraph 1057 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1058.   MSSF denies the allegations in paragraph 1058 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1059.   MSSF denies the allegations in paragraph 1059 insofar as they are directed at it, except admits that at various times MSSF had an affiliate that was an Investment Bank.  MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

1060. MSSF admits that its affiliate Morgan Stanley participated in the transactions as indicated in paragraph 1060, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1061. MSSF denies the allegations in paragraph 1061 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1062. MSSF denies the allegations in paragraph 1062 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1063. MSSF denies the allegations in paragraph 1063 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1064. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1064, except admits that on March 27, 2002, the Rigases revealed the existence of previously undisclosed debt, that the amount was later increased, and that ACC failed to file its annual report on April 1, 2002, except refers to the announcements referenced therein for a complete and accurate description of their contents.

1065. MSSF denies the allegations in paragraph 1065 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1066. MSSF denies the allegations in paragraph 1066 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations, and refers to the documents referenced therein for a complete and accurate description of their contents.

1067. MSSF denies the allegations in paragraph 1067 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except admits that ACC has filed petitions pursuant to Chapter 11 of the Bankruptcy Code.

1068. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1068, except refers to the documents referenced therein for a complete and accurate description of their contents.

1069. MSSF admits that the Rigases, Brown, and Mulcahey were arrested and charged with various criminal offenses in connection with their roles at ACC. MSSF avers that John and Timothy Rigas, Brown, and Mulcahey were convicted of, pled guilty to, and/or found civilly liable for, among other things, bank fraud.

1070. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1070, and otherwise refers to the documents referenced therein for a complete and accurate statement of their contents.

1071. MSSF admits that the Rigases, Brown, and Werth were arrested and charged with various criminal offenses in connection with their roles at ACC. MSSF avers that John, Timothy, and Michael Rigas, Brown, and Werth were convicted of, pled guilty to, and/or found civilly liable for, among other things, bank fraud.

1072. MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1072, except admits that ACC and the SEC have commenced civil

proceedings against members of the Rigas Family, and refers to the documents referenced therein for a complete and accurate description of their contents.

1073.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1073, except admits the Rigas Family has entered into settlement agreements for the suits referenced therein, and refers to the documents referenced therein for a complete and accurate description of their contents.

1074.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1074, except admits the Rigas Family has entered into a settlement agreement for the case referenced therein, and refers to the documents referenced therein for a complete and accurate description of their contents.

1075.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1075, except admits the Rigas Family has entered into a settlement agreement for the case referenced therein, and refers to the documents referenced therein for a complete and accurate description of their contents.

1076.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1076, except refers to the documents referenced therein for a complete and accurate description of their contents.

1077.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1077.

1078.   MSSF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1078, except refers to the documents referenced therein for a complete and accurate description of their contents.

### RESPONSE TO FIRST CLAIM FOR RELIEF

1079-1089.  No answer is required to allegations contained in paragraphs 1079-1089, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO SECOND CLAIM FOR RELIEF

1090-1099.  No answer is required to allegations contained in paragraphs 1090-1099, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO THIRD CLAIM FOR RELIEF

1100-1112.  No answer is required to allegations contained in paragraphs 1100-1112, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FOURTH CLAIM FOR RELIEF

1113-1123.  No answer is required to allegations contained in paragraphs 1113-1123, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FIFTH CLAIM FOR RELIEF

1124-1134.  No answer is required to allegations contained in paragraphs 1124-1134, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO SIXTH CLAIM FOR RELIEF

1135-1144.  No answer is required to allegations contained in paragraphs 1135-1144, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO SEVENTH CLAIM FOR RELIEF

1145-1157.  No answer is required to allegations contained in paragraphs 1145-1157, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO EIGHTH CLAIM FOR RELIEF

1158-1168.  No answer is required to allegations contained in paragraphs 1158-1168, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO NINTH CLAIM FOR RELIEF

1169-1179.  No answer is required to allegations contained in paragraphs 1169-1179, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO TENTH CLAIM FOR RELIEF

1180-1189.  No answer is required to allegations contained in paragraphs 1180-1189, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO ELEVENTH CLAIM FOR RELIEF

