UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
ADELPHIA RECOVERY TRUST,

        Plaintiff,

    - against -

BANK OF AMERICA, N.A., *et al.*,

        Defendants.
-----------------------------------------------------------x

No. 05 Civ. 9050 (LMM)(RLE)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-2-09

## ORDER

IT IS HEREBY ORDERED that the deposition of James Brown will proceed as follows:

1. Mr. Brown's attorney will accept service of the subpoena for Mr. Brown's live oral deposition to take place at the offices of Merrill Corporation, 225 Varick Street, New York, New York, 10014, on Wednesday October 7, 2009 ("the deposition");

2. Mr. Brown will invoke his 5th Amendment rights with respect to each and every question asked at the deposition (except for his name);

3. Neither the Adelphia Recovery Trust (the "ART") nor any of the defendants in the above-captioned case (hereafter "the Bank Defendants") will at any time (either during the deposition or at any point thereafter) in this case challenge Mr. Brown's invocation of the 5th Amendment with respect to, or move to compel Mr. Brown to give a substantive answer to, any question asked at the deposition;

4. Notwithstanding the preceding paragraph 3, after Mr. Brown is sentenced in the criminal case pending against him, the ART and the Bank Defendants reserve the right to

seek Mr. Brown's testimony and challenge any further invocation of the 5th Amendment by Mr. Brown at such time (but not any prior invocation), although Mr. Brown does not hereby waive his right to challenge any motion seeking his testimony or his right to such further invocation;

5. Mr. Brown's deposition will take place for one day, with the Bank Defendants allotted up to six (6) hours of recorded testimony and the ART allotted up to three (3) hours of recorded testimony, with a one-hour lunch break and any other necessary breaks requested by the witness or counsel;

6. Mr. Brown's travel expenses to New York will be paid by the parties pursuant to the provision for such travel expenses in the parties' Deposition Protocol;

7. Upon the Court's execution of this Order, counsel for the ART's objection to Mr. Brown's deposition proceeding pursuant to Fed. R. Civ. P. 30 instead of pursuant to Fed. R. Civ. P. 31 on written questions will be considered withdrawn;

8. Any Bank Defendant may object to this Order within five (5) calendar days of its entry. In the event that any such objection is upheld or the Order is not binding on all defendants, then the Order will not remain in effect and the parties shall proceed with Mr. Brown's deposition pursuant to Rule 31;

9. Nothing in this Order or in the parties' joint request for this Order may be used by any party in connection with a request to this or any court for an adverse inference against any party hereto as a result of Mr. Brown's assertion of the 5th Amendment at the deposition contemplated by this Order or at trial, or as a result of the joint request for the Order.

This paragraph shall be without prejudice to any party's rights to seek an adverse inference on any other grounds.

So Ordered: September 2, 2009

_____
Honorable Ronald L. Ellis
United States Magistrate Judge