# Exhibit A

### SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, N.Y. 10017-3954
(212) 455-2000

---

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-3979

E-MAIL ADDRESS
wrussell@stblaw.com

**BY E-MAIL**                                  May 15, 2009

Michael C. Harwood, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019-6799

Deirdre E. Connell, Esq.
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, Illinois 60611-7603

Re:   Expert Witness Identification - *Adelphia Recovery Trust v. Bank of America, N.A., et al.*, 05 Civ. 9050 (LMM)

Dear Michael and Deirdre:

Pursuant to the Pretrial Schedule Order dated October 20, 2008 (the "Order"), Defendants identify the following experts from whom some or all Defendants may elicit testimony and/or other evidence at trial pursuant to Federal Rules of Evidence 702, 703, or 705:

1. *Bruce A. Green* – Mr. Green, Professor of Law at Fordham University School of Law and Director of the Louis Stein Center for Law and Ethics, may offer expert opinions on legal ethics, including in the context of the facts and circumstances of this case.

2. *Lucy P. Allen* – Ms. Allen, Senior Vice President at NERA Economic Consulting, may offer expert opinions on the alleged injury and damages in this case.

3. *Ray Ball* – Mr. Ball, Professor of Accounting at the University of Chicago Booth School of Business, may offer expert opinions on the alleged injury and damages in this case.

4. *Douglas K. Rudley* – Mr. Rudley, Senior Consultant with Business Valuation Advisors LLC, may offer expert opinions on capital formation by Adelphia Communications Corporation, including the role and activities of bankers and other professionals in connection with the sale of securities.

LOS ANGELES       PALO ALTO       WASHINGTON, D.C.       BEIJING       HONG KONG       LONDON       TOKYO

SIMPSON THACHER & BARTLETT LLP

Michael C. Harwood                                                              May 15, 2009
Deirdre E. Connell                               -2-

     5.    *Nabil N. El-Hage* – Mr. El-Hage, Professor of Management Practice at Harvard Business School, may offer expert opinions on corporate governance and commercial loan transactions, including in the context of the facts and circumstances of this case.

     6.    *Ronald Gilson* – Mr. Gilson, Professor of Law and Business at Stanford Law School, may offer expert opinions on corporate governance, including in the context of the facts and circumstances of this case.

     7.    *Steven L. Schwarcz* – Mr. Schwarcz, Professor of Law and Business at Duke Law School, may offer expert opinions on banking practices and customs, including in the context of the facts and circumstances of this case.

     8.    *Robert L. Clarke* – Mr. Clarke, Senior Partner at Bracewell & Giuliani LLP, may offer expert opinions on banking practices and customs, including in the context of the facts and circumstances of this case.

     9.    *Robert J. Rock* – Mr. Rock, Managing Director at AlixPartners, may offer expert opinions on auditing, accounting and financial practices and reporting, and forensic accounting analyses, including in the context of the facts and circumstances of this case.

     10.    *John M. Lacey* – Mr. Lacey, Professor of Accounting at California State University at Long Beach, may offer expert opinions on accounting and auditing standards and practices, including GAAP and GAAS, and the role of auditors, including in the context of the facts and circumstances of this case.

     11.    *Harold Furchtgott-Roth* – Mr. Furchtgott-Roth, President of Furchtgott-Roth Economic Enterprises, may offer expert opinions on the cable television industry, including in the context of the facts and circumstances of this case.

     12.    *Cathryn R. Gregg* – Ms. Gregg, Partner and Director of Treasury Strategies, Inc., may offer expert opinions on banking practices and customs, including cash management and treasury services issues, including in the context of the facts and circumstances of this case.

     13.    *John D. Finnerty, PhD* - Dr. Finnerty, Professor of Finance, Fordham University Graduate School of Business Administration, and the Managing Principal of Finnerty Economic Consulting, LLC, may offer expert opinions on the valuation of entities, including in the context of the facts and circumstances of this case.

SIMPSON THACHER & BARTLETT LLP

Michael C. Harwood                                                                       May 15, 2009
Deirdre E. Connell                              -3-


14.    *Phillip Kozloff* - Mr. Kozloff may offer expert opinions on banking practices and customs, including in the context of the facts and circumstances of this case.

15.    *Robert P. Schweihs* - Mr. Schweihs, Managing Director of Willamette Management Associates, may offer expert opinions on the alleged injury and damages in this case.

16.    *Vincent P. Van Nevel* - Mr. Van Nevel, Managing Director of Professional Bank Services, Inc., may offer expert opinions on banking practices and customs, and on commercial loan transactions, including in the context of the facts and circumstances of this case.

Each of these experts may also offer opinions, testimony and/or other evidence in response to opinions offered by Plaintiffs' experts.

This expert identification is made pursuant to the Court's Order, and in response to the Plaintiffs' identification of experts dated April 1, 2009 (the "Plaintiffs' Expert ID"). In the Plaintiffs' Expert ID, Plaintiffs assert that their identifications are "subject to amendment," that they "reserve[d] the right" to amend or supplement the list of experts contained therein as well as the subject matter of the testimony any listed expert would offer, and "reserve[d] the right" to offer supplemental opinion by way of rebuttal or in opposition to expert testimony Defendants may offer, whether through identified experts or "additional experts" (collectively, the "Reservations").

The Order confers no such "rights" upon the Plaintiffs. Rather, the Order required that Plaintiffs "identify their experts and the subject matter of their experts' opinions/reports" by a date certain -- April 1, 2009. The requirement that Plaintiffs would first disclose who their experts were, and the subject matter of their testimony, in advance of the Defendants having to do so, was material to the Defendants in negotiating and agreeing to the substantive provisions of the Order. The Defendants thus object to the Reservations as improper and precluded by the Order. To the extent the Plaintiffs seek to name additional experts or alter the subject matter of the expected testimony of those experts identified in Plaintiffs' Expert ID, Defendants will seek all available relief, including but not limited to moving to preclude testimony on new subject matter and/or testimony by additional experts, naming additional experts themselves, and/or altering the subject matter of the testimony of the experts they have disclosed herein.

SIMPSON THACHER & BARTLETT LLP

Michael C. Harwood                                                          May 15, 2009
Deirdre E. Connell                            -4-

       The grounds for each opinion expected to be offered by the Defendants' experts will be more fully disclosed through the experts' reports, depositions of the experts, and any documents produced or to be produced to Plaintiffs. The Defendants reserve the right to withdraw any of the witnesses identified above from the list of witnesses the Defendants actually call at trial.

                                Sincerely,

                                Bill Russell

                                William T. Russell, Jr.

cc:    All Counsel