USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/2010

RECEIVED
IN CHAMBERS

AUG - 5 2010

LAWRENCE M. McKENNA
USDJ    SDNY

# WilmerHale

August 4, 2010

Philip D. Anker

+1 212 230 8890 (t)
+1 212 230 8888 (f)
philip.anker@wilmerhale.com

**BY HAND**

Honorable Lawrence M. McKenna
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED** (p.3)

Re:   *Adelphia Recovery Trust v. Bank of America, N.A., et al.*, 05 Civ. 9050

Dear Judge McKenna:

    We represent the Credit Suisse entities and The Royal Bank of Scotland PLC, which are among the defendant Banks in the above-captioned action. We write on behalf of the plaintiff and defendants, all of which join in this letter.

    In a Memorandum and Order dated July 12, 2010, Your Honor scheduled oral argument to take place on certain of the Banks' summary judgment motions on August 10, 11, and 12, 2010, for a total of 12 hours (with 6 hours per side). In accordance with Your Honor's instructions, and subject to the remainder of this letter, the parties have conferred on the arrangements for the argument and respectfully propose that the relevant motions be addressed in the following order with the following time limits:

- The parties propose to spend the first two days of argument addressing, first, the Banks' Motion for Summary Judgment on the Tort Claims for Lack of Scienter or Misconduct ("Tort Motion"), and, second, the Banks' Motion for Summary Judgment for Lack of Causation and Injury (the "Causation Motion"). The parties agree that the time should be evenly split, with four hours allotted to each side, and that the Banks, as the movants, should be heard first on each of the two motions. The parties have not, however, reached consensus on the format for these arguments; our dispute is described below.

- The parties propose to spend the final day of argument addressing the Bank Holding Company Act ("BHCA") and remaining fraudulent transfer claims. The parties plan to address the BHCA motion first, followed by argument on the motions addressing the remaining fraudulent transfer claims against the Margin Lenders, Goldman Sachs, the Bank of Nova Scotia, and CIBC. The parties have agreed that, while the Banks and the ART will each be limited to 2 hours of total argument for these motions, the parties may allocate their time differently. For example, whereas the Banks currently plan to spend 30 minutes of their allocation addressing the BHCA motion (leaving the remaining 1.5 hours for the fraudulent transfer claims), the ART may choose to spend somewhat longer on the BHCA motion (with less time on the fraudulent transfer claims). It is also possible, as the other motions proceed, that the parties will seek adjustments in the

Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, New York 10022
Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

August 4, 2010
Page 2

> proposed schedule, with any increase or decrease in the time used by a side to argue any particular motion decreasing or increasing, as the case may be, the time available to that side to argue a different motion by a corresponding amount.

- Individual Banks do not presently intend to argue the points made in their separate supplements to the Omnibus Motions. However, one group of defendants, PNC Bank, N.A. and PNC Capital Markets LLC ("PNC"), has requested 15 minutes at the conclusion of the second day of the argument to be heard on legal arguments it has made in its papers. It is possible, depending on how the oral argument is otherwise proceeding, that PNC will forgo this opportunity, in which case the parties propose that the time allotments for argument on the various motions be as set forth above. In the event, however, that PNC determines that it would like to use up to the 15 minutes it would be allotted, the amount of time allotted to the Banks for argument on either the Tort or the Causation Motion would be reduced by a comparable amount. If the ART chose to respond to the argument by PNC's counsel, it would do so for up to 15 minutes and its time for argument on the Tort or the Causation Motion would be reduced by a like amount.

As noted above, the parties have been unable to reach agreement on the format for the argument on the Tort and Causation Motions. The Banks suggest that five hours total (and split evenly between the Banks and the ART) be allotted to argument on the Tort Motion, and three hours total (and split evenly between the Banks and the ART) be allotted to argument on the Causation Motion, with each argument following the traditional tripartite format for oral argument: the Banks' opening, the ART's response, and the Banks' reply. The ART agrees that the Banks should both open and close argument on each motion, but would prefer a format in which the parties go back and forth as many times as they deem appropriate until each side has used its four hours of argument time and with no clear division of time between the Tort and the Causation Motion. The ART believes that this free-flowing format will provide each side with the opportunity to respond to statements or argument that it hears in the opposing party's presentation; the Banks believe it will provide no meaningful structure for the argument and that the traditional approach in which separate motions are argued separately and, as to each motion, the movant gets an opening and reply, with the respondent arguing in between the opening and the reply, is preferable. The parties will of course abide by Your Honor's determination of how the parties should proceed.

A second point of disagreement between the parties arises as follows: As the Court is aware, Jenner & Block is sole counsel for the ART with respect to claims against a handful of the Banks (CIBC, Rabobank, and Société Générale). The ART requests that Jenner be permitted, on the third day of the argument, Thursday, August 12, some time to address issues specific to the ART's claims against those handful of defendants. The Banks, of course, do not object to having Jenner present some or all of the argument for the ART. But, as noted, counsel for those

WILMERHALE

August 4, 2010
Page 3

three Banks do not presently intend to present argument specific to their clients' supplements to the Omnibus Tort and Causation Motions. In any event, in order to maintain some structure for the presentations, the Banks believe that argument on the third day should be limited to the BHCA and fraudulent-transfer claims and, if the ART wishes to have Jenner address the Tort and/or Causation Motion, Jenner should do so at the appropriate time as part of the ART's response during the first two days. Should counsel for the ART address topics other than the BHCA claim and the fraudulent-transfer claims on the third day of argument, the Banks reserve the right to respond.

The parties hope that these agreed arrangements, and the outlining of their two areas of disagreement, will be helpful to Your Honor. The parties are available at Your Honor's convenience to discuss these or any other issues.

Respectfully submitted,

Philip D. Anker

cc: All counsel (via email)

```
          The Court approves the parties agreements.
          As to the difference noted in the paragraph on p. 2
beginning "As noted above ...," the Court believes that the ART's
proposal is preferable.  (Within the parties' allocated times on
the Tort and the Causation motions, each side can allocate
between such respective motions as they choose.)
          As to the difference noted in the paragraph on pp. 2-3
beginning "A second point ...," the Court believes that the Banks
proposal is preferable.  (The Court is confident that the
Kasowitz and Jenner firms can allocate times between them.)
          So ordered.
```