KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

MICHAEL C. HARWOOD
MHARWOOD@KASOWITZ.COM
212-506-1709



ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

August 31, 2010

**MEMO ENDORSED**

**BY HAND**
The Honorable Lawrence M. McKenna
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1640
New York, New York 10007

RECEIVED
IN CHAMBERS

AUG 3 1 2010

LAWRENCE M. McKENNA
USDJ    SDNY

Re:   *Adelphia Recovery Trust v. Bank of America, N.A., et al.*, 05 Civ. 9050 (LMM)

Dear Judge McKenna:

    We represent the Adelphia Recovery Trust (the "Trust") in the above-referenced action, and write in response to the Court's request in the two recent decisions that the parties inform the Court whether the decisions need to be maintained under seal and for an update with respect to the issue of whether certain material filed in connection with the Investment Banks' Motion for Summary Judgment on Claim 40, the Trust's Motion to Reinstate Claims 39 and 40, and the Bank Defendants' Motion for Summary Judgment on In Pari Delicto Grounds, should remain under seal. By letter dated August 27, 2010, Joon Kim advised the Court that the parties agree that the first decision can be filed on the public docket in its entirety. The Trust advises the Court that it has the same view as to the recent in pari delicto decision. Mr. Kim further stated that defendants wish that all of the materials concerning Claims 39 and 40 remain under seal pursuant to the Confidentiality Stipulation and Protective Order so ordered by the Court on August 11, 2008. We have consulted with defense counsel regarding the in pari delicto motion and they have advised that their position is the same (*i.e.*, the decision may be made public but all the materials should remain under seal). Therefore, both decisions may now be unsealed.

    As to the underlying documents submitted in connection with both motions, the Trust's position is that the Banks have not met their burden of showing adequate reason for the materials to remain under seal. Defendants do not distinguish between materials produced by the Banks and those produced by the Trust or third parties, nor do they distinguish between internal materials and those that are already public. As the Court will recall, a substantial volume of the materials submitted in connection with these motions included Adelphia Board of Director minutes, Adelphia's SEC filings, Requests for Proposals and Confidential Information Memoranda that were widely circulated, and correspondence between Adelphia and Defendants. As the case law we cite here makes clear, *none* of these materials satisfy the strict limits on confidentiality. As to the purely internal Bank documents from a decade ago, this case law puts the burden on Defendants to identify which of these materials should be kept confidential. The

*The Clerk is directed to unseal the Court's decisions dated 8/17/10 and 8/25/10, previously filed under seal. So ordered.*

*[signature]  USDJ 9/1/10*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Lawrence M. McKenna
August 31, 2010
Page 2

Trust does not suggest that the Confidentiality Stipulation should be renegotiated at this date, as Mr. Kim implies, but the law is clear that where the parties have filed substantial material in connection with decisions by the Court (decisions that all parties agree should be made public) there is a presumption against keeping the material under seal.

It is a well settled rule in the Second Circuit that after a court issues a ruling on a motion for summary judgment, the materials filed in support of or in opposition to the motion should be open to the public. As the Second Circuit observed in *Gambale v. Deutsche Bank A.G.*, 377 F.3d 133, 144 (2d Cir. 2004) (citations omitted):

> We have observed that, consistent with this rationale for public access, the presumptive right to "public observation" is at its apogee when asserted with respect to documents relating to "matters that directly affect an adjudication." *Id.* at 1049. Such documents include those relating to the decision of a motion for summary judgment, such as the grant and denial of partial summary judgment by the district court here. *See Joy v. North,* 692 F.2d 880, 893 (2d Cir. 1982), *cert. denied,* 460 U.S. 1051, 75 L. Ed. 2d 930, 103 S. Ct. 1498 (1983). In part because they relate to a court's adjudication process, "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Id.*

