USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2010

# STROOCK

**MEMO ENDORSED**

*The Court accepts the Szyfer Declaration. The original should be filed and docketed. ART may submit a brief memorandum in response within 10 days of the date hereof. Counsel for Goldman are requested to identify the submissions listed in n.1, below, by Docket number. So ordered.*

*/s/ ___ (LMM) 11/12/10*

November 12, 2010

By Hand

Claude G. Szyfer
Direct Dial 212-806-5934
Direct Fax 212-806-1331
cszyfer@stroock.com

RECEIVED IN CHAMBERS
NOV 1 2 2010
LAWRENCE M. McKENNA
USDJ     SDNY

The Honorable Lawrence M. McKenna
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1640
New York, New York 10007

Re:   *Adelphia Recovery Trust v. Bank of America, N.A., et al.*; No. 05 Civ 9050 (LMM)

Dear Judge McKenna:

On behalf of defendant Goldman, Sachs & Co. ("Goldman"), we seek permission from the Court to supplement Goldman's Motion for Summary Judgment on the Thirty-First Claim for Relief (the "Summary Judgment Motion") with the annexed Declaration of Claude G. Szyfer in Further Support of Goldman's Motion for Summary Judgment ("Szyfer Decl.") and exhibit.

A central issue of the Summary Judgment Motion is whether Adelphia Communications Corporation ("ACC") owned and held title to Account Number 2090000200106 at First Union National Bank (the "Concentration Account"), the account from which the funds used to repay the Goldman margin loan originated.[1] As Your Honor's prior rulings have established, ACC is the only debtor entity that has unpaid creditors and, therefore, the only entity with standing to assert the fraudulent conveyance claim at issue here.

---

[1] For a full recitation of the facts and arguments contained in Goldman's Summary Judgment Motion, please refer to the following: (i) Goldman's Memorandum of Law and Reply Memorandum of Law in Support of Goldman's Motion for Summary Judgment on the Thirty-First Claim for Relief; (ii) the Declaration and Reply Declaration of Melvin A. Brosterman in Support of Goldman's Motion for Summary Judgment on the Thirty-First Claim for Relief; (iii) the Margin Lender Defendants' Memorandum of Law and Reply Memorandum of Law in Support of the Margin Lenders' Motion for Summary Judgment on Claim 31; and (iv) the Declaration and Reply Declaration of Luke A. Barefoot in Support of the Margin Lenders' Motion for Summary Judgment on Claim 31.

The Honorable Lawrence M. McKenna
November 12, 2010
Page 2

In its Summary Judgment Motion, Goldman demonstrated that there is no material issue of fact that ACC did not own or hold title to the Concentration Account. Among other things, Goldman cited to the fact that ACC did *not* identify the Concentration Account in any of its bankruptcy schedules listing its assets. (See Reply Memorandum of Law in Support of Goldman's Motion for Summary Judgment, p. 6, fn. 7, citing ACC's Schedules of Assets and February 2004 Amendments to Schedules of Liabilities and Executory Contracts, dated February 23, 2004).

In the course of preparing for the trial of Claim 31, we recently discovered that another debtor entity—*not* ACC—affirmatively listed the Concentration Account among its assets. In its schedule of assets filed with the Bankruptcy Court, ACC Operations, Inc., one of the over 240 separate and distinct ACC subsidiary debtor entities, identified the Concentration Account as *its* property, as of its June 25, 2002 bankruptcy filing date. (See ACC Operations, Inc.'s Schedules of Assets and February 2004 Amendments to Schedules of Liabilities and Executory Contracts, dated February 23, 2004 (the "ACC Operations Schedules"), Ex. A to the annexed Szyfer Decl., at Exhibit B2, p. 6). That schedule has not been amended or disputed.

Accordingly, we wish to place this document into the summary judgment record as further support that, in light of the admissions contained in the ACC Operations Schedules, the ART should be judicially estopped from arguing that ACC owned and held title to the Concentration Account.[2]

---

[2] Courts in New York have allowed parties to supplement the record on motions for summary judgment where, as here, the supplemental evidence is relevant to the material facts of the case and there is no prejudice to the other party. See F.T.C. v. Medical Billers Network, Inc., 543 F. Supp. 2d 283, 308 n. 26 (S.D.N.Y. 2008) (granting plaintiff's letter request to supplement the summary judgment record with additional declaration and finding no prejudice to defendants from the Court's consideration because they responded to supplemental evidence); Tackman v. Goord, No. 99-CV-0438A(F), 2005 WL 2347111, *12 (W.D.N.Y. Sept. 26, 2005) (granting plaintiff's motion to supplement the summary judgment record because the supplemental evidence was probative of a material fact in the case); Ochs v. Nemes (In re Nemes), 323 B.R. 316, 319 (Bankr. E.D.N.Y. 2005) (granting debtor's letter request to reopen the summary judgment record after argument to supplement the record with additional credit card records). Because the ACC Operations Schedules are highly relevant to the ownership of the Concentration Account, and the ART will have the opportunity to submit a response to this request, that standard is met here.

BROOKLYN · NEW YORK · LOS ANGELES · MIAMI

The Honorable Lawrence M. McKenna
November 12, 2010
Page 3


If Your Honor grants our request, we will promptly file and serve the annexed Szyfer Declaration and exhibit. Alternatively, of course, we are available for a conference to discuss this issue if your Honor so desires.

Respectfully submitted,

Claude G. Szyfer

cc: David M. Friedman, Esq. (via email)
    Michael C. Harwood, Esq. (via email)
    Howard Schub, Esq. (via email)
    Melvin A. Brosterman, Esq.
    Francis C. Healy, Esq.