UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
ADELPHIA RECOVERY TRUST,          :   No. 05 Civ. 9050 (LMM)
                                  :
                 Plaintiff,       :
                                  :
        - against -               :
                                  :
BANK OF AMERICA, N.A., *et al.*,  :
                                  :
                 Defendants.      :
------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/2010

## ORDER WITH RESPECT TO SETTLEMENT AGREEMENT BETWEEN THE ADELPHIA RECOVERY TRUST AND THE BANK DEFENDANTS

Upon the motion (the "Motion") of plaintiff, Adelphia Recovery Trust (the "Trust"), for entry of an Order With Respect To Settlement Agreement Between The Trust And The Bank Defendants ("Settlement Agreement")[1], the Court, having considered objections, if any, to the Motion, finds as follows:

    a.    The Court has jurisdiction over the Motion, the Settlement Agreement and all of the terms and conditions contained therein;

    b.    Notice of the Motion, which was served on all Parties as well as on all record holders of certificates in the Trust and on other interested Persons, and the opportunity for a hearing on the Motion, were adequate and appropriate under the circumstances;

    c.    The Trust and the Bank Defendants negotiated at arm's length and in good faith to reach agreement on all the matters resolved through the Settlement Agreement;

    d.    The Trustees have exercised valid and proper business judgment in causing the Trust to enter into the Settlement Agreement, which is fair to, and in the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

1

best interests of, the Trust;

  e. The Trust has all requisite power and authority to execute, deliver and perform its obligations under the Settlement Agreement, and the Settlement Agreement constitutes the legal, valid and binding obligation of the Trust and the Bank Defendants and is enforceable against them in accordance with its terms; and

  f. The Settlement Agreement resolves claims that belong to the Trust, which is the lawful owner of the claims that are released pursuant to the Settlement Agreement. The Plan Administrator (under and as defined in the Bankruptcy Plan) and Adelphia have consented to the entry of this Order and the Settlement Agreement.

BASED ON THE FOREGOING FINDINGS, IT IS HEREBY ORDERED THAT:

  1. The Motion shall be, and hereby is, granted;

  2. Any modification of this Order in connection with any appeal will not undo actions taken, transfers or distributions made, or releases granted in reliance upon the entry of this Order and the occurrence of the Approval Date;

  3. The prosecution of any claim for contribution or indemnification against any and all Bank Defendant Releasees by any Person that is sued by the Trust (or Adelphia) and that is not a party to the Settlement Agreement is hereby barred and enjoined to the extent that the claim for contribution or indemnification is based upon, relates to, arises from or is otherwise in any way connected to the Chapter 11 Cases, the Action, the Complaint, the Counterclaims, or any of the allegations in the Complaint or the Counterclaims, provided however that nothing in this Order shall adversely affect the rights of HSBC Bank USA, National Association ("HSBC"), Key Bank, National Association ("Key") or the Trust under the letter agreement

between and among those entities, dated November 16, 2010, pursuant to which HSBC and Key withdrew their Limited Objection to the Settlement Agreement;

4. This Order approves and adopts paragraph 14(b) of the Settlement Agreement regarding the return, destruction, and confidentiality of documents, which provision will supersede any contrary terms contained in the August 11, 2008 Confidentiality Stipulation and Protective Order;

5. The Action is dismissed with prejudice effective upon the occurrence of the Release Effective Date, and the Parties shall file a notice of dismissal with the Court, which shall be entered on the docket by the clerk of the Court;

6. The Plan Administrator is hereby authorized to distribute funds, other than Grid Interest as defined in the JV Plan, to holders of Bank Claims whose distributions were withheld pursuant to section 5.2(c)(v) of the Plan and sections 4.17(c)(i) and 4.22(c)(i) of the JV Plan, upon the Plan Administrator's receipt of a written request for payment coupled with: (i) evidence sufficient to demonstrate the claimant's entitlement to payment; (ii) its representation that it has not transferred or assigned its right to the distribution to a third party; (iii) its agreement it will not transfer its right to its claim to a third party prior to receiving the distribution; and the Plan Administrator shall be entitled to rely, and shall have no liability for relying, upon the foregoing request, evidence and representation; and;

7. The Court retains jurisdiction over matters relating to the performance or any breach of the Settlement Agreement.

_____
Honorable Lawrence M. McKenna
United States District Judge

Dated: November 18, 2010