UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADELPHIA RECOVERY TRUST,<br><br>                    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                    Defendants. | No. 05 Civ. 9050 (LMM) |

# MEMORANDUM OF LAW OF GOLDMAN, SACHS & CO. IN OPPOSITION TO ADELPHIA RECOVERY TRUST'S MOTION TO AMEND THE CAPTION

STROOCK & STROOCK & LAVAN LLP
*Attorneys for Defendant Goldman, Sachs & Co.*
180 Maiden Lane
New York, New York 10038-4982
Telephone: (212) 806-5400

Of Counsel:
Melvin A. Brosterman
Claude G. Szyfer
Francis C. Healy

Defendant Goldman, Sachs & Co. ("Goldman") submits this memorandum of law in response to Adelphia Recovery Trust's ("ART") motion to amend the caption (the "Motion").

## ARGUMENT

## THE PROPOSED AMENDMENT SHOULD BE DENIED

Under Fed. R. Civ. P. 15(a)(2), which is the proper avenue through which to request the amendment of a case caption, not Rule 10, see United States v. Edwards, 241 F.R.D. 146, 148 (E.D.N.Y. 2007) (stating that the appropriate vehicle for amending a case caption is, with the Court's permission, Rule 15),[1] courts are directed to "freely give leave when justice so requires." Amendment of a pleading, however, should be denied if there is evidence of "bad faith, undue prejudice to the non-movant or futility." See Milanes v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); see also Oneida Indian Nation of N.Y. State v. County of Oneida, 199 F.R.D. 61, 80 (N.D.N.Y. 2000) ("A finding that a party is seeking leave to amend solely to gain a tactical advantage ... supports a finding that such an amendment is made in bad faith."). Courts in this Circuit also will not allow amendments when they are "unlikely to be productive." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). All of the factors that militate against granting leave to amend—unlikely to be productive, futility, bad faith and prejudice—are present here.

As a threshold matter, Rule 15 of the Federal Rules of Civil Procedure simply does not recognize as a "productive" amendment the revision of a caption whenever a defendant is dismissed from an action or settles, whether by motion or stipulation. Were such amendment the rule, courts would be inundated with motions to amend the captions of every large, multi-party

---

[1] ART's Motion purports to be pursuant to Fed. R. Civ. P. 10, though it was defectively filed without a notice of motion or proposed amended pleading as required by Fed. R. Civ. P. 15. See Smith v. Panas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993)).

1

litigation – an unnecessary act, and a wasteful precedent. Nor is there any precedent for the amendment to drop all defendants other than Goldman from the caption in this action, as ART claims. See Motion at 3. ART cites an earlier instance in which the Court permitted the caption to be amended and claims that the amendment would foster "administrative convenience." Id. But that prior amendment was strictly to correct the identification of the plaintiff after all of the claims had been transferred to ART from the Adelphia estates and creditors' committees. See Proposed Administrative Order Consolidating Docket Numbers 05 CIV. 9050, 05 CIV. 9250 and 05 CIV. 9285 and Amending the Caption (Docket No. 95) at ¶ 6. Thus, that amendment was necessary to identify the new, correct, plaintiff. There is no such defect here that requires correction or amendment, as Goldman always has been correctly identified as a defendant in the current caption. Accordingly, the proposed amendment has no precedent in the law or this action, and would not be productive in any sense.

Further, the proposed amendment would be futile. Goldman's dispositive motion for summary judgment is pending, and nothing in ART's purely stylistic amendment would cure the fundamental deficiencies in its case and the record. As shown in the summary judgment motion, Claim 31 can proceed only if ART demonstrates a triable issue of fact as to whether Adelphia Communications Corporation ("ACC") itself—and not one of its many affiliates or subsidiaries—was the source of the alleged fraudulent transfers to Goldman. There is no probative, much less clear and convincing, evidence establishing ACC as the source, and so the proposed amendment would be pointless, even for purposes of "administrative convenience." Indeed, it is a needless burden on the Court even to entertain this motion to amend before Goldman's summary judgment motion is decided.

Finally, ART's proposed amendment is sought solely to gain a tactical advantage at trial, and it would significantly prejudice Goldman.[2] As the Court is well aware, Goldman is only named as a defendant in one claim—Claim 31. Yet, under the guise of "administrative convenience," ART has filed a motion to amend the caption which would have the unusual, and highly prejudicial, effect of eliminating every one of the 670 defendants named in the caption, other than Goldman, while otherwise preserving over 450 pages, over 1600 paragraphs and 66 non-Goldman related claims in the complaint. While Goldman cannot be certain what precisely ART has in mind, since ART has not filed a proposed amended pleading, ART's motion appears to be designed to achieve only one purpose: to eliminate the other named defendants in order to allow ART to publish before a jury an amended complaint where only Goldman appears as a defendant in the caption, but which contains dozens of claims and hundreds of allegations that pertain to defendants other than Goldman. It would be difficult enough for this Court to provide a clarifying jury charge at trial if ART succeeded in obtaining the Court's permission to publish the complaint to the jury in its current form. No clarifying charge, however, could eliminate the prejudice that would result if ART's prolix complaint, identifying only Goldman in the caption, found its way into the jury room during the jury's deliberations. Such an amendment would lead to the serious risk that jurors viewing ART's complaint, naming only Goldman, would mistakenly conclude that the hundreds of pages of allegations that follow also pertain to Goldman.

---

[2] The cases ART relies on for support are inapposite. In Chiquita Int'l, Ltd. v. M/V Cloudy Bay, 08 Civ. 1041 (KNF), 2009 U.S. Dist. LEXIS 91790, at *7-8 (S.D.N.Y. Sept. 30, 2009), the plaintiffs moved to amend the caption in order to correct the "current corporate name of plaintiff Chiquita," not remove defendants who had been dismissed. Likewise, in Mountain Cable Co. v. Public Serv. Bd. of the State of Vermont, 242 F. Supp. 2d 400, 403 (D. Vt. 2003), the plaintiffs moved to amend the caption under Rule 15 in order to add individuals as defendants.

## CONCLUSION

For the reasons stated herein, there is no legitimate justification for ART's proposed amendment to the caption, and accordingly, Goldman respectfully requests that the Court deny ART's motion to amend the caption.

Dated: New York, New York
       January 3, 2011

                                    STROOCK & STROOCK & LAVAN LLP

By: _____
        Melvin A. Brosterman
        Claude G. Szyfer
        Francis C. Healy
        180 Maiden Lane
        New York, New York 10038-4982
        (212) 806-5400

        Attorneys for Defendant Goldman,
        Sachs & Co.