David M. Friedman (dfriedman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Howard W. Schub (hschub@kasowitz.com)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ADELPHIA RECOVERY TRUST, | No. 05 Civ. 9050 (LMM) |
| Plaintiff, | |
| - against - | |
| BANK OF AMERICA, N.A., *et al.*, | |
| Defendants. | |

_____

**ADELPHIA RECOVERY TRUST'S REPLY TO MEMORANDUM OF
LAW OF GOLDMAN, SACHS & CO. IN OPPOSITION TO THE
MOTION BY ADELPHIA RECOVERY TRUST TO AMEND THE CAPTION**

The Adelphia Recovery Trust, by and through its undersigned counsel, hereby submits its reply to the Memorandum of Law of Goldman, Sachs & Co. ("Goldman") in Opposition (the "Opposition") to the Motion by Adelphia Recovery Trust to Amend the Caption (the "Motion"). In support thereof, the Adelphia Recovery Trust respectfully represents as follows:

**ARGUMENT**

In its Opposition, Goldman articulates three arguments for denying the Motion. All are without merit.

First, Goldman argues that there is no precedent for amending the caption as requested. Opposition at 1-2. That is simply not true. As discussed in the Motion, there are many cases in which captions are amended, including earlier in this very case where the plaintiff's side of the

1

caption was amended for administrative convenience. *See* Motion at 3. *See also McAvinue v. Gallagher*, 1987 U.S. Dist. LEXIS 10480, *2 (S.D.N.Y. Nov. 13, 1987) (granting proposed amendment which, in part, dropped "from the caption parties which have been dismissed"). Goldman itself cites a case stating that "'[a]mendments to make technical changes concerning a party' are generally permissible . . . ." *United States v. Edwards*, 241 F.R.D. 146, 148 (E.D. N.Y. 2007) (quoting *Jones v. State of Louisiana, Through the Board of Trustees for State Colleges & Univs.*, 764 F.2d 1183, 1186 (5th Cir. 1985)).[1]  The Motion does not request an amendment to the Complaint. Rather, the Motion seeks to have the caption correctly identify Goldman as the only remaining defendant, which is at most a "technical" change.[2]

Furthermore, Goldman's suggestion that that the Court would be "inundated" with motions to amend the caption if the Motion was granted, Opposition at 2, is unfounded. The Adelphia Recovery Trust did not bring a motion to amend the caption to eliminate former defendants when such defendants were dismissed or transferred to the Western District. Only when a settlement was reached that eliminated from this case all but one of approximately 670 defendants and all but one of the approximately 57 causes of action, did the Adelphia Recovery Trust bring the Motion. Granting such a Motion is productive, in that it is administratively

---

[1] Goldman relies upon *Edwards* to assert that Federal Rule of Civil Procedure 15, and not Rule 10, is the proper rule under which the Motion should have been brought. However, *Edwards* involved a motion to make a substantive correction because the "case caption … erroneously misidentifie[d] a party . . . ." *Edwards*, 241 F.R.D. at 148. The Second Amended Complaint correctly identified Goldman. The Motion merely seeks to eliminate from the caption those entities that are no longer defendants in this action.

[2] In its Opposition, Goldman cited no cases that have denied such a motion in similar circumstances. In fact, in *Edwards*, 241 F.R.D. at 149, the District Court granted the motion to amend. The other cases Goldman cites did not involve amendments to captions to eliminate defendants at all. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (reversing District Court's denial of leave to amend complaint to add a claim); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (affirming District Court's denial of leave to amend complaint to add facts to comply with FRCP 9(b)); *The Oneida Indian Nation of New York State v. The County of Oneida, NY*, 199 F.R.D. 61 (N.D.N.Y. 2000) (granting in part and denying in part motion to amend complaint to add new defendants); *Smith v. Planas*, 151 F.R.D. 547 (S.D.N.Y. 1993) (holding motion to amend complaint to add a new defendant in abeyance pending filing of proposed amended complaint).

convenient and would allow the caption and the docket sheet to easily identify the only remaining defendant - Goldman.

Second, Goldman argued that the Motion is futile, asserting that this Court will grant its pending motion for summary judgment. Opposition at 2. While the Adelphia Recovery Trust strongly disagrees with Goldman's position on the merits and believes that this Court should deny the motion for summary judgment, the caption has nothing to do with the merits. Rather, amending the caption is merely a matter of proper judicial administration and may be dealt with separately from the substantive issues.

Third, Goldman asserts that the proposed modification to the caption represents an attempt at a tactical advantage at trial, arguing that by granting the Motion, the jury would be swayed by the allegations in the Complaint that are irrelevant to the claim against Goldman. Opposition at 3. This is a red herring. The question of what may be presented to the jury is an issue for another day and not grounds for denying the Motion. Goldman has the right to object to presentation of portions of the Complaint to the jury. The parties are fully capable of redacting portions of the Complaint that they mutually agree (or the Court rules) should not be presented the jury. Moreover, the issue of what portions of the Complaint should be redacted would arise regardless of what the caption says. Indeed, leaving the caption as is would be more likely to confuse the jury, who may not understand why nearly 670 entities are listed as defendants, yet only one is in the court room defending itself. There is no prejudice to Goldman, which is already a defendant, from being clearly identified as such in the caption.

WHEREFORE, the Adelphia Recovery Trust respectfully requests that this Court enter an order modifying the caption to read "ADELPHIA RECOVERY TRUST, plaintiff, – against – GOLDMAN SACHS & CO., defendant," and grant the Adelphia Recovery Trust such other and further relief as is just and proper.

Dated: January 11, 2011
New York, New York

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: /s/ Michael C. Harwood
David M. Friedman (dfriedman@kasowitz.com)
Michael C. Harwood (mharwood@kasowitz.com)
Howard W. Schub (hschub@kasowitz.com)
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

*(Counsel for the Adelphia Recovery Trust)*