1190-1202.  No answer is required to allegations contained in paragraphs 1190-1202, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO TWELFTH CLAIM FOR RELIEF

1203-1213.  No answer is required to allegations contained in paragraphs 1203-1213, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO THIRTEENTH CLAIM FOR RELIEF

1214-1221.  No answer is required to allegations contained in paragraphs 1214-1221, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO FOURTEENTH CLAIM FOR RELIEF

1222-1230.  No answer is required to allegations contained in paragraphs 1222-1230, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO FIFTEENTH CLAIM FOR RELIEF

1231-1240.  No answer is required to allegations contained in paragraphs 1231-1240, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO SIXTEENTH CLAIM FOR RELIEF

1241-1250.  No answer is required to allegations contained in paragraphs 1241-1250, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO SEVENTEENTH CLAIM FOR RELIEF

1251-1260. No answer is required to allegations contained in paragraphs 1251-1260, as they were pled in support of a claim that has been severed and transferred.

## RESPONSE TO EIGHTEENTH CLAIM FOR RELIEF

1261-1267. No answer is required to allegations contained in paragraphs 1261-1267, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO NINETEENTH CLAIM FOR RELIEF

1268-1274. No answer is required to allegations contained in paragraphs 1268-1274, as they were pled in support of a claim that has been severed and transferred.

## RESPONSE TO TWENTIETH CLAIM FOR RELIEF

1275-1280. No answer is required to allegations contained in paragraphs 1275-1280, as they were pled in support of a claim that has been severed and transferred.

## RESPONSE TO TWENTY-FIRST CLAIM FOR RELIEF

1281-1290. No answer is required to allegations contained in paragraphs 1281-1290, as they were pled in support of a claim that has been severed and transferred.

## RESPONSE TO TWENTY-SECOND CLAIM FOR RELIEF

1291-1297. No answer is required to allegations contained in paragraphs 1291-1297, as they were pled in support of a claim that has been severed and transferred.

## RESPONSE TO TWENTY-THIRD CLAIM FOR RELIEF

1298-1307. No answer is required to allegations contained in paragraphs 1298-1307, as they were pled in support of a claim that has been severed and transferred.

## RESPONSE TO TWENTY-FOURTH CLAIM FOR RELIEF

1308-1314. No answer is required to allegations contained in paragraphs 1308-1314, as they were pled in support of a claim that has been severed and transferred.

### RESPONSE TO TWENTY-FIFTH CLAIM FOR RELIEF

1315-1322.  Paragraphs 1315-1322 are directed at other defendants and thus no response is required.  To the extent that any response is required, MSSF denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

### RESPONSE TO TWENTY-SIXTH CLAIM FOR RELIEF

1323-1329.  Paragraphs 1323-1329 are directed at other defendants and thus no response is required.  To the extent that any response is required, MSSF denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

### RESPONSE TO TWENTY-SEVENTH CLAIM FOR RELIEF

1330-1335.  Paragraphs 1330-1335 are directed at other defendants and thus no response is required.  To the extent that any response is required, MSSF denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

### RESPONSE TO TWENTY-EIGHTH CLAIM FOR RELIEF

1336-1341.  Paragraphs 1336-1341 are directed at other defendants and thus no response is required.  To the extent that any response is required, MSSF denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

### RESPONSE TO TWENTY-NINTH CLAIM FOR RELIEF

1342-1349.  Paragraphs 1342-1349 are directed at other defendants and thus no response is required.  To the extent that any response is required, MSSF denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

### RESPONSE TO THIRTIETH CLAIM FOR RELIEF

1350-1356.  Paragraphs 1350-1356 are directed at other defendants and thus no response is required.  To the extent that any response is required, MSSF denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO THIRTY-FIRST CLAIM FOR RELIEF

1357-1362.  Paragraphs 1357-1362 are directed at other defendants and thus no response is required.  To the extent that any response is required, MSSF denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO THIRTY-SECOND CLAIM FOR RELIEF

1363.  MSSF repeats and incorporates each and every response to the allegations in paragraphs 1-1078, as if fully set forth herein.

1364.  Paragraph 1364 purports to state legal conclusions, to which no response is required.  To the extent that an answer is required, MSSF denies the allegations in paragraph 1364 insofar as they are directed at it, except admits that MSSF is engaged in the business of, among other things, making commercial loans.  MSSF denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1364.

1365.  Paragraph 1365 purports to state legal conclusions, and thus no response is required.

1366.  MSSF denies the allegations in paragraph 1366 insofar as they are directed at it, except admits that it is affiliated with Morgan Stanley and that both MSSF and Morgan Stanley are, directly or indirectly, subsidiaries of the same ultimate parent company, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1367.  MSSF denies the allegations in paragraph 1367 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1368.  MSSF denies the allegations in paragraph 1368 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1369.  Paragraph 1369 purports to state a legal conclusion, to which no response is required.  To the extent any response is required, MSSF denies the allegations in paragraph 1369 insofar as they are directed at it.

<strong><u>RESPONSE TO THIRTY-THIRD CLAIM FOR RELIEF</u></strong>

1370-1390.  No answer is required to allegations contained in paragraphs 1370-1390, as they were pled in support of a claim that has been dismissed.

<strong><u>RESPONSE TO THIRTY-FOURTH CLAIM FOR RELIEF</u></strong>

1391-1396.  No answer is required to allegations contained in paragraphs 1391-1396, as they were pled in support of a claim that has been dismissed.

<strong><u>RESPONSE TO THIRTY-FIFTH CLAIM FOR RELIEF</u></strong>

1397-1403.  No answer is required to allegations contained in paragraphs 1397-1403, as they were pled in support of a claim that has been dismissed.

<strong><u>RESPONSE TO THIRTY-SIXTH CLAIM FOR RELIEF</u></strong>

1404-1412.  No answer is required to allegations contained in paragraphs 1404-1412, as they were pled in support of a claim that has been dismissed as against MSSF.

<strong><u>RESPONSE TO THIRTY-SEVENTH CLAIM FOR RELIEF</u></strong>

1413.  MSSF repeats and incorporates each and every response to the allegations in paragraphs 1-1078 as if fully set forth herein.

1414.  MSSF denies the allegations in paragraph 1414 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that ACC's Directors either knew or should have known

about the Rigases' misconduct complained of in the Second Amended Complaint, and that the conduct of the Rigas Family referenced was undertaken for the benefit of ACC and its affiliated debtors. To the extent that paragraph 1414 purports to state legal conclusions, no response is required.

1415. MSSF denies the allegations in paragraph 1415 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that ACC's Directors either knew or should have known about the Rigases' misconduct complained of in the Second Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors. To the extent that paragraph 1415 purports to state legal conclusions, no response is required.

1416. MSSF denies the allegations in paragraph 1416 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations. To the extent that paragraph 1416 purports to state legal conclusions, no response is required.

1417. MSSF denies the allegations in paragraph 1417 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Second Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors. To the extent that paragraph 1417 purports to state legal conclusions, no response is required.

1418.  MSSF denies the allegations in paragraph 1418 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1419.  MSSF denies the allegations in paragraph 1419 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1420.  MSSF denies the allegations in paragraph 1420 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## RESPONSE TO THIRTY-EIGHTH CLAIM FOR RELIEF

1421.  MSSF repeats and incorporates each and every response to the allegations in paragraphs 1-1078 as if fully set forth herein.

1422.  MSSF denies the allegations in paragraph 1422 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Second Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1423.  MSSF denies the allegations in paragraph 1423 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Second Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1424.  MSSF denies the allegations in paragraph 1424 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Second Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1425.  MSSF denies the allegations in paragraph 1425.

1426.  MSSF denies the allegations in paragraph 1426 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1427.  MSSF denies the allegations in paragraph 1427 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1428.  MSSF denies the allegations in paragraph 1428 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1429.  MSSF denies the allegations in paragraph 1429 insofar as they are directed at it, and avers that ACC's Directors either knew or should have known about the misconduct complained of in the Second Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1430.  MSSF denies the allegations in paragraph 1430 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Second Amended Complaint, and that the conduct of the Rigas Family, Brown, and Mulcahey referenced was undertaken for the benefit of ACC and its affiliated debtors.

1431.  MSSF denies the allegations in paragraph 1431 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations. To the extent that paragraph 1431 purports to state legal conclusions, no response is required.

1432.  MSSF denies the allegations in paragraph 1432 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1433.  MSSF denies the allegations in paragraph 1433 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## RESPONSE TO THIRTY-NINTH CLAIM FOR RELIEF

1434-1442.  No answer is required to allegations contained in paragraphs 1434-1442, as they were pled in support of a claim that has been dismissed.

## RESPONSE TO FORTIETH CLAIM FOR RELIEF

1443-1451.  Paragraphs 1443-1451 are directed at other defendants and thus no response is required.  To the extent that any response is required, MSSF denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

## RESPONSE TO FORTY-FIRST CLAIM FOR RELIEF

1452-1457.  No answer is required to allegations contained in paragraphs 1452-1457, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FORTY-SECOND CLAIM FOR RELIEF

1458-1463. No answer is required to allegations contained in paragraphs 1458-1463, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FORTY-THIRD CLAIM FOR RELIEF

1464-1469. No answer is required to allegations contained in paragraphs 1464-1469, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FORTY-FOURTH CLAIM FOR RELIEF

1470-1475. No answer is required to allegations contained in paragraphs 1470-1475, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FORTY-FIFTH CLAIM FOR RELIEF

1476-1481. No answer is required to allegations contained in paragraphs 1476-1481, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FORTY-SIXTH CLAIM FOR RELIEF

1482-1487. No answer is required to allegations contained in paragraphs 1482-1487, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FORTY-SEVENTH CLAIM FOR RELIEF

1488-1493. No answer is required to allegations contained in paragraphs 1488-1493, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FORTY-EIGHTH CLAIM FOR RELIEF

1494-1505. No answer is required to allegations contained in paragraphs 1494-1505, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FORTY-NINTH CLAIM FOR RELIEF

1506-1513. No answer is required to allegations contained in paragraphs 1506-1513, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FIFTIETH CLAIM FOR RELIEF

1514-1519. No answer is required to allegations contained in paragraphs 1514-1519, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FIFTY-FIRST CLAIM FOR RELIEF

1520-1527. No answer is required to allegations contained in paragraphs 1520-1527, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FIFTY-SECOND CLAIM FOR RELIEF

1528-1535. No answer is required to allegations contained in paragraphs 1528-1535, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FIFTY-THIRD CLAIM FOR RELIEF

1536-1559. No answer is required to allegations contained in paragraphs 1536-1559, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FIFTY-FOURTH CLAIM FOR RELIEF

1560-1570. No answer is required to allegations contained in paragraphs 1560-1570, as they were pled in support of a claim that has been dismissed.

### RESPONSE TO FIFTY-FIFTH CLAIM FOR RELIEF

1571. MSSF repeats and incorporates each and every response to the allegations in paragraphs 1-1078 as if fully set forth herein.

1572. No answer is required to allegations contained in sections (i), (ii), (iii), (v), (vi), (vii), and (viii), as they were pled in support of a claim that has been dismissed. MSSF denies the remaining allegations in paragraph 1572 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Second Amended Complaint.

1573. No answer is required to allegations contained in sections (iii), (iv), and (vi), as they were pled in support of a claim that has been dismissed. MSSF denies the remaining allegations in paragraph 1573 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations, except avers that ACC's Directors either knew or should have known about the misconduct complained of in the Second Amended Complaint.

1574. MSSF denies the allegations in paragraph 1574 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1575. MSSF denies the allegations in paragraph 1575 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

1576. MSSF denies the allegations in paragraph 1576 insofar as they are directed at it, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

## RESPONSE TO FIFTY-SIXTH CLAIM FOR RELIEF

1577-1646. No answer is required to allegations contained in paragraphs 1577-1646, as they were pled in support of a claim that has been severed and transferred.

## RESPONSE TO FIFTY-SEVENTH CLAIM FOR RELIEF

1647-1655. No answer is required to allegations contained in paragraphs 1647-1655, as they were pled in support of a claim that has been severed and transferred.

## GENERAL DENIAL

Except as otherwise expressly admitted above, MSSF denies each and every allegation contained in paragraphs 1 through 1655, including, without limitation, the footnotes, headings, and subheadings contained in the Second Amended Complaint. MSSF expressly reserves the right to amend and/or supplement its Answer.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

MSSF asserts the following affirmative defenses and reserves the right to amend this answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters "defenses," MSSF does not intend to suggest either that Plaintiff does not bear the burden of proof as to such matters or that such matters are not elements of Plaintiff's *prima facie* case against MSSF.

### FIRST DEFENSE

The Second Amended Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE

MSSF is not liable because it did not know, and in the exercise of reasonable care could not have known, of any of the alleged misrepresentations, omissions, fraud, conspiracy or breaches of fiduciary duty alleged in the Second Amended Complaint. MSSF thus lacked scienter and was not a culpable participant in the wrongful acts alleged in the Second Amended Complaint.

## THIRD DEFENSE

MSSF conducted adequate due diligence and did not discover, and could not in the exercise of reasonable care have discovered, the alleged misrepresentations or omissions upon which Plaintiff's claims are based.

## FOURTH DEFENSE

MSSF is not liable because it was entitled to, and did, reasonably and in good faith rely upon the work, opinions, representations, advice and conclusions of others, including conclusions of and information provided by Deloitte and Adelphia and its affiliates' management, professionals, and experts, upon which MSSF was entitled to rely.

## FIFTH DEFENSE

MSSF is not liable because Adelphia and its affiliates knew of the alleged misrepresentations or omissions upon which Plaintiff's claims against MSSF are based.

## SIXTH DEFENSE

MSSF is not liable because the conduct of persons and/or entities other than MSSF was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiff. Adelphia and its affiliates' alleged damages were therefore not proximately caused by MSSF.

## SEVENTH DEFENSE

MSSF is not liable in whole or in part due to the fraud, contributory negligence, or comparative fault of Adelphia and its affiliates or others.

## EIGHTH DEFENSE

Pursuant to agreements between Adelphia and its affiliates and MSSF or its affiliates, MSSF is entitled to be indemnified or held harmless to the full extent of any losses, expenses, claims, or proceedings related to or arising out of certain transactions, including those at issue in

the Second Amended Complaint. MSSF hereby invokes all of its contractual and common law indemnity rights, and hereby provides notice to Plaintiff thereof.

## NINTH DEFENSE

Plaintiff lacks standing to sue, among other reasons, under the doctrine of *in pari delicto*.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or repose.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the misconduct of Adelphia and its affiliates' officers and senior management, which must be imputed to Plaintiff as a matter of law.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Adelphia and its affiliates obstructed and interfered with MSSF in the performance of any work it performed by withholding material information and/or misleading MSSF.

## THIRTEENTH DEFENSE

Adelphia and its affiliates expressly approved, authorized, participated in, and ratified the acts and transactions complained of and upon which recovery is sought; Plaintiff is accordingly precluded from recovery herein.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of "unclean hands," laches, waiver and/or estoppel.

## FIFTEENTH DEFENSE

Adelphia and its affiliates' alleged damages were not the result of any reliance by Adelphia and its subsidiaries on any statements or conduct of MSSF.

## SIXTEENTH DEFENSE

To the extent that the Second Amended Complaint purports to allege a claim resulting from any alleged breach of any standard of care allegedly owed by MSSF, MSSF specifically denies that it breached any such standard of care.

## SEVENTEENTH DEFENSE

Plaintiff has not established that it is entitled to attorney's fees under any act or theory forming the basis of any of its claims.

## EIGHTEENTH DEFENSE

Plaintiff failed to mitigate any damages that it may have suffered.

## NINETEENTH DEFENSE

Plaintiff has not established that MSSF is liable for any conduct for which punitive damages or treble damages could or should be awarded.

## TWENTIETH DEFENSE

Plaintiff's claims against MSSF are barred because they fail to allege, and have not suffered, any cognizable injury attributable to any conduct by MSSF.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against MSSF are barred by the doctrines of set-off and/or recoupment.

## TWENTY-SECOND DEFENSE

Any and all damages alleged were caused by the actions of Adelphia and its affiliates.

## TWENTY-THIRD DEFENSE

The injuries Plaintiff allegedly sustained were proximately and directly caused by the fraud, breaches of fiduciary duty, and conspiracy of Adelphia and its affiliates' officers, directors, and employees.

## TWENTY-FOURTH DEFENSE

To the extent that any unlawful activity alleged in the Second Amended Complaint occurred, Adelphia and its affiliates were central, knowing, and voluntary participants in that unlawful activity. Further, Adelphia and its affiliates were active participants in unlawful activity not alleged in the Second Amended Complaint that caused, or contributed to, any losses or damages suffered by them.

## TWENTY-FIFTH DEFENSE

All of the communications, negotiations, and representations by the employees, officers, and directors of Adelphia and its subsidiaries in connection with the transactions at issue in the complaint in which MSSF allegedly participated were within the scope of the employees', officers', and directors' employment for the benefit of Adelphia and its affiliates and were authorized, ratified, or adopted by Adelphia and its affiliates.

## TWENTY-SIXTH DEFENSE

The "Dismissed Bank Actions" provisions of the Plan constitute a release of indemnifiable claims.

## TWENTY-SEVENTH DEFENSE

MSSF did not owe a fiduciary duty or a duty of disclosure to Adelphia and its affiliates.

## TWENTY-EIGHTH DEFENSE

Plaintiff fails to plead claims sounding in fraud with the particularity required by law, including Rule 9(b). Due to the nature of the claims against it, MSSF has denied the allegations put forth herein. However, such claims have not, and cannot, be answered in detail due to their vague and conclusory nature.

## TWENTY-NINTH DEFENSE

Plaintiff's claims, as pled herein, do not satisfy the requirements of Rule 8.

## THIRTIETH DEFENSE

For each joint tortfeasor that has paid damages to or entered into a settlement with Adelphia and its subsidiaries, MSSF's liability is reduced by the greater of the amount of damages paid by that joint tortfeasor, the amount of consideration paid by the joint tortfeasor in connection with any and all settlement agreements with Adelphia and its affiliates, or that joint tortfeasor's proportionate share of liability.

## THIRTY-FIRST DEFENSE

MSSF hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any of the other defendants to the extent that those defenses apply to MSSF.

## THIRTY-SECOND DEFENSE

MSSF reserves the right to raise any additional defenses, cross-claims, counterclaims, and/or third party claims not asserted herein of which it may become aware through discovery or other investigation.

## COUNTERCLAIMS

For its counterclaims against the Counterclaim Defendants identified below, MSSF, by and through its attorneys, Gibson, Dunn & Crutcher LLP, alleges as follows:

### Jurisdiction and Venue

1.      This Court's jurisdiction is founded upon sections 157 and 1334 of title 28 of the United States Code, in that this proceeding arises under title 11 of the United States Code (the "Bankruptcy Code"),[2] or arises in or is related to the above-captioned jointly administered chapter 11 cases under the Bankruptcy Code, which were filed in the United States Bankruptcy Court for the Southern District of New York.

2.      This Court has personal jurisdiction over the Counterclaim Defendants, *inter alia*, because they have submitted to the jurisdiction of this Court by filing the Second Amended Complaint in this action.

3.      Venue in this Court is appropriate under section 1409(a) of title 28 of the United States Code.

### Parties

4.      Defendant and Counterclaim-Plaintiff MSSF is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York.

5.      Counterclaim Defendants include (a) Adelphia Communications Corporation ("ACC") and its affiliated debtors and debtors in possession (collectively, "Adelphia") in case numbers 02-12834 (REG) through 02-41957 (REG), 05-44167 (REG), 05-44168 (REG), 05-

---

[2] Capitalized terms not defined in the Counterclaims are defined in the Second Amended Complaint or in the Answer and Affirmative Defenses of MSSF.

44170 (REG) through 05-44172 (REG), 05-44174 (REG), 05-44178 (REG), 05-44190 (REG), 05-44192(REG), 06-60107(REG), and 06-10622(REG) through 05-10642 (REG); and (b) Plaintiff, the Adelphia Recovery Trust, as successor-in-interest to Adelphia (collectively, "Plaintiffs").

6.      MSSF incorporates by reference the allegations in Paragraphs 22 and 23 of the Second Amended Complaint.

## Count I

### (For Indemnification Against the Counterclaim Defendants)

7.      MSSF repeats and realleges each and every allegation contained in Paragraphs 1 through 6 above as if fully set forth herein.

8.      The Second Amended Complaint identifies the signatories, but does not specify which of the Counterclaim Defendants are alleged to be borrowers, beneficiaries, and/or guarantors under the CCH Credit Facility and does not specify which Counterclaim Defendants are asserting claims in the Second Amended Complaint or in what capacity those claims are asserted. Accordingly, this claim is asserted against those Counterclaim Defendants who are determined to be borrowers, beneficiaries, and/or guarantors of the CCH Credit Facility.

9.      Pursuant to a Credit Agreement, dated as of April 14, 2000 (the "CCH Credit Agreement"), Century Cable Holdings, LCC, Ft. Myers Cablevision, LLC, and Highland Prestige Georgia, Inc. (the "CCH Co-Borrowers") entered into a $2.25 billion co-borrowing facility with various lenders, including MSSF as a lender and a Managing Agent.

10.     Section 11.12 of the CCH Credit Agreement provides, in relevant part, that the CCH Co-Borrowers agree to indemnify various parties to the UCA/HHC Credit Agreement, including MSSF, including on the following terms:

11.12 <u>Indemnification.</u> Each borrower and each other Company (by execution of supplemental agreements to the Loan Documents, a Guaranty, or Collateral Documents) agrees, jointly and severally, to indemnify and hold harmless each Agent, Arranger, and each Lender and each of their respective affiliates and their respective officers, directors, employees, agents, attorneys, and advisors (each, an "<u>Indemnified Party</u>") from and against any and all claims, damages, losses, liability (including, without limitation any Environmental Liabilities), costs, and expenses (including, without limitation, reasonable attorneys' fees) that may be incurred by or asserted or awarded against any Indemnified Party, in each case arising out of or in connection with or by reason of (including, without limitation, in connection with any investigation litigation, or proceeding or preparation of defense in connection therewith) the Loan Documents, any of the transactions contemplated herein or the actual or proposed use of the proceeds of the Borrowings (including any of the foregoing arising from the negligence of the Indemnified Party) except to the extent such claim, damage, loss, liability, cost, or expense is found in a final, non-appealable judgment by a court of competent jurisdiction to have resulted from such Indemnified Party's gross negligence or willful misconduct. In the case of an investigation, litigation, or other proceeding to which the indemnity in this <u>Section 11.12</u> applies, such indemnity shall be effective whether or not such investigation, litigation or proceeding is brought by any Borrower, their directors, shareholders or creditors or an Indemnified Party or any other Person or any Indemnified Party is otherwise a party thereto and whether or not the transactions contemplated hereby are consummated.

11. MSSF, as a lender and Managing Agent under the CCH Credit Agreement, has been subjected to the claims in the Second Amended Complaint, with consequent potential damages, losses and liabilities, which fall within the indemnification provisions in the CCH Credit Agreement.

12. MSSF, as a lender and Managing Agent under the CCH Credit Agreement, is entitled to be indemnified by the Counterclaim Defendants for the claims made against MSSF in the present action, according to the terms of the CCH Credit Agreement.

13. The amount of any potential damages, losses, and liabilities of MSSF in the present action is presently undetermined.

14. MSSF is also incurring ongoing costs and expenses in connection with its role as a lender and Managing Agent under the CCH Credit Agreement, including, without limitation, in connection with its defense of the present case.

15. MSSF, as lender and Managing Agent under the CCH Credit Agreement, is entitled to be indemnified by the Counterclaim Defendants for such costs and expenses, according to the terms of the CCH Credit Agreement set forth above and elsewhere provided in the CCH Credit Agreement.

## Count II

**(For Breach of the Solvency Representations and
Warranties Against the Counterclaim Defendants)**

16. MSSF repeats and realleges each and every allegation contained in Paragraphs 1 through 15 above as if fully set forth herein.

17. The Second Amended Complaint identifies the signatories but does not specify which of the Counterclaim Defendants are alleged to be borrowers, beneficiaries, and/or guarantors under the CCH Credit Facility and does not specify which Counterclaim Defendants are asserting claims in the Second Amended Complaint or in what capacity those claims are asserted. Accordingly, this claim is asserted against those Counterclaim Defendants who are determined to be the borrowers, beneficiaries, and/or guarantors of the CCH Credit Facility who represented and warranted that they were solvent at the time of borrowing.

18. In the CCH Credit Agreement, each of the CCH Co-Borrowers made representations and warranties concerning their solvency to the various parties to the CCH Credit Agreement, including MSSF.

19. Pursuant to Section 8.17 of the CCH Credit Agreement, each of the CCH Co-Borrowers represented and warranted that "[o]n the Closing Date and at the time of each

Borrowing hereunder, each Company (and, in addition, with respect to any Borrowing by any Unrestricted Borrower, such Unrestricted Borrower) is (and after giving effect to the transactions contemplated by the Loan Documents and any incurrence of additional Debt, will be) Solvent." Pursuant to Section 1 of the CCH Credit Agreement, "Solvent" means "that (a) the aggregate fair market value of such [entity's] assets exceeds its liabilities (whether contingent, subordinated, unmatured, unliquidated, or otherwise), (b) such [entity] has sufficient cash flow to enable it to pay its Debts as they mature, and (c) such [entity] does not have unreasonably small capital to conduct such [entity's] business."

20.     To the extent that any of the Counterclaim Defendants that made such representations and warranties are found to be insolvent, they will have breached the solvency representations and warranties of Section 8.17 of the CCH Credit Agreement.

21.     MSSF has performed its obligations under the CCH Credit Agreement.

22.     As a direct and proximate result of any breach by the Counterclaim Defendants of their solvency representations and warranties in the CCH Credit Agreement, MSSF has been damaged in an amount to be determined at trial.

**Count III**

**(For Contribution Against All Plaintiffs)**

23.     MSSF repeats and realleges each and every allegation contained in Paragraphs 1-22 above as if fully set forth herein.

24.     The damages alleged by Plaintiffs in the Second Amended Complaint, if proven, are exclusively the result of the pervasive fraud perpetrated by Plaintiffs and Adelphia insiders.

25.     Accordingly, the liability of MSSF to Plaintiffs in this action, if any, is solely attributable to the conduct of persons other than MSSF.

26.     In the event, therefore, that the allegations against MSSF in the Second Amended Complaint are proven, and MSSF is adjudged liable to Plaintiffs, MSSF should be indemnified by Plaintiffs for any and all damages, losses, liabilities, costs, and expenses that MSSF suffers or incurs in this action.  In the alternative, Plaintiffs are liable in contribution, jointly and severally, to MSSF, for any damages, losses, liabilities, costs, and expenses suffered or incurred by MSSF.

**WHEREFORE,** MSSF, as Counterclaimaint, respectfully requests that the Court enter judgment in favor of MSSF:

(i)     on Count I, awarding MSSF damages in an amount to be determined at trial;

(ii)    on Count II, awarding MSSF damages in an amount to be determined at trial;

(iii)   on Count III, awarding MSSF damages in an amount to be determined at trial;

(iv)    awarding MSSF pre-judgment interest on its counterclaims together with its costs and attorneys' fees, to the fullest extent allowed by law; and

(v)     awarding MSSF such other and further relief, including punitive damages, as the Court may deem just and proper and appropriate to redress the harm caused by Plaintiffs' conduct.

Dated:  June 26, 2009

GIBSON, DUNN & CRUTCHER LLP


By:     */s/ Christopher M. Joralemon*
        Christopher M. Joralemon (CJ 1403)
        Gibson, Dunn & Crutcher LLP
        200 Park Avenue
        New York, NY  10166
        Phone: (212) 351-4000
        Fax: (212) 351-4035

Attorneys for Defendant
Morgan Stanley Senior Funding, Inc.