Here, there are no compelling reasons for the materials to remain under seal, and Defendants offer none. First, a substantial number of the documents relating to the gross negligence claim and the in pari delicto motion, which were also submitted to the Court in connection with motion practice on the remaining Tort Claims, have already been publicly disclosed at the summary judgment hearing on August 10, 11 and 12, 2010, and were the subject of widely disseminated news reports. As the Court will recall, the Requests for Proposals, the Confidential Information Memoranda, internal loan approval memos, internal emails concerning the disclosure of the Rigas Family off-balance sheet liabilities and the tying of the Co-Borrowing Facilities to investment banking services were all disclosed and discussed in open court at the summary judgment hearings. Once documents are public, they necessarily remain public. *See Gambale,* 377 F.3d at 144. And the Trust notes that notice of the full transcript of those three days of argument has now been placed on the public docket, without any restriction on making that information available well beyond those who attended the proceedings in open court.

Second, the confidentiality stipulation (an umbrella stipulation that provides confidential treatment to every single document in the case without regard to its substance or potential for harm) cannot cloak the documents with immunity from disclosure. It can only protect confidential commercial information upon a showing of good cause. Fed. R.Civ. Pro. 26(c); *The Akron Beacon Journal v. Terry Havens,* 1995 U.S. Dist. LEXIS 5183, 29-32 (S.D.N.Y. 1995) ("Allowing businesses to satisfy good cause without such a showing [of harm to its competitive or financial position] would effectively undermine the good cause requirement, as businesses would be able to claim good cause for any internal documents that portrayed the business in an unflattering light."); *Sharjah Investment Co. v. P.C. Telemart Inc.,* 107 F.R.D. 81, 83 (S.D.N.Y.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Lawrence M. McKenna
August 31, 2010
Page 3

1985) (a bare stipulation that has been "So Ordered" does not form a sufficient record to uphold confidentiality absent a showing of good cause). There can be no cause whatsoever to maintain documents under seal that the Rigases and the Banks freely shared among each other at the time they were created, such as the Requests for Proposal, and the Confidential Information Memoranda, or materials that were more widely disseminated such as the SEC filings containing copies of the Credit Agreements and other information, and drafts of many of these materials over which Adelphia and the Trust do not seek a cloak of confidentiality. The Trust also filed materials from the Rigas criminal trial, including the indictment and certain trial exhibits, that have already been made public by another judge in this District. Among other things, Defendants filed copies of the Trust's responses to their interrogatory requests and now ask that the Trust's responses also be kept under seal. This Court should not bear the burden of maintaining confidentiality over this large volume of materials in which there is no legitimate privacy interest.

Similarly, there is no good cause to protect decade old documents like communications between Adelphia or the Rigases and Defendants, and internal bank communications concerning the credit approval process for these loans. The disclosure of these materials will not reveal any trade secrets that could cause harm to Defendants' commercial lending or investment banking businesses. The documents concern events that occurred approximately ten years ago, events that long ago were disclosed, and several of the banks admit in their public filings that an adverse judgment in this lawsuit will not have a material adverse effect on their financial condition. It is hard to imagine any harm to Defendants if these materials, many of which have already been publicly disclosed, do not remain under seal.

Defendants have not met their burden of showing "good cause" to protect the alleged confidentiality of the materials, let alone "compelling reasons" for all of the documents to remain under seal at this stage of the litigation. The alleged burden of reviewing and redacting confidential information is not a valid basis to keep hundreds or thousands of documents under seal. *Plainville Board of Ed. v. R.N.*, 2009 U.S. Dist. LEXIS 54197, *2 (D. Conn. 2009) (the burden of reviewing and redacting documents does not constitute a clear and compelling reason for sealing the entire record). Despite the large volume of materials that have been filed, there are only a handful of purely internal documents for each individual bank that could even conceivably raise questions of confidentiality. The Banks should identify those materials rather than assert a blanket confidentiality over every single piece of paper in this case.

We are available to discuss this, or any other matter, at the Court's convenience.

Respectfully,

Michael C. Harwood

cc:   All Counsel (by